IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Gordon Randy Steidl, | ) | |
| | ) | ORAL ARGUMENT REQUESTED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | Honorable Harold A. Baker |
| City of Paris, et al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

## CURRENT ILLINOIS STATE POLICE OFFICIALS' MOTION TO DISMISS

Defendants, Charles Brueggemann, Diane Carper, Steven Fermon, Andre Parker and Kenneth Kaupus (collectively "Current ISP Officials"), by their counsel, Iain D. Johnston of Holland & Knight LLP, Special Assistant Attorney General, hereby move this Honorable Court to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Current ISP Officials have attached a memorandum of law, as required by Local Rule 7.1(B), and state the following:

1. Plaintiff's federal claims against the Current ISP Officials should be dismissed pursuant to qualified immunity. Following his criminal conviction and the affirmance of that conviction by the Illinois Supreme Court, Plaintiff had no constitutional right to have the Current ISP Officials, who were not involved in any way with the investigation and prosecution of Plaintiff, re-open the investigation based upon a third party's opinion that Plaintiff was allegedly innocent. And even if such a right were to exist, that right was not clearly established at the time the Current ISP Officials acted. *See Brosseau v. Haugen*, 125 S.Ct. 596, 599 (2004) (qualified immunity must be determined under specific context of case and law must have been clearly established in a more particularized sense, not at a high level of generality).

1

2. Qualified immunity is a proper basis to seek dismissal under Rule 12(b)(6). *See, e.g., Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999); *Spiegel v. Chicago*, 106 F.3d 209, 211 (7th Cir. 1997) (affirming 12(b)(6) dismissals based on qualified immunity).

3. Because the federal claims should be dismissed, the remaining supplemental state law claims should be dismissed for lack of jurisdiction. *See Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (general rule is for federal court to relinquish jurisdiction of supplemental state law claims when federal claims drop out).

4. The Current ISP Officials request that this Honorable Court hold oral argument on this motion to dismiss. The motion raises numerous serious issues relating to an alleged wrongful conviction and misconduct by the Current ISP Officials. The Current ISP Officials believe that oral argument will afford the Court the opportunity to ask questions raised by the motion and help expedite the appropriate resolution of the motion.

5. Alternatively, if this Court does not wish to hold oral argument, then the Current ISP Officials ask that they be given leave to file a reply brief in support of their motion to dismiss. Because the Current ISP Officials have raised qualified immunity, the burden is on Plaintiff to present closely analogous cases showing that Fourth, Fourteenth and Fifth Amendment rights were violated, and whether those constitutional rights were clearly established. The Current ISP Officials believe no such cases exist because they were unable to find any through their own independent research. However, if Plaintiff presents cases he contends are closely analogous, then the Current ISP Officials would like the opportunity to reply to those cases.

Respectfully submitted,

Current ISP Officials


_s/ Iain D. Johnston_

Iain D. Johnston
Bar Number: 6204667
Attorney for Defendants
Brueggemann, Fermon,
Carper, Parker and Kaupus
Holland & Knight LLP
131 S. Dearborn 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Fax: (312) 578-6666
E-mail: iain.johnston@hklaw.com

# 3143486_v1

3