IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:05-CV-2127 |
| | ) Honorable Harold A. Baker |
| CITY OF PARIS, former Edgar County | ) |
| State's Attorney Michael McFatridge; | ) |
| Edgar County, et al | ) |
| Defendant. | ) |

## NOTICE OF MOTION

TO:    Michael Bruce Metnick                Thomas G. DiCianni
       Metnick Cherry Frazier & Sabin LLP   Ancel Glink Diamond Bush Dicianni &
       Suite 200 Myers Building             Rolek, P.C.
       PO Box 12140                         140 S. Dearborn, Sixth Floor
       Springfield IL 62791-2140            Chicago, IL 60603

       Mr. Vincent Mancini                  G. Flint Taylor and Jan Susler
       Connolly Ekl & William, PC           People's Law Office
       MidAmerica Office Center             1180 North Milwaukee Ave.
       115 West 55th Street - Suite 400     Chicago IL 60622
       Clarendon Hills, IL 60514

PLEASE TAKE NOTICE that the undersigned shall appear on _____, 2005 at _____ a.m., before the Honorable Judge sitting in the U.S.D.C. Central District of Illinois, Urbana Division, 218 U.S. Courthouse, 201 S. Vine Street, Urbana , Illinois, and present the attached Defendant's, *Motion to Dismiss,* copies of which were served upon you and herewith served upon all attorneys of record.

_____
Michael P. Latz
Attorney for the Defendant

Michael P. Latz, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
Telephone: (312) 466-8000
Facsimile: (312) 466-8001

1

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF PARIS, former Edgar County ) <br> State's Attorney Michael McFatridge; ) <br> Edgar County, et al ) <br> Defendant. ) <br> ) | Case No. 05-CV-2127 <br> Honorable Harold A. Baker |

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, MICHAEL McFATRIDGE, by and through his attorneys, BOLLINGER, RUBERRY AND GARVEY and CONNOLLY, EKL & WILLIAMS, PC, and moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of prosecutorial immunity and qualified immunity. In support of this Motion, Defendant states:

1. Plaintiff filed an eleven count complaint alleging Section 1983 claims and state law claims arising from Defendant's alleged actions which led to Plaintiff's claimed false prosecution and his conviction. Some of Plaintiff's claims against Michael McFatridge arise solely from his role and function as the elected State's Attorney and prosecutor for Edgar County; therefore, McFatridge is immune from liability for these alleged acts. Further, the remaining claims against McFatridge arise from his investigation of the crimes, thereby providing him with qualified immunity.

2. Under Rule 12(b)(6), the Court will dismiss a claim if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Colfax Corp. v. Illinois State Toll Highway Authority*, 79 F.3d 631, 632 (7th Cir. 1996). A court

should grant a Rule 12(b)(6) motion to dismiss where, on the face of the complaint, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003) (quoting *Iconly v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *Wallace v. Masterson*, 345 F. Supp.2d 917 (N.D. Ill 2004)

3. To survive a motion to dismiss a § 1983 action, a plaintiff must allege facts which show that the defendant, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right. *See Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999). In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994).

4. Plaintiff's Count XI states the following as the basis of his claim against Edgar County and its former State's Attorney, Michael McFatridge:

> *Defendant Michael McFatridge was the Edgar County State's Attorney, and is sued in his individual capacity. Defendant Edgar County is a governmental entity within the State of Illinois, which consists in part of its Edgar County State's Attorneys' Office (hereinafter referred to as SAO). Edgar County and Edgar County State's Attorneys' Office are necessary parties to this lawsuit. Defendant Edgar County and its State's Attorneys' Office, said County is therefore responsible for any judgment entered against Defendant McFatridge and is therefor a necessary party hereto.*

5. Plaintiff's Complaint specifically alleges that McFatridge participated in, or knew about, the following specific acts:

   a. coercing witnesses to testify against Plaintiff (Complaint ¶¶ 24, 27, 29, 33, 35, 44, 45, 48, 64, and 71);

   b. obtaining search warrants without probable cause (Complaint ¶¶ 25, 39, and 40);

   c. suppressing exculpatory evidence (Complaint ¶¶ 28, 30, 38, 46, 51, 56, 80, and 81);

   d. obtaining arrest warrants without probable cause (Complaint ¶ 36); and

   e. making false statements to the public regarding Plaintiffs' guilt (Complaint ¶¶ 47, 60, 66, 88, and 96).

6. If a prosecutor's function is judicial or quasi-judicial, he is entitled to absolute immunity from suit; if the function was administrative or investigatory, he is entitled to qualified immunity. *See, e.g., Spiegel v. Rabinovitz,* 121 F.3d 251, 257-58 (7th Cir.1997). The appropriate inquiry is not whether authorized acts are performed with a good or bad motive, but whether the acts at issue are beyond a prosecutor's authority. *Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2nd Cir. 2004). Thus, according to the very allegations contained in the Complaint, Plaintiff's claims against Michael McFatridge arise from actions which he made in the course of his prosecutorial function. Therefore, Plaintiff's claims against McFatridge are barred by the doctrine of prosecutorial immunity. *Spiegel,* 121 F.3d at 257 (Absolute immunity extends to a prosecutor's professional evaluation of evidence and appropriate preparation for its presentation at trial).

7. A prosecutor acting within his role as state's advocate is absolutely immune from damage claims. *Kaline v. Fletcher*, 522 U.S. 118, 125-29, 118 S.Ct. 502, 507-509 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995 (1976). Presenting testimony at trial and to the

grand jury is clearly part of a prosecutor's advocacy function. Even a prosecutor's knowing use of perjured testimony, while it may require reversal of the conviction *(see United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397 (1976)), nevertheless falls within the scope of absolute immunity. *Briscoe v. LaHue*, 663 F.2d 713, 721-722 (1981), *aff'd*, 460 U.S. 325 (1983); *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994).

8. Similarly, McFatridge is absolutely immune from allegedly withholding exculpatory evidence from the grand jury (see *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2nd Cir. 2004)) and before trial (see *Imbler v. Patchman*, 424 U.S. 409, 431 n. 34, 96 S. Ct. 984, 995 (1976)). "Well established case law recognizes such conduct to lie at the very core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process." *Bernard*, 356 F.3d at 503, *citing Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n. 5, 113 S. Ct. 2606, 2616 (1993).

9. Furthermore, coercing a witness to testify does not exceed the scope prosecutorial immunity because obtaining the allegedly coerced confession does not violate any of the rights of Plaintiff; rather, it violates the rights of the person whose testimony is coerced. See *Buckley v. Fitzsimmons*, 20 F.3d at 795. As such, using coerced testimony could violate the rights of Plaintiff, but would be covered by absolute immunity during the prosecution of Plaintiff. *Id.* Thus, the only way for Plaintiff to establish a violation of the Constitution is to plead himself out of court. See *id.*

10. Alternatively, some of the claims against Michael McFatridge should be dismissed because McFatridge is entitled to qualified immunity with regard to those acts not within a pure prosecutorial function because those acts violated no constitutional right.

11. It is well established that under certain circumstances, public officers, including prosecutors, are entitled to qualified immunity from trial on Section 1983 claims. *Harlow vs. Fitzgerald*, 457 U.S. 800; 102 S.Ct. 2727 (1982); *Anderson vs. Creighton*, 483 U.S. 635; 107 S.Ct. 3034 (1987). In *Saucier vs. Katz*, 121 S.Ct. 2151; 533 U.S. 194 (2001), the Supreme Court held that

qualified immunity ruling should be made early in the proceedings to avoid the costs and expense of a trial. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. *Saucier vs. Katz*, 121 S.Ct. 2151 (2001).

12.   A two-prong inquiry is made to determine if a prosecutors is entitled to qualified immunity. The first inquiry is determining whether the Plaintiff has asserted a violation of a constitutional right, and second, whether that right was clearly established at the time it was violated. *Delaney v. DeTella*, 256 F.3d 679, 682 (7th Cir. 2001). Plaintiff identifies no clearly established right which Defendant McFatridge violated by any conduct alleged which is not protected by absolute immunity. Therefore, Plaintiff's claims against McFatridge are barred by the doctrine of qualified immunity and should be dismissed.

13.   There is no constitutional right infringed upon with regard to Plaintiff's claims of malicious prosecution. In *Albright vs. Oliver*, 510 US 266 (1994), the Supreme Court held that there is no constitutional right <u>not to be</u> prosecuted without probable cause. The Seventh Circuit Court of Appeals considered the decision in *Albright* in *Newsome vs. McCabe,* 256 F.3d 747 (7th Cir. 2001), and concluded that *Albright* scotches any constitutional tort of malicious prosecution when state courts are open. 256 F.3d at 751; see also, *Corbett vs. White*, 2001 WL 1098054 (N.D. Ill. 2001). There is no factual basis whatsoever that Plaintiff does not have the state courts available to him for the purpose of asserting a malicious prosecution claim. Thus, there is no identifiable constitutional right infringed upon by Defendant. McFatridge enjoys qualified immunity as to Plaintiff's claim of malicious prosecution and that claim should be dismissed.

14.   Further, regarding the making of false statements to the public, slander is not a constitutional tort because a person's interest in his reputation is neither "liberty" nor "property" for purposes of the due process clause. *Buckley*, 20 F.3d at 797, *citing Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155 (1976). Identifying the arrest and imprisonment as the loss of liberty does not assist

Plaintiff, however, because McFatridge has absolute immunity form damages for these events. *Buckley*, 20 F.3d at 797. As noted by the *Buckley* Court, "[i]t would be incongruous to treat the press conference and the prosecution as distinct for purposes of immunity but not for purposes of defining the actionable wrong." *Id.* As such, Plaintiff failed to plead any facts beyond the investigation, indictment, trial and related events for which McFatridge may be liable.

WHEREFORE, Defendant, Michael McFatridge, former Edgar County State's Attorney, respectfully requests that the this Honorable Court enter an Order dismissing the Plaintiff's claims against him with prejudice, and granting all other relief deemed appropriate by this Court.

Respectfully submitted,

By: *Michael P. Latz*
Michael McFatridge
One of his Attorneys

Michael P. Latz, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois  60661-2511
Telephone:  (312) 466-8000
Facsimile:  (312) 466-8001

Vincent Mancini
Connolly Ekl & William, PC
MidAmerica Office Center
115 West 55th Street - Suite 400
Clarendon Hills, IL 60514