IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF PARIS, former Edgar County ) <br> State's Attorney Michael McFatridge; ) <br> Edgar County, et al ) <br> Defendant. ) | Case No. 2:05-CV-2127 <br> Honorable Harold A. Baker |

**NOTICE OF MOTION**

TO:   Michael Bruce Metnick
      Metnick Cherry Frazier & Sabin LLP
      Suite 200 Myers Building
      PO Box 12140
      Springfield IL 62791-2140

      Thomas G. DiCianni
      Ancel Glink Diamond Bush Dicianni &
      Rolek, P.C.
      140 S. Dearborn, Sixth Floor
      Chicago, IL 60603

      Mr. Vincent Mancini
      Connolly Ekl & William, PC
      MidAmerica Office Center
      115 West 55th Street - Suite 400
      Clarendon Hills, IL 60514

      G. Flint Taylor and Jan Susler
      People's Law Office
      1180 North Milwaukee Ave.
      Chicago IL 60622

PLEASE TAKE NOTICE that the undersigned shall appear on _____, 2005 at _____ a.m., before the Honorable Judge sitting in the U.S.D.C. Central District of Illinois, Urbana Division, 218 U.S. Courthouse, 201 S. Vine Street, Urbana, Illinois, and present the attached Defendant's, *Motion to Dismiss,* copies of which were served upon you and herewith served upon all attorneys of record.

_____
Michael P. Latz
Attorney for the Defendant

Michael P. Latz, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
Telephone: (312) 466-8000
Facsimile: (312) 466-8001

1

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF PARIS, former Edgar County ) <br> State's Attorney Michael McFatridge; ) <br> Edgar County, et al ) <br> Defendant. ) <br> ) | Case No. 2:05-CV-2127 <br> Honorable Harold A. Baker |

**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant, EDGAR COUNTY, by and through its attorneys, BOLLINGER RUBERRY AND GARVEY, and moves to dismiss those portions of the Plaintiff's Complaint against Edgar County and the Edgar County State's Attorney's Office pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendant states:

1. Plaintiff filed an eleven-count complaint alleging Section 1983 claims and state law claims arising from Defendant's alleged false prosecution and his conviction.

2. Plaintiff's Count XI is the sole count directed against Edgar County and its State's attorney's Office.

3. Plaintiff's Count XI states the following as the basis of his claim against Edgar County:

> *Defendant Michael McFatridge was the Edgar County State's Attorney, and is sued in his individual capacity. Defendant Edgar County is a governmental entity within the State of Illinois, which consists in part of its Edgar County State's Attorneys' Office (hereinafter referred to as SAO). Edgar County and Edgar County State's Attorneys' Office are necessary parties to this lawsuit. Defendant Edgar County and its State's Attorneys' Office, said County is therefore responsible for any judgment entered against Defendant McFatridge and is therefor a necessary party hereto.*

4.     Plaintiff's Counts I though III and V through VIII allege various claims against the former elected State's Attorney for Edgar County, Michael McFatridge.

5.     Plaintiff's claims against Edgar County arise from the actions of Michael McFatridge as the elected States Attorney for Edgar County.

6.     Under Rule 12(b)(6), the Court will dismiss a claim if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Colfax Corp. v. Illinois State Toll Highway Authority*, 79 F.3d 631, 632 (7th Cir. 1996). A court should grant a Rule 12(b)(6) motion to dismiss where, on the face of the complaint, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003) (quoting Iconly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *Wallace v. Masterson*, 345 F. Supp.2d 917 (N.D. Ill 2004)

7.     In order to survive a motion to dismiss a § 1983 action, a plaintiff must allege facts which show that the defendant, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right. See *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999). In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. See *Henson v. CSC Credit Servs.*, 29

F.3d 280, 284 (7th Cir.1994).

8. Plaintiff's Count XI claim against the County of Edgar should be dismissed because the law is well settled that a county cannot be held liable under *respondent superior* for the acts of an independently elected county officer. See *Franklin v. Zaruba, 150 F.3d 682,685 (7th Cir. 1998)Wallace v. Masterson*, 345 F.Supp.2d 917 (N.D. Ill 2004); *Moy v. Cook County*, 159 Ill.2d 519, 203 Ill.Dec.776 (1994). Illinois law is clear that a State's Attorney is a state official. See *Price v. Illinois*, 354 Ill.App.3d 90 (2004); also *Ingemunson v. Hedges*, 133 Ill.2d 364 (1990) (State's Attorneys are classified as state, rather than county, officials.)

9. The Seventh Circuit has adopted the decisions of the Supreme Court of Illinois which has continuously held that an independently elected county officer is legally separate from a county itself. *See Moy v. County of Cook,* 203 Ill.Dec. 776, 640 N.E.2d at 929; *accord Franklin v. Zaruba,* 150 F.3d 682, 685 (7th Cir.1998); *Ryan v. County of DuPage*, 45 F.3d 1090, 10991 (7th Cir.1995).

10. In *Thompson v. Duke*, the Seventh Circuit held that the plaintiff could not maintain a § 1983 *Monell* action against Cook County for purported practices, policies, or actions of the Sheriff, over which the county had no control. *Thompson*, 882 F.2d at 1187. The court reasoned, "Cook County itself has no authority to train the employees involved or to set the policies under which they operate." *Id.; accord, e.g., Moy,* 203 Ill.Dec. 776, 640 N.E.2d at 929 ("The county is given no authority to control the office of the sheriff."); *Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130 (N.D.Ill. 2003) (Bucklo, J.) ("The Seventh Circuit has explicitly ruled that Illinois counties are not liable for their sheriffs' actions under *Monell*, stating that 'Illinois sheriffs are independently elected officials not subject to the control of the county.'") (quoting *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir.1995)).

11.  The legal analysis applied in the cases dealing with Illinois county sheriffs is identical to the analysis which should be applied to elected state's attorneys: both county sheriffs and county state's attorneys are state officials elected under the Illinois state law.  Therefore, according to the decisions of the 7th Circuit Court of Appeals, Illinois counties have no control over investigation, discipline, or action taken by the elected state's attorney and cannot be held vicariously liable for the actions of the elected State's Attorney.  This Court should adhere to the long line of precedent holding that a county is not liable under § 1983/*Monell* in these circumstances and dismiss the claim against Edgar County.

12.  The Edgar County State's Attorney's Office is not a legal entity susceptible to lawsuit.

WHEREFORE, Defendant, Edgar County respectfully requests that the this Honorable Court enter an Order dismissing Count XI naming Edgar County and the Edgar County State's Attorney's office with prejudice, and all other relief deemed appropriate by this Court.

Respectfully submitted,

By: _____

One of Their Attorneys

Michael P. Latz, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
Telephone: (312) 466-8000
Facsimile: (312) 466-8001