IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNT III**

**INTRODUCTION**

On May 27, 2005, Plaintiff filed an 11-count Complaint (attached as Exhibit A to Defendants' Motion to Dismiss Count III), against Defendants Gene Ray, James Parrish and Jack Eckerty, and others. Specifically, Plaintiff's Complaint purports to set forth a §1983 due process claim against Defendants Ray, Parrish and Eckerty and others for deprivation of access to courts (Count III). Plaintiff's complaint also purports to set forth other claims against Defendants Ray, Parrish and Eckerty, including § 1983 claims of false imprisonment (Count I) and deprivation of right to fair trial for wrongful conviction (Count II); and state law claims of false imprisonment (Count V), malicious prosecution (Count VI), intentional infliction of emotional distress (Count VII) and conspiracy (Count VIII). Other than Count III, which Defendants Ray, Parrish and Eckerty now seek to dismiss, Defendants Parrish and Eckerty have answered the remaining Counts against them in Plaintiff's Complaint.

# ARGUMENT

I. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). While a court must assume that all well-pleaded allegations in a complaint are true, it need not strain to find favorable inferences not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir. 1977). Further, a court is not obligated to accept unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002).

A plaintiff can plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *citing Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A plaintiff also can plead himself out of court by alleging (and therefore admitting) the ingredients of a defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

II. PLAINTIFF FAILS TO STATE A CLAIM FOR DEPRIVATION OF ACCESS TO COURTS (COUNT III)

Plaintiff alleges in Count III that Defendants Ray, Parrish and Eckerty, in conspiracy with Defendant McFatridge and other named and unnamed private individuals and law enforcement agents, together with Defendants Fermon, Carper, Parker, Kaupus and Brueggemann, violated his right of access to courts by obstructing justice and suppressing evidence favorable to his claims.

Plaintiff claims this conduct "potentially" caused him to forfeit several claims, including Fourth Amendment and state law false arrest and illegal search claims, to delay pursuing his other claims for many years, and to proceed without key evidence. (Exhibit A, ¶ 111.) As discussed below, Plaintiff has pled himself out of court or has otherwise failed to state the essential elements of this claim.

In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court identified two categories of claims attempted under the general rubric of denial of access to courts: (1) where systemic official action denies a potential plaintiff or plaintiff class an opportunity to litigate at the present time; or, (2) claims "not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id*. at 412-14.  In this case, Plaintiff's denial of access to courts claim appears to invoke the second category, which looks backward to a time when specific litigation could not have been commenced or could have produced a remedy subsequently unobtainable. *Id.* at 414.

To properly plead a "backward looking" access to court claim, a plaintiff must allege an underlying cause of action and demonstrate a specific legal remedy was lost or could not otherwise be maintained through the misconduct of the defendants. *Id*. at 405-06, 418-21.  In *Harbury*, the plaintiff failed to identify the predicate claim or any relief on the access claim that she could not obtain on her other tort claims, *i.e.*, those that remained pending in the District Court.  As a result, the Supreme Court found her complaint "did not even come close to stating a constitutional claim for denial of access upon which relief could be granted." *Id.* at 418.

Similarly, in this case, although Plaintiff claims that Defendants violated his right of access to courts "by suppressing evidence favorable to the claims asserted [within his Complaint] ..."(Exhibit A at ¶ 111), he has not specifically alleged that the defendants' actions caused him to forfeit any particular cause of action. In other words, Plaintiff's strategic use of the word "potentially" acknowledges that he is unable to allege that defendants alleged actions have actually thwarted his ability to seek legal redress that is not otherwise available to him. Indeed, he states that Defendants' actions caused him "to potentially forfeit several of his claims." *Id.* at 422. This is clearly not enough under *Harbury*. In addition to the right of access claim in Count III, Plaintiff's Complaint alleges claims and seeks relief for Fourth Amendment and state law false arrest claims (Count I and Count V) and deprivation of right to a fair trial (Count II). The remedy sought for these allegations is indistinguishable from what he is seeking in his access to courts claim. This failure to allege any remedy being sought independent of the relief that might be available on the remaining counts set forth in his Complaint is fatal to his access to courts claim.

Additionally, Plaintiff also claims that Defendants actions caused him to delay pursuing "other claims" for a number of years. (Exhibit A at ¶ 111.) However, this bare assertion also fails to state a claim for denial of access to courts. When a party is aware that his constitutional rights have been violated, and he is aware of the persons responsible, he is deemed to have enough information to file a lawsuit in state or federal court. *Thompson v. Boggs*, 33 F.3d 847, 852-23 (7th Cir. 1994). Such knowledge by a plaintiff is fatal to a denial of access claim. Even, assuming as true for purposes of this motion only, that there is evidence which was suppressed or

has been destroyed, lost or otherwise diminished, it is not enough to state a §1983 denial of access claim if the alleged cover up fails to prevent access to the courts.

While the Seventh Circuit has recognized a § 1983 claim for a police officer's attempted cover-up of unlawful conduct, the court has only applied this type of claim in limited circumstances. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1264 (7th Cir. 1995), *overruled on other grounds by Russ v. Watts*, 414 f.3d 783 (7th Cir. 2005) ("our holding is limited to the particularly egregious set of facts herein"). While recognizing the existence of an action for denial of access to courts, *Bell* explained that "[n]ot every act of deception in connection with a judicial proceeding gives rise [to a constitutional action]". *Id*. at 1265. *See also Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995)("There is no general constitutional or federal 'right to truth'").

In *Bell*, the court recognized that the family of a decedent was entitled to bring a denial of access to courts claim where the defendants' acts (conspiring to lie about planting a knife on the decedent at the scene of his shooting death) had precluded the family from going to court to vindicate their son's murder. *Id.* at 1215, 1261. The family brought the access to courts claim after the true facts of the decedent's death came to their attention. The court acknowledged a claim of this nature where the concealment and death of the victim precluded decedent's family from demonstrating the existence of a constitutional violation or from describing or establishing the conduct involved and from identifying who was allegedly responsible. *Id*. at 1263 ("the right . . . is founded in the Due Process Clause and assures that no person will be denied *the opportunity to present to the judiciary allegations* concerning violations of fundamental constitutional rights.") (emphasis in original).

Here, Plaintiff was not prohibited from seeking effective and meaningful redress in court. In fact, Plaintiff does not claim that the Defendants actions in allegedly concealing evidence prevented him from bringing any of his claims. To the contrary, unlike the plaintiffs in *Bell,* Plaintiff obviously had personal involvement in his arrest, as well as with his defense in the underlying criminal trial, and is alive to tell his story. He was aware of what occurred during his arrest and presumably knew who was responsible. Unlike the plaintiffs in *Bell*, he possessed the information needed to bring an action and has in fact now brought a cause of action and is seeking legal redress through the remaining counts of his Complaint. Plaintiff and his attorneys were aware for some time of the basis for his potential civil rights or state law tort claims. As a result, Plaintiff's claim in Count III should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Ray, Parrish and Eckerty respectfully request this Honorable Court dismiss Count III alleging denial of access to courts.

S/JAMES G. SOTOS
James G. Sotos, Bar Number 06191975
Attorney for Defendants, Gene Ray, James Parrish and Jack Eckerty
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
jsotos@hscblaw.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 05 CV 2127 |
| ) | |
| CITY OF PARIS, Present and Former Paris Police ) | Judge Harold A. Baker |
| Officials Chief Gene Ray and Detective James ) | Magistrate Judge David G. Bernthal |
| Parrish; former Illinois State Trooper Jack Eckerty; ) | |
| former Edgar County State's Attorney Michael ) | |
| McFatridge; EDGAR COUNTY; and Illinois State ) | |
| Police Officials Steven M. Fermon, Diane Carper, ) | |
| Charles E. Brueggemann, Andre Parker, and ) | |
| Kenneth Kaupus, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2005, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
metnick@springfieldlawfirm.com

Alan J. Brinkmeier
Merlo, Kanofsky, Brinkmeier & Gregg
208 South LaSalle Street, Suite 950
Chicago, IL 60604
ajb@merlolaw.com

Thomas G. DiCianni
Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C.
140 S. Dearborn St., Suite 600
Chicago, IL 60603
tdicianni@ancelglink.com

Jan Susler
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60622
jsusler@aol.com

Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
kmcnaught@atg.state.il.us

Iain D. Johnston
Holland & Knight, LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
iain.johnston@hklaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF system participant:

G. Flint Taylor
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL  60622

Mark F. Wolfe
Michael P. Latz
Bollinger, Ruberry & Garvey
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511

Terry A. Ekl
Patrick L. Provenzale
Vincent C. Mancini
Connolly, Ekl & Williams, P.C.
115 West 55th Street, Suite 400
Clarendon Hills, IL 60514

    S/JAMES G. SOTOS
    James G. Sotos, Bar Number 06191975
    Attorney for Defendants, Gene Ray, James Parrish and Jack Eckerty
    HERVAS, SOTOS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    Phone:  630-773-4774
    Fax:  630-773-4851
    jsotos@hscblaw.com