E-FILED
Thursday, 06 October, 2005  11:53:04 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 05 CV 2127 |
| v. ) | |
| ) | Hon. Harold Baker |
| **CITY OF PARIS, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT EDGAR COUNTY'S MOTION TO DISMISS**

Defendant Edgar County, by counsel, has filed a four page motion to dismiss, without supporting memoranda, in clear violation, of Rule 7.1 (B) (1) of the Local Rules For the Central District of Illinois, which states:

> Every motion raising a question of law . . . shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, identifying the Rule under which the Motion is filed.

Plaintiff therefore moves to strike, with prejudice, Defendant Edgar County's Motion to Dismiss for non-compliance with this Rule. Should the court deny this motion, Plaintiff offers the following response.

The County makes various arguments which are wholly irrelevant to Plaintiff's claim that it is a necessary party for purposes of indemnification. The County asserts that it cannot be held liable under *respondeat superior* for the acts of an independently elected county officer. However, Plaintiff does not allege a *respondeat superior* claim against the County. Thus, *Moy v. County of Cook*, 159 Ill.2d 519 (1994), and the many other cases cited by the County for this

1

proposition are inapposite. The County also asserts that Plaintiff cannot maintain a *Monell* policy action against it, but Plaintiff makes no such claim against the County. Therefore, *Thompson v. Duke,* 882 F.2d 1180 (7th Cir. 1989) and the line of cases cited in accord with it have no bearing.[1]

Under Plaintiff's allegations, that "Defendant Edgar County and its State's Attorneys' Office was the employer of Defendant McFatridge, who was acting in the scope of his employment as an employee of Edgar County and its State's Attorneys' Office, said County is therefore responsible for any judgment entered against defendant McFatridge and is therefore a necessary party hereto" [Compl. ¶138], the County and its State's Attorneys' Office are properly named for purposes of indemnification, and should not be dismissed from this Count.

Both the Illinois Supreme Court and the Seventh Circuit agree that a county may be liable to pay a judgment against a state employee where the county is responsible for the payment of expenses and judgments emanating from the workings of that employee's office. See *Robinson v. Sappington*, 351 F.3d 317, 339 (7th Cir. 2003):

> The responsibility for maintaining and funding the Macon County Circuit Court lies with Macon County. Under Illinois law, it is responsible for the payment of expenses and judgments emanating from the workings of that court. The fact that some of the parties involved are state officials, as opposed to employees of Macon County, does not alter that fiscal responsibility. See *Pucinski v. County of Cook*, 192 Ill. 2d 540, 737 N.E.2d 225, 228, 249 Ill. Dec. 835 (Ill. 2000) (holding that, although "clerks of the circuit courts are non judicial officers of the judicial branch of state government and not employees of the counties, responsibility for maintaining the clerks' offices belongs to the counties" and therefore are subject to the requirements of the Counties Code (internal citations omitted)). Therefore, because Macon County has a financial interest in the outcome of this action, it is a necessary party.

---

[1] The County also asserts that the State's Attorney's Office "is not a legal entity susceptible to lawsuit," but they cite no authority whatsoever to support this assertion.

See also, *Carver v. La Salle County*, 203 Ill.2d 497 (2003); *Carver* v. *Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003) ("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. . . . Because state law requires the county to pay, federal law deems it an indispensable party to the litigation."); *Carver* v. *Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001); *Weber v. Keller*, 2004 U.S. Dist. LEXIS 10923 (N.D. Ill. 2004).

*Franklin v. Zaruba*, 150 F.3d 682, 686 n. 5 (7th Cir. 1998), cited by the County, actually supports Plaintiff's position that the County is an appropriate party, for the court acknowledges that in spite of the fact that a county sheriff and the general county government may not share identity for purposes of litigation, "the county board often has a statutory duty to indemnify the sheriff for damages awards. See 55 Ill. Comp. Stat. Ann. § 5/5- 1002; see also *Tangwall v. Stuckey*, 135 F.3d 510, 514 n.9 (7th Cir. 1998)." In *Tangwall v. Stuckey*, the court reversed summary judgment in favor of the defendants and stated:

> In granting DuPage County's motion for summary judgment, the district court relied on Moy v. County of Cook, 159 Ill. 2d 519, 640 N.E.2d 926, 930, 203 Ill. Dec. 776 (Ill. 1994), wherein the Supreme Court of Illinois determined that, under Illinois law, an employer/employee relationship does not exist between a county and its sheriff, who is instead a county officer, and thus, a county is not liable for the actions of its sheriff under the respondeat superior doctrine. Id. We note that while the Moy decision relieves a county of liability to a plaintiff in a §1983 action, the county's duty to indemnify Sheriff's Department defendants for judgments rendered against them in §1983 suits remains unaffected. See 55 Ill. Comp. Stat. Ann. 5/5-1002 (West 1993) (formerly 34 Ill. Comp. Stat. Ann. 5/5-1002).

This principle most certainly applies to the Edgar County State's Attorney in the same way these courts have found it to apply to the county judge in *Robinson*, and the county clerk in

*Pucinski*.  Significantly, the Defendant County argues (though in another context) that the legal analysis of cases dealing with sheriffs should be applied to the State's Attorney, given that they are similarly situated under Illinois law.

Finally, as the court noted in *Carver v. Sheriff of Lasalle County*, 324 F.3d at 948, it is actually in the County's interest to be a named party, in order that it have a voice in the resolution of litigation against county officers or employees.

The County's motion to dismiss Count XI should therefore be denied.

Dated:  October 6, 2005              Respectfully submitted,

s/ G. Flint Taylor
G. Flint Taylor
Jan Susler
Ben H. Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622
773/235-0070
gftaylorjr@aol.com
jsusler@aol.com

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242
metnick@springfieldlawfirm.com

Attorneys for Plaintiff