IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

GORDON RANDY STEIDL,              )
                                  )
              Plaintiff,          )
                                  )        No. 05 CV 2127
        v.                        )
                                  )        Hon. Harold A. Baker
CITY OF PARIS, et. al.,           )
                                  )
              Defendants.         )

PLAINTIFF'S RESPONSE TO
DEFENDANTS RAY, PARRISH AND ECKERTY'S
MOTION TO DISMISS

Defendants Ray, Parrish and Eckerty have moved to dismiss Plaintiff Steidl's claim against them for violating his right of access to the courts.[1]  Their motion should be denied for the same reasons that are set forth in Plaintiff's response to the ISP Defendants' motion to dismiss.[2]

I.     STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must accept as true plaintiff's well-pleaded allegations, (*Albright v. Oliver*, 510 U.S. 266, 268 (1994)) and all the reasonable inferences that can be drawn from them.  *Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990). The court is to resolve any ambiguities in plaintiff's favor.  *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992).  At this stage of the litigation, the court may not dismiss a

---

[1] Defendants Ray, Parrish and Eckerty answered the complaint with respect to every other Count.  Count III is the sole count they have moved to dismiss.

[2] The ISP Defendants are Carper, Kaupus, Brueggemann, Fermon and Parker.

1

complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

## II.    FACTS

Rather than reiterating all of the facts set forth in his Response to Defendant McFatridge's motion to dismiss, Plaintiff Steidl hereby adopts and incorporates them herein, particularly those which demonstrate that Defendants Ray, Parrish and Eckerty engaged in a continuing nineteen year conspiracy to coerce and manipulate witnesses and their evidence, knowing that this evidence was false and incredible, and to suppress a wealth of exculpatory and exonerating evidence from Plaintiff, the Courts, the Governor, and the post trial prosecutors.

## III.    ARGUMENT

### Count III Adequately Sets Forth an Access to the Courts Claim Under the Fifth and Fourteenth Amendments.[3]

Defendants Ray, Parrish and Eckerty, like the ISP Defendants, incorrectly assert that Plaintiff has not stated a claim against them in Count III for their denial of his access to the courts.  In fact, Plaintiff was effectively denied access to the courts when he was compelled by these Defendants' unconstitutional conduct to wait for seventeen years to pursue this suit. Additionally, he will be further denied his right to meaningful access if their continuing conspiracy to manufacture and suppress evidence causes him to lose one or more of his claims on motions or at trial.  These Defendants' concerted actions, over a nineteen year period, even more so than their later-joining ISP co-conspirators, clearly establish a constitutional claim for access

---

[3] Although Plaintiff's argument regarding the access to courts claim is nearly identical to the argument set forth in the Plaintiff's Response to the ISP Defendants' Motion to Dismiss, he includes it here as well for the Court's convenience.

to the courts.

Access to the courts is a clearly established, fundamental right protected by the First, Fifth and Fourteenth Amendments. *Chambers v. Baltimore,* 207 U.S. 142 (1907); *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983). A corollary of this right is that state actors may be sued under §1983 when they take actions which impede an individual's access to the courts. *Bell v. City of Milwaukee*; *Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995). The mere ability to file a lawsuit does not by itself constitute access to the courts. The quality of the access must be considered, and it must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Therefore, when police officials conceal or obscure important facts about a crime from its victim which renders the right to seek redress hollow, the victims' constitutional rights are abridged and actionable. *Bell*, 746 F.2d at 1261 ("to deny such access defendants need not literally bar the courthouse door or attack plaintiff's witnesses); *Ryland v. Shapiro*. A plaintiff also has a valid claim of denial of access to the courts when he can demonstrate that the value of his court action has been reduced by defendants' actions. *Vasquez v. Hernandez*. As *Bell* and other cases instruct, the nature and value of the suit must be considered.

Here, Plaintiff has suffered from the seventeen year delay he was forced to endure while wrongfully convicted for crimes he did not commit. As time elapsed, significant witnesses have gone missing and died, documents and files have been suppressed and destroyed, memories have dimmed, and important information has been lost. Significantly, Defendants Parrish, Eckerty and Ray, together with the ISP Defendants, have suppressed and destroyed much of this important

3

evidence.  This loss of evidence, if proven, constitutes a denial of access to the courts.

Additionally, Plaintiff will have been further denied access to the courts if this misconduct by the Defendants causes Plaintiff to lose, on motion or at trial, one or more of his claims.  Such a result would deprive him of valuable claims and relief through no fault of his own.  Having yoked him with a wrongful conviction and death sentence, while suppressing evidence favorable to his claim, no doubt in part to insure that his access to the courts to redress his claims, then and forever, would be extinguished, the Defendants would have succeeded in defeating his underlying claims through their egregious misconduct.  Such a result flaunts due process and renders the right of access to the courts a nullity.  These Defendants' motion to dismiss Plaintiff's access to the courts claim must therefore be denied.

## IV.    CONCLUSION

For the foregoing reasons, this Court should enter an order denying Defendants Parrish, Eckerty and Ray's  motion to dismiss Count III.

Dated:  October 6, 2005                    Respectfully submitted,

s/ G. Flint Taylor
G. Flint Taylor
Jan Susler
Ben H. Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622
773/235-0070
gftaylorjr@aol.com
jsusler@aol.com

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140

4

Springfield, IL 62791-2140
217/753-4242
metnick@springfieldlawfirm.com

Attorneys for Plaintiff