IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 CV 2127 |
| v. ) | |
| ) | Hon. Harold A. Baker |
| **CITY OF PARIS, et. al.,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO CURRENT ISP OFFICIALS'
MOTION FOR LEAVE TO FILE A REPLY BRIEF,
OR IN THE ALTERNATIVE FOR ORAL ARGUMENT**

Defendants Brueggemann, Carper, Fermon, Parker and Kaupus (the ISP Defendants) have moved for leave to file a five page reply brief in support of their motion to dismiss on the basis of qualified immunity, or in the alternative for oral argument. Plaintiff responds to this motion as follows:

**A. The Court should deny Defendants' motion for leave to file a reply brief**

The ISP Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim on the grounds of qualified immunity is premised on a gross mischaracterization of the constitutional right alleged against them in Plaintiff's complaint. Specifically, they framed the qualified immunity issue in question to be "whether it was clearly established that the Fourteenth Amendment requires law enforcement officials who were not involved in a criminal investigation to re-open the investigation of a person who has been tried and convicted and had his appellate and post-conviction remedies denied and the sole reason for re-opening the investigation is the opinion of a subordinate that the person is innocent." Def. Memo at p. 12. In fact, Plaintiff's

1

complaint quite clearly and unequivocally alleged, as summarized in Plaintiff's response, that "the ISP Defendants launched a coordinated effort to suppress highly exculpatory evidence from the defense lawyers, judges, and executive officials involved in reviewing Plaintiff's case, to discredit this evidence, and to block development of additional exonerating evidence, thereby violating Plaintiff's clearly established Fourteenth Amendment right to due process of law." Plaintiff's Response at pp.11-12, summarizing Compl., ¶¶ 81, 84-86, 91-93.

The ISP Defendants now seek leave to file a five page reply brief to dispute some of the cases which Plaintiff cited in his Response in support of his clearly established Fourteenth Amendment right, as was unmistakably alleged in his complaint. Local Rule 7.1(B)(3) provides, quite succinctly, "No reply to the response is permitted." The Defendants have not made a sufficient showing to defeat this rule, and their motion for leave to file a reply brief should therefore be denied. If, however, the Court deems it appropriate that Defendants be granted leave to file a five page reply, Plaintiff suggests that they have already done so, without leave, in the arguments made in this and their accompanying motion to cite additional authority. Hence, if leave is granted, Plaintiff urges that the Court order that the arguments made in their two motions stand as their reply.[1]

**B. Should the Court determine that oral argument would be helpful, Plaintiff will gladly comply.**

While it is Plaintiff Steidl's position that the briefs filed to date sufficiently address the issues, and that the law is clear that the ISP Defendants' motion to dismiss must be denied, if the

---

[1] In a blatant attempt to file a reply without leave, the ISP Defendants have also filed, under the guise of a motion to supplement their original memorandum with additional authority, an additional three page qualified immunity argument, which, in a separate Response, filed today, Plaintiff has moved to strike.

Court deems that oral argument would be helpful, Plaintiff would be more than happy to comply.

**C. Conclusion**

    For the foregoing reasons, the Court should deny the Defendants' motion for leave to file a reply brief. Alternatively, if the Court deems a reply to be necessary, the nearly five pages of argument made without leave in Defendants' companion motions should stand as their reply. Additionally, should the Court determine that oral argument would be helpful, Plaintiff will gladly comply.

Dated:  October 28, 2005                            Respectfully submitted,

                                                         s/ G. Flint Taylor
                                                         G. Flint Taylor
                                                         Jan Susler
                                                         Ben Elson
                                                         People's Law Office
                                                         1180 N. Milwaukee Ave.
                                                         Chicago, Il. 60622
                                                         773/235-0070
                                                         gftaylorjr@aol.com
                                                         jsusler@aol.com

                                                         Michael Bruce Metnick
                                                         Metnick, Cherry, Frazier, and Sabin, L.L.P.
                                                         Second Floor - Myers Bldg.
                                                         P. O. Box 12140
                                                         Springfield, IL 62791-2140
                                                         217/753-4242
                                                         metnick@springfieldlawfirm.com

                                                         Attorneys for Plaintiff