E-FILED
Wednesday, 21 June, 2006 02:38:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Gordon Randy Steidl, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05 CV 2127 |
| City of Paris, et al., | ) ) | Honorable Harold A. Baker Judge Presiding |
| Defendants. | ) ) | |

### CURRENT ISP OFFICIALS' RESPONSE TO PLAINTIFF'S MOTION TO SET SCHEDULING CONFERENCE AND ORDER THE OPENING OF DISCOVERY

The Current ISP Officials, by and through their counsel, Iain D. Johnston, hereby state the following in response to Plaintiff's Motion to Set Scheduling Conference and Order the Opening of Discovery ("Motion").

1. The Current ISP Officials do not dispute many of Plaintiff's underlying assertions in his Motion, but are concerned that opening discovery without certain ground rules would greatly prejudice them.

2. Presently, the Current ISP Officials and the Plaintiff are briefing the Current ISP Official's interlocutory appeal regarding qualified immunity. Because the Seventh Circuit held a settlement conference, the Current ISP Official's opening brief is currently due on July 6, 2006. The Current ISP Officials will file their brief that day.

3. There can be no real dispute that the Current ISP Officials are now immune from being subjected to discovery. *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994). In fact, the District Court has lost jurisdiction as to the Current ISP Officials. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (notice of

1

appeal "divests the district court of jurisdiction to proceed with any part of the action against the appealing defendants") citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

4. So the real question is *should* discovery proceed against the other defendants, and if so, how would that discovery proceed. With respect to the Current ISP Officials, the issue is *may*, or even *should*, the Current ISP Officials participate in depositions and propounding discovery.

5. If this Court decides not to stay all discovery without certain parameters pending appeal, then the Current ISP Officials are potentially put in a difficult position. If discovery proceeds against the other defendants, including depositions of other defendants and third parties, then the Current ISP Officials will be required to make a Hobson's choice.

6. First, the Current ISP Officials could choose to not participate in any of those depositions. But if they do not participate, the Current ISP Officials will need to re-depose these deponents, with an increase in expense and inconvenience to the third party deponents and other defendants. Indeed, the Current ISP Officials would need to obtain leave of court to re-depose these deponents. Fed.R.Civ.P. 30(a)(2).

7. Second, the Current ISP Officials could choose to participate in the depositions. But if they participate in the depositions, then the fundamental purpose of qualified immunity, which protects public officials from even participating in discovery, would be vitiated. Essentially, the Current ISP Officials would be forced to expend time and resources for discovery during the pendency of their interlocutory appeal. Additionally, if the Current ISP Officials choose to participate in the depositions, another party could seek a protective order to bar their participation. Alternatively, if the Current ISP Officials participate, an argument could

2

be made that the Current ISP Officials waived their right to stay discovery against them and have "re-vested" this Court with jurisdiction over them.

8. Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), counsel for Plaintiff and the Current ISP Officials conferred to determine if an amicable proposal could be reached. These counsel agreed that if discovery were to commence, it would be conditioned on the following: (1) no discovery would be served on the Current ISP Officials, nor would their depositions be taken; (2) the parties would reasonably attempt to take depositions of parties and/or third parties that are unrelated to the allegations against or related to the Current ISP Officials; and (3) if the Current ISP Officials participated in depositions, including by submitting written questions pursuant to Federal Rule of Civil Procedure 30(c), no party would claim that the Current ISP Officials waived their immunity from discovery, thereby subjecting themselves to discovery, including depositions.

9. Pursuant to Plaintiff's counsel's request, counsel for the Current ISP Officials circulated this proposal to other defendants' counsel to determine if the proposal was acceptable to them.

10. Defense counsel for other defendants timely responded, but could not agree to the proposal. Counsel believed that this proposal would be inefficient, increase costs and prejudice their clients because the discovery would not be easily separated.

11. Wherefore, the Current ISP Officials respectfully request that if discovery is opened as to other parties while the interlocutory appeal is pending, then it be conditioned upon the proposal identified above. If discovery cannot proceed pursuant to that proposal, then the Current ISP Officials respectfully request that all discovery be stayed pending the determination of their interlocutory appeal.

Respectfully submitted,

Current ISP Officials


 s/ Iain D. Johnston

Iain D. Johnston
Bar Number: 6204667
Attorney for Defendants
Brueggemann, Fermon,
Carper, Parker and Kaupus
Holland & Knight LLP
131 S. Dearborn 30th Floor
Chicago, IL  60603
Telephone: (312) 263-3600
Fax: (312) 578-6666
E-mail: iain.johnston@hklaw.com

#3841503_v2

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05 C 2127 |
| | ) |
| CITY OF PARIS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2006, I electronically filed the Current ISP Officials' Response to Plaintiff's Motion to Set Scheduling Conference and Order the Opening of Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jan Susler
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622
jsusler@aol.com

Michael Bruce Metnick
Metnick, Cherry, Frazier and Sabin, LLP
Second Floor – Myers Bldg.
P.O. Box 12140
Springfield, IL 62791-2140
metnick@springfieldlawfirm.com

James G. Sotos
James G. Sotos & Associates, Ltd.
550 E. Devon, Suite 150
Itasca, IL 60143
Jsotos@jsotoslaw.com

Karen L. McNaught
Assistant Attorney General
500 S. Second Street
Springfield, IL 62701-1705
kmcnaught@atg.state.il.us

Michael P. Latz
Mark F. Wolfe
Bollinger, Ruberry & Garvey
500 W. Madison St., Suite 2300
Chicago, IL 60661
Michael.latz@brg-law.net
Mark.wolfe@brg-klaw.net

Patrick L. Provenzale
Vincent C. Mancini
Connolly, Ekl & Williams, P.C.
115 W. 5th Street, Suite 400
Clarendon Hills, IL 60514
pprovenzale@cwepc.com
vmancini@cwepc.com

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non CM/ECF participants:

G. Flint Taylor
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622

Terry A. Ekl
Connolly, Ekl & Williams, P.C.
1125 West 55th Street, Suite 400
Clarendon Hills, IL 60514

Under penalties as provided by law pursuant to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

s/ Iain D. Johnston
Iain D. Johnston Bar Number 6204667
Attorney for Defendants Fermon, Carper,
Parker, Brueggemann and Kaupus
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Fax: (312) 578-6666
E-mail: iain.johnston@hklaw.com

# 3861648_v1