IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SET SCHEDULING CONFERENCE AND ORDER THE OPENING OF DISCOVERY**

Defendants City of Paris, Gene Ray, Jim Parrish ("City Defendants") and Jack Eckerty ("Defendant Eckerty"), by their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos and Associates, Ltd., and Edgar County and Michael McFatridge ("County Defendants") by their attorneys, Terry A. Ekl and Vincent C. Mancini of Ekl Williams, PLLC and Michael Latz of Bollinger, Ruberry & Harvey, hereby respond to Plaintiff's Motion to Set Scheduling Conference and Order the Opening of Discovery as follows:

1.  Despite the pending appeal filed by the ISP Defendants, Plaintiff has now filed a motion asking this Court to set a scheduling conference and to re-open discovery in regard to the remaining parties. Plaintiff argues that "[f]or discovery purposes, Plaintiff's claims against the remaining parties are easily segregable from those against the ISP defendants" (Pltf's Brf. at 2). In support, Plaintiff argues that while the claims against the City and County Defendants and Defendant Eckerty, commenced before July 6, 1986, or shortly thereafter, the claims against the ISP defendants commenced many years later (*Id.*).

2. City and County Defendants and Defendant Eckerty do not agree that the claims against the ISP Defendants are easily segregable from the claims against them. In fact, the claims against the ISP Defendants are dependent on the claims against the other defendants. As a result, staying discovery for only the current ISP Defendants will be inefficient and unduly costly for all parties and will not further the interests of justice.

3. The claims against all defendants arise from the arrest and conviction of Plaintiff for the murders of Dyke and Karen Rhoads on July 6, 1986. Plaintiff's Complaint alleges that City and County Defendants and Defendant Eckerty participated in the investigation of the Rhoads' murders (*See* Compl., Dkt #1). It is alleged that during the investigation, said defendants coerced and fabricated certain evidence which was presented to a grand jury and formed the basis for Plaintiff's indictment and conviction for murder and arson (*Id.*). Plaintiff further claims that City and County Defendants and Defendant Eckerty withheld exculpatory evidence, including evidence that they had identified other likely suspects unrelated to Plaintiff and his co-defendant Whitlock (*Id.*).

4. Following Plaintiff's conviction and denial of his post judgment pleadings, former Illinois State Police Commander Michale Callahan was assigned to review the Rhoads' murders. The claims against the ISP Defendants relate to the continued investigation of the Rhoads' murder by former Lt. Michale Callahan. In essence, Plaintiff's Complaint alleges that former Lt. Michale Callahan disseminated memos to the ISP Defendants which: "articulated a wealth of evidence exculpatory to Plaintiff and Whitlock which he had developed during his investigation of the Rhoads murders, about Defendants McFatridge, Eckerty, Parrish and their investigation of the murders, and John Doe's alleged involvement as a suspect in the murders" (Compl. ¶ 81).

Plaintiff alleges that much of this evidence was known by Defendants Parrish, Eckerty, Ray and McFatridge, and was suppressed from Plaintiff and Whitlock (Compl. ¶ 81). Despite all of the evidence that was allegedly uncovered by Callahan, the ISP Defendants are accused of blocking a full investigation into the matter. (Compl ¶ 84). Plaintiff claims that by the ISP Defendants' obstruction, they suppressed exculpatory evidence from the Plaintiff and the courts, which "together with the evidence previously and continuously suppressed by Defendants Eckerty, Parrish, Ray and McFatridge, would have resulted in [Plaintiff's] exoneration and release" (Compl. ¶ 86).

     5.    In addition to the aforementioned, Count VIII of Plaintiff's Complaint is a state law claim for conspiracy which alleges that the City Defendants, County Defendants, ISP Defendants, and Defendant Eckerty, along with other unsued co-conspirators "reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely imprison and/or to continue said imprisonment, to maliciously prosecute and/or continue said prosecution, and to intentionally inflict severe emotional distress on Plaintiff" (Compl. ¶¶ 127 - 131).

     6.    Plaintiff's allegations against all defendants are inextricably intertwined. Accordingly, all defendants will need to conduct discovery into the facts and circumstances surrounding the "exculpatory evidence" that was allegedly concealed first by the City and County Defendants and Defendant Eckerty and later in conspiracy with the ISP Defendants.

     7.    The ISP Defendants have accurately pointed out in their response that if discovery is not stayed against all parties, the ISP Defendants will be forced to choose between (1) participating in discovery being conducted by the other defendants, which would be in

contravention of the purpose of qualified immunity (*See Landstrom v. Illinois Dept. of Children and Family Serv.*, 892 F.2d 670 (7th Cir. 1990), entitling defendants to a stay of discovery pending resolution of question of qualified immunity) or (2) re-deposing witnesses at a later time, should the ISP Defendants' appeal conclude unsuccessfully (*See* ISP Defendants Resp. at ¶¶ 6-7). As noted by the ISP Defendants, this second option would increase the inconvenience to third-party deponents and cause a great increase in expense to the other defendants who would have to repeat all the discovery that they had already conducted. Rules 26(c) and (d) provide the court with authority to determine whether a stay of discovery is warranted. *See Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). However, that authority must be exercised so as to "secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1. Any discovery schedule which will require the parties to take multiple depositions of the same person will not be just, speedy or inexpensive.

8.    Finally, the alternative proposal reached by Plaintiff and the ISP Defendants, which was made in the event this Court refuses to stay discovery for all parties, is unacceptable to the City and County Defendants and Defendant Eckerty in that it fails to allow them to fairly litigate their claims. This alternative proposal is conditioned on the following: (1) no discovery would be served on the Current ISP Officials, nor would their depositions be taken; (2) the parties would reasonably attempt to take depositions of parties and/or third parties that are unrelated to the allegations against or related to Current ISP Officials; and (3) if the Current ISP Officials participated in depositions, including by submitting written questions pursuant to Federal Rule of Civil Procedure 30(c), no party would claim that the Current ISP Officials waived their immunity from discovery (ISP Defendants' Resp. at ¶ 8).

9. The alternative proposal is unrealistic because it is dependent on the parties being able to discern what discovery is "unrelated to the allegations against or related to the Current ISP Officials." Yet, the essence of Plaintiff's Complaint is that all defendants conspired to cover-up evidence that was known by them to be exculpatory with the common goal or intent of falsely imprisoning and maliciously prosecuting Plaintiff. Therefore, most, if not all, discovery will be related to the allegations against the Current ISP Officials.

WHEREFORE, City and County Defendants and Defendant Eckerty respectfully request this Honorable Court deny Plaintiff's motion to set scheduling conference and order the opening of discovery until such time as all parties to Plaintiff's Complaint are able to participate in a meaningful manner.

| | |
|---|---|
| /s/ Elizabeth A. Ekl | /s/ Vincent C. Mancini |
| Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty | Attorney for Defendant Michael McFatridge |
| James G. Sotos | Terry A. Ekl |
| Elizabeth A. Ekl | Vincent C. Mancini |
| JAMES G. SOTOS & ASSOC., LTD, | Ekl Williams, PLLC |
| 550 East Devon, Suite 150 | 115 W. 55th Street, Suite 400 |
| Itasca, IL 60143 | Clarendon Hills, Illinois 60514 |
| Phone: 630-735-3303 | Phone: 630-654-0045 |
| Fax: 630-773-0890 | Fax: 630-654-0150 |
| Attorney No. 6242840 | vmancini@eklwilliams.com |
| eekl@jsotoslaw.com | |

/s/ Michael P. Latz
Attorney for Defendant Edgar County
Michael P. Latz
BOLLINGER, RUBERRY & HARVEY
Northwestern Atrium Center
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511
michael.latz@brg-law.net

## CERTIFICATE OF SERVICE

      The undersigned having first been duly sworn under oath, states that she electrically filed a complete copy of the foregoing **Defendants' Response to Plaintiff's Motion to Set Scheduling Conference and Order the Opening of Discovery** with the Clerk of the Court on July 7, 2006 using the CM/ECF system, which will send notification of such filing to the following counsel of record: See Attached Service List.

      /s/ Elizabeth A. Ekl
      Elizabeth A. Ekl, One of the Attorneys for
      Defendants City of Paris, Gene Ray, James Parrish
      and Jack Eckerty

Date:  July 7, 2006

JAMES G. SOTOS
ELIZABETH A. EKL
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
Phone: 630-735-3300
Fax: 630-773-0980
eekl@jsotoslaw.com

-6-

## SERVICE LIST

### GORDON RANDY STEIDL v. CITY OF PARIS, ET AL
### 05 C 2127

**Attorneys for Gordon Randy Steidl**

Michael Bruce Metnick
METNICK CHERRY & FRAZIER
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
metnick@springfieldlawfirm.com

G. Flint Taylor; Jan Susler
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
jsusler@aol.com
gftaylorjr@aol.com

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, Andre Parker**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
kmcnaught@atg.state.il.us

Iain D. Johnston
HOLLAND & KNIGHT, LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
iain.johnston@hklaw.com

**Attorney for Edgar County & Michael McFatridge**

Michael P. Latz
BOLLINGER, RUBERRY & HARVEY
Northwestern Atrium Center
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511
michael.latz@brg-law.net

**Attorneys for Michael McFatridge**

Terry A. Ekl; Patrick L. Provenzale; Vincent C. Mancini
CONNOLLY, EKL & WILLIAMS, P.C.
115 West 55th Street, Suite 400
Clarendon Hills, IL 60514
tekl@cewpc.com
vmancini@cewpc.com
pprovenzale@cewpc.com