IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 05 CV 2127 |
| v. ) | |
| ) | Hon. Harold A. Baker |
| **CITY OF PARIS, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
TO POSTPONE DEPOSITION OF DARRELL HERRINGTON
UNTIL DISCOVERY IS INITIATED**

Plaintiff Randy Steidl, by his attorneys, moves this Court to enter an order postponing the deposition of Darrell Herrington noticed by Defendants City of Paris, Gene Ray, James Parrish and Jack Eckerty during the stay of discovery. In support he states:

1. On August 4, 2006, this Court entered an order denying Plaintiff Randy Steidl's motion to set a scheduling conference and order the opening of discovery, after finding that the pending qualified immunity appeal of the Current ISP Defendants warranted such a stay.

2. On September 26, 2006, Beth Ekl, counsel for Defendants City of Paris, Ray, Parrish and Eckerty, spoke with Plaintiff's counsel to express the Defendants' desire to take the deposition of Darrell Herrington, representing that Mr. Herrington has lung cancer, and that she was concerned he may not live long enough to be deposed if we were to wait until discovery commences. Mr. Herrington is one of the two alleged eyewitnesses who testified against Plaintiff Steidl, and whose credibility has been seriously debilitated through a cycle of recantations followed by retracting the recantations.

1

3. On September 28, Plaintiff's counsel and Ms. Ekl again spoke. Plaintiff's counsel asked Ms. Ekl for Mr. Herrington's contact information, which Ms. Ekl did not provide until November 5, representing that the witness was not interested in speaking with Plaintiff's counsel, and discouraging Plaintiff's counsel from contacting him.

4. Ms. Ekl sent a notice of deposition for Mr. Herrington's deposition.

5. On October 5, Plaintiff's counsel wrote to Defendants' counsel expressing their understanding that Defendants are seeking an exception to the Court's order of August 4 staying discovery pending the outcome of the appeal, indicating that such exception must certainly include all Defendants' answering interrogatories and producing all the documentary evidence in their possession relating to Mr. Herrington, in order that Plaintiff's counsel may prepare for the deposition, and attaching interrogatories and a document request.[1] [Exhibit A].

6. On October 6, Ms. Ekl sent Plaintiff's counsel a letter postponing Mr. Herrington's deposition indefinitely.

7. On November 2, 2006, Plaintiff's investigator Bill Clutter went to interview Mr. Herrington, who he observed to be in the same apparent physical condition as when he had seen him a decade before. Herrington told the investigator that doctors had told him he would live another one or two years. [Exhibit B, affidavit of Bill Clutter[2]].

8. On November 5, 2006, Ms. Ekl wrote to Plaintiff's counsel to state that "Defendants do not intend to answer Plaintiff's interrogatories until discovery has been re-opened."

---

[1]On October 13, Plaintiff's counsel sent slightly modified substitute interrogatories and request to produce.

[2]Plaintiff will file Mr. Clutter's signed and notarized affidavit immediately upon receipt.

9.  The following day, November 6, Ms. Ekl re-noticed Mr. Herrington's deposition for November 15.

10.  Defendants have made no application to this Court, pursuant to Rule 27(b) of the Federal Rules of Civil Procedure,[3] for leave to conduct any such deposition during the pendency of the existing stay.  Nor has this Court made any findings, as called for by the Rule, that the perpetuation of the testimony is proper to avoid a failure or delay of justice.

11.  The Current ISP Defendants' appeal has been fully briefed and is scheduled for argument on December 5, 2006.

12.  The Seventh Circuit is likely to resolve the pending appeal in approximately three and a half months, or before the end of March 2007.[4]

---

[3]The rule provides:
If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court.

[4]According to the 2005 Annual Report on the Business of the Federal Courts of the Seventh Circuit, the median time interval from hearing to final disposition in civil cases is 3.5 months.  Table 9.  http://www.ca7.uscourts.gov/rpt/2005_statistics_report.pdf.     The same table also indicates that the median time from filing a notice of appeal to final disposition in civil cases is 10.9 months.  Given that the Current ISP Defendants filed their notice of appeal April 11, 2006, and that this is a relatively simple interlocutory appeal, the prediction for a disposition

13. Given the imminent resolution of the appeal and Mr. Herrington's report of his doctor's predictions, there is simply no need to conduct his deposition during the pendency of the appeal.

14. Furthermore, the parties are not on an equal playing field with respect to Mr. Herrington. Not only is Mr. Herrington cooperating with Defendants, but Defendants have had access to this witness for two decades, ever since he first spoke with his friend, Defendant Ray, about the Rhodes murder, in September of 1986. Defendants have generated documents with respect to this witness which they failed to produce to Plaintiff Steidl throughout his post-conviction litigation.

15. To force Plaintiff to proceed to deposition without access to full discovery would place Plaintiff at a severe disadvantage, would be contrary to the letter and spirit of Rule 27(b), and would cause a failure of justice.

WHEREFORE, Plaintiff asks this Court to enter an order of protection precluding the November 15 deposition noticed for Darrell Herrington, and postponing any such deposition until the initiation of discovery following the disposition of the pending appeal of the Current ISP Defendants.

Dated: November 8, 2006

Respectfully submitted,

s/ G. Flint Taylor
G. Flint Taylor
Jan Susler
Ben H. Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622

---

by the end of March is equally viable.

773/235-0070
gftaylorjr@aol.com
jsusler@aol.com
ElsonBen@aol.com

Attorneys for Plaintiff