IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 05 cv 02127 |
| | ) Judge Harold Baker |
| | ) Magistrate Judge Bernthal |
| **CITY OF PARIS, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
CONCERNING DARRELL HERRINGTON**

Plaintiff Randy Steidl, by his attorneys and pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds the following revised interrogatories and makes the following revised demand for documents to Defendants City of Paris, Gene Ray, James Parrish, Jack Eckerty, Edgar County, Michael McFatridge, Steven Fermon, Diane Carper, Charles Brueggemann, Andre Parker and Ken Kaupus, said answers and production to be made at the offices of plaintiff's counsel G. Flint Taylor, Jr., Jan Susler and Ben Elson, People's Law Office,1180 N. Milwaukee, Chicago, Illinois 60622, no less than 48 hours prior to Mr. Herrington's deposition, or within 30 days of October 5, 2006, whichever is shorter in time.

DEFINITIONS AND INSTRUCTIONS

A.      Each interrogatory and request for production of documents seeks information available to the defendants, their attorneys or agents, and all persons acting in their behalf. Accordingly, as used herein, the terms "defendants," "you," and "your" refer without limitation to

the defendants, their attorneys and agents, and all persons acting in their behalf. Each of the interrogatories shall be deemed to be continuing in the manner provided by law.

B.   As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" or "identification" is used in conjunction with the term "person," or if the answer to any interrogatory herein refers to a person (as defined herein), you are to state each such person's: (1) full legal name, (2) present or last known address and telephone number (business or residential), (3) occupation, job title, business affiliation and/or nature of the business, and (4) age (whether actual or estimated).

C.   As used herein, "document" means any writing or other tangible thing known to you whether or not it is in your custody, possession, or control. When the term "identify" or "identification" is used herein in conjunction with the term "document," or if the answer to any interrogatory herein refers to a document (as defined herein), you are to state, with respect to each such document: (1) the title, date, number or other identifying information appearing on the face of the document, (2) the date that the document was prepared, (3) the identity of the person who has custody or control over the document, (4) the name(s) of all authors, recipients, and other persons who have seen the document, and (5) the nature and substance of the document, all with sufficient particularity to enable it to be identified in a request to produce; or in lieu thereof, you may produce the document, provided that each document is appropriately marked to identify the interrogatory to the document is responsive. If no responsive document exists, please so state.

D.   As used herein, "communication" includes, without limitation, communications

by whatever means transmitted, (*i.e.* whether oral, written, electronic, or other methods if used), as well as any note, memorandum, or other record thereof. When the term "identify" or "identification" is used in conjunction with the term "communication," you are to state, with respect to each such communication:

(1) the identity of the person(s) making it or contributing in any fashion to its creation;

(2) the identity of the recipient and of any person(s) before whom it was made or who witnessed it or who have knowledge of it;

(3) an identification of all documents reflecting, referring, or relating to it;

(4) the nature, substance, and contents of the communication; and

(5) the date of the communication.

E. If any document of identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide sufficient information (including, but not limited to, the information specified in paragraph C above) to determine the identity of the document or oral communication and state the basis of any asserted claim of privilege.

F. As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

G. If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period, state your objection and answer the interrogatory for the scope or time period that you believe is appropriate.

H.   If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remaining and stating whatever information you have concerning the unanswered portions.  If you answer is qualified in any particular, please set forth the details of such qualification.

Always identify who is supplying the information in the individual answers to these interrogatories.

## INTERROGATORIES

1. From July 6, 1986 up to and including the present, did you at any time meet or speak with Darrell Herrington?  If your answer is other than an unqualified "no," please state the date, and location of the meeting and/or conversation, the method of communication, the names, current addresses and telephone numbers of all persons present, and the substance of any and all conversations.

ANSWER:

2. From July 6, 1986 up to and including the present, did you at any time act or speak on behalf of Darrell Herrington, including but not limited to, speaking to, or interacting with, jail or prison staff, federal marshals, prosecutors, substance abuse or other health care providers, law enforcement, government agents or officers, or judges?  If your answer is other than an unqualified "no," please state the date, and location of each such interaction, meeting, and/or conversation, the method of communication, the names, current addresses and telephone numbers of all persons present, and the substance of any and all conversations and interactions.

ANSWER:

3. At any time from 1980 up to and including the present, did Darrell Herrington ever act as a paid or unpaid a confidential informant for the City of Paris, the Edgar County State's Attorney's Office, or any other law enforcement agency? If the answer to this question is other than an unqualified "no," please state the names, current addresses and telephone numbers of any officer he reported to, including, but not limited to, his control officer or officers, the case number, title, and disposition of any case where he supplied information, testified, or otherwise aided the prosecution; the person(s) about whom he supplied information; the subject and nature of the information supplied; the name of the person's attorney, and the amount of money, if any paid to Herrington for his services. If on any occasion his informing did not result in prosecution or other litigation, please state the name of the person who was the subject of the information and the reasons why litigation was not pursued. Additionally, please provide all police reports, informant reports, payment records, transcripts and sworn statements in each such matter.

ANSWER:

**DOCUMENT REQUEST**

Pursuant to Rule 34, FRCP, please produce, no less than 48 hours prior to Mr. Haerrington's deposition, or within 30 days, whichever is shorter in time:

1. Records of all compensation, payment, or reward, whether only promised or actually paid, to Darrell Herrington, from 1980 up to and including the present.

2. All records or other documentation concerning any promises, rewards or agreements made with or to Darrell Herrington concerning any criminal or other court proceedings, including, but not limited to sentencing.

3. All police reports, informant reports, transcripts and sworn statements of Darrell Herrington for each occasion between 1980 and the present on which he provided confidential information to you or any other law enforcement agent or agency.

4. All documents, reports, records and/or notes, handwritten, typed or recorded in any other manner, relating to Darrell Herrington in any way, including, but not limited to, any statement, interview, interrogation, polygraph, hypnosis, substance abuse treatment, payment for same, other compensation or reward (whether economic or not), and correspondence to or from Herrington or on his behalf.

5. All reports, records and/or notes, handwritten, typed or recorded in any other manner, of any and all polygraph tests performed on any other person in relation to the murders of Dyke and Karen Rhoads.

6. All records of arrest and conviction (traffic, misdemeanor, and felony) of Darrell Herrington from 1970 up to and including the present.

7. Any and all documents or other writings that reflect any contact, communication, written or oral, between Darrell Herrington and a) Dyke or Karen Rhoads, and b) Robert Morgan or any of his employees.

8. Any and all other records, documents, memos, or other written materials concerning

Darrell Herrington.

Dated: October 13, 2006

_____
Jan Susler
G. Flint Taylor
Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622
773/235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, Sabin and Perrin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242