E-FILED
Monday, 13 November, 2006  02:11:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

**DEFENDANTS' RULE 27(b) MOTION TO PERPETUATE**
**THE TESTIMONY OF DARRELL HERRINGTON AND RESPONSE TO**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendants City of Paris, Gene Ray, Jim Parrish and Jack Eckerty, by their attorneys,

James G. Sotos and Elizabeth A. Ekl of James G. Sotos and Associates, Ltd., Edgar County, by

its attorney, Michael Latz of Bollinger, Ruberry & Harvey and Michael McFatridge, by his

attorney Terry A. Ekl of Ekl Williams, PLLC, move this Honorable Court pursuant to Federal

Rule of Civil Procedure 27(b) to allow them to take the deposition of Darrell Herrington for the

purpose of preserving his testimony and respond to Plaintiff's motion for a protective order to

postpone Mr. Herrington's deposition until discovery is initiated as follows:

**INTRODUCTION**

This Court entered a stay of discovery on August 4, 2006, pending the outcome of the

Current ISP Defendants' appeal.  (Dkt. 113.)  On September 26, the undersigned counsel

contacted counsel for all parties and advised them that she had received information through her

investigator that a main witness to this litigation, Darrell Herrington, has lung cancer which

caused him to have one of his lungs removed, and that his condition had recently worsened.  At

that time, all parties, including Plaintiff's counsel, agreed that despite the stay of discovery

imposed by the Court, Mr. Herrington's testimony should be taken as soon as possible to preserve it for use in further proceedings in this matter. Plaintiff's counsel, Ms. Susler, specifically requested that the deposition be scheduled to take place over two days because she anticipated using all seven hours for the deposition of Mr. Herrington.

On September 28, the undersigned counsel contacted Darrell Herrington regarding his availability to sit for a deposition in this matter. Mr. Herrington advised that he was available to appear on October 10 and 11. The undersigned then telephoned and confirmed the deposition dates with all parties, including Plaintiff. Based on the parties' agreement to proceed with Mr. Herrington's deposition without need for an Order from this Court, the undersigned issued a subpoena for the video-taped deposition of Darrell Herrington to take place on October 10 and 11, 2006 in Paris, Illinois.

On October 5, Defendants received interrogatories and a request to produce from Ms. Susler. The discovery requests were directed to all defendants and were accompanied by a letter suggesting that any exception to the stay of discovery for the purpose of taking Herrington's deposition "must certainly include all Defendants' [sic] answering interrogatories and producing all the documentary evidence in their possession relating to Mr. Herrington." Ms. Susler provided no authority for her position. (*See,* attached Exh. A, Susler letter dated Oct. 5, 2006.)

The following day, on October 6, the undersigned received a phone call from Mr. Herrington indicating that he was very sorry but that he would not be available to provide a deposition on October 10 and 11 because his son was undergoing surgery that week. He advised that he would call the undersigned back once he knew when he would next be available. The

undersigned immediately sent a letter to all counsel advising them of the same. (*See*, attached Exh. B, Ekl letter dated Oct. 6, 2006.)

On November 2, the undersigned had a conversation with Mr. Herrington wherein he indicated that he would be available to provide a deposition on November 15 and 16 because, although he normally received treatment on Wednesdays, that was his day off from treatment. Mr. Herrington further indicated that his health has become increasingly worse over the last month and that he had lost another 12-15 pounds.

On November 5, the undersigned sent Plaintiff a letter indicating that although Federal Rule of Evidence 27(b) allows for the taking of a deposition during the pendency of an appeal in order to preserve testimony, she was not aware of any provision that allowed Plaintiff to issue interrogatories under such circumstances. (*See*, attached Exh. C, Ekl letter dated Nov. 5, 2006.)[1] Plaintiff never responded to Defendants' November 5 letter with any authority that would allow Plaintiff to issue discovery requests to Defendants during the stay.

The undersigned re-issued a deposition subpoena for Mr. Herrington on November 6. The subpoena provided for the taking of Mr. Herrington's deposition on November 15 and 16. Again, no motion was brought before this Court because all parties had expressed an agreement that it was necessary to take Mr. Herrington's deposition as soon as possible due to his ailing

---

[1]The undersigned also sent Plaintiff a separate letter on November 5 providing him with Mr. Herrington's cell phone number. (*See*, attached Exh. D, Ekl letter dated Nov. 5, 2006.) Plaintiff's allegation that Defendants did not provide him with Herrington's contact information until that time, is disingenuous. Darrell Herrington's address is contained in the initial reports prepared by Defendants, which have been in Plaintiff's possession since the criminal proceedings. This is evidenced by Mr. Clutter's conversation with Herrington at Herrington's home on November 2, prior to having received the additional contact information from Defendants.

health.  The only indication that Defendants have ever received that Plaintiff was not only in agreement, but desired to proceed with the deposition of Mr. Herrington, was when he filed his motion for a protective order before this Court on November 8.

## ARGUMENT

Federal Rule of Civil Procedure 27(b) allows for the taking of a deposition of an ailing witness to perpetuate his testimony when there is an appeal pending and that person's testimony may be needed for use in further proceedings in the district court.  The Rule provides that, [i]f the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the deposition[] to be taken." Fed.R.Civ.P. 27(b) (Thomson/West 2006).  Here, there is a danger that the testimony of Darrell Herrington will be lost before the start of discovery in this case.  Many of Plaintiff's allegations directly relate to Mr. Herrington's testimony in Plaintiff's underlying criminal case.  Therefore, this motion is brought to avoid a failure of justice, which will occur if Mr. Herrington's testimony is not preserved.

Darrelll Herrington is undisputedly an important witness in this case.  Plaintiff's Complaint alleges that, Defendants subjected Herrington to suggestion, coercion, and manipulation so that he would  falsely identify Plaintiff and Whitlock as the persons whom he had accompanied to the scene of the murders, and so that he would falsely assert that he saw Plaintiff Steidl leave the scene bloody with a knife in his hand. (Compl., ¶24.)  He further alleges that Herrington was promised financial rewards and provided with alcohol in order to coerce him into fabricating evidence against Plaintiff and Whitlock. (Compl., ¶28.)  Plaintiff claims that "Plaintiff and Whitlock were charged and indicted on the basis of Rienbolt and Herrington's false statements."  (Compl., 28.)

4

Mr. Herrington is expected to testify regarding what he witnessed on the night Dyke and Karen Rhoads were murdered; the circumstances that brought him to report what he witnessed to the police; his conversations with Defendants involved in the investigation and prosecution of Plaintiff; and his subsequent conversations with Plaintiff's defense counsel and investigators. Specifically, Herrington is expected to testify that he was at the Rhoads' house with Plaintiff and Whitlock on the night of the murders of Dyke and Karen Rhoads and that while he was there, he observed Plaintiff with blood on his arms and in possession of a knife. He is further expected to testify that all of his prior testimony in the criminal trials of Plaintiff and Whitlock is true and that he was never coerced, manipulated or promised anything by Defendants to cause him to testify falsely. As a result, Herrington will provide crucial testimony regarding the claims and defenses in this case[2].

Mr. Herrington is in poor health and there is a real danger of his testimony being lost prior to resolution of the pending appeal. Mr. Herrington has stage IV lung cancer. (*See*, attached Exh. E, Affidavit of Darrell Herrington.) Despite Mr. Clutter's personal unsupported opinion that Herrington "appears to be in approximately the same physical condition as he did on September 23, 1996," Mr. Herrington's condition has in fact worsened significantly. (*Id.*) In April of this year, Herrington had one of his lungs surgically removed as a result of his cancer. (*Id.*) And recently, his health has declined to the point where his doctor told him that his body is too deteriorated to tolerate further chemotherapy treatment. (*Id.*)

---

[2]Mr. Herrington's testimony is relevant to the claims and defenses in regard to all Defendants. Therefore, even if the ISP Defendants prevail in their appeal, Mr. Herrington's testimony will still be needed in regard to the suit against the remaining Defendants.

Defendants need not show that Mr. Herrington is in immediate danger of dying in order to obtain an order to perpetuate his testimony. Rule 27 applies to situations where for one reason or another, testimony might be lost to a [] litigant unless taken immediately. *See*, *In re Banks*, 1993 WL 502379, at *2 (N.D. Ill. Dec. 6, 1993) (discussing applicability of Rule 27(a)) *citing, Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when record began to be kept); *Texaco v. Borda*, 383 F.2d 607 (3rd Cir.1987) (parties not required to wait until 71-year old witness became 'ill' or 'infirm' to perpetuate testimony where such illness or infirmity might be of such proportion as to make impossible the taking of his deposition). *See also*, *Mosseller v. U.S.*, 158 F.2d 380 (2nd Cir. 1946) (authority granted to take deposition of severely injured witness where medical opinion indicated that he might die before suit could be brought). Mr. Herrington has stage IV lung cancer. He has had one lung removed entirely and has recently been told that his body is too deteriorated to handle further chemotherapy. By the time discovery commences in this action he may well be too infirm to proceed with a deposition, which will cause his testimony to be lost forever.

Due to Herrington's health, the parties were in agreement that his deposition was needed to preserve his testimony in the event he is unavailable to testify when discovery is re-opened. It was not until Plaintiff's investigator, Mr. Clutter, spoke to Mr. Herrington and Herrington advised Clutter that "he had no interest in helping Mr. Steidl" (Exh B to Pltf.'s mot., Clutter Affidavit) and Defendants refused to allow Plaintiff to engage them in full discovery that Plaintiff filed the instant motion to prevent the deposition from proceeding on November 15 and 16.

Finally, Defendants disagree with Plaintiff's claim that Mr. Herrington's deposition should not proceed because, "to force Plaintiff to proceed to deposition without access to full discovery would place Plaintiff at a severe disadvantage, would be contrary to the letter and spirit of Rule 27(b) and would cause a failure of justice."  This position is contrary to the law and is simply an attempt by Plaintiff to prevent Defendants from preserving testimony in their defense. The case law makes clear that "perpetuation" means the perpetuation of *known* testimony, and that the rule may not be used as substitute for discovery. *Applic. of Checkosky*, 142 F.R.D. 4, 7 (D.C. Cir. 1992) *citing Ash v. Cort*, 512 F.2d 909, 912-13 (3rd Cir. 1975); *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978).  Plaintiff apparently agreed to Herrington's deposition as a means of engaging in discovery and only sought to have the deposition barred when Defendants refused to act in contravention of this Court's stay order.  Rule 27(b) is not intended as a means of initiating discovery during the pendency of an appeal.

Defendants are seeking to preserve known testimony which is crucial to their defenses. They seek to take Herrington's deposition at this time because the loss of Mr. Herrington's testimony would cause a failure of justice in this litigation. The taking of Herrington's deposition will not prevent Plaintiff, after the resolution of the pending appeal, from engaging Defendants in discovery and seeking whatever documents he purportedly believes Defendants "failed to produce to Plaintiff Steidl throughout his post-conviction litigation."  Although Defendants are unaware of any documents to which Plaintiff is vaguely suggesting, Plaintiff will have a full and fair opportunity to pursue this claim once discovery is opened.

WHEREFORE, Defendants respectfully request this Honorable Court grant their motion to allow the taking of the deposition of Darrell Herrington pursuant to Federal Rule of Civil Procedure 27(b) and accordingly, deny Plaintiff's motion for a protective order.

Date:  November 13, 2006

RESPECTFULLY SUBMITTED,

s/ Elizabeth A. Ekl
Elizabeth A. Ekl Bar No: 06242840
Attorney for Defendants, City of Paris, Gene
Ray, James Parrish, and Jack Eckerty
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL  60143-2632
Telephone:  (630) 735-3300
Fax:  (630) 773-0980
E-mail:  eekl@jsotoslaw.com

s/ Michael P. Latz
Attorney for Defendant Edgar County
BOLLINGER, RUBERRY & GARVEY
Northwestern Atrium Center
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511
Tel:     (312) 466-8000
Fax:     (312) 466-8001
E-mail:  michael.latz@brg-law.net

s/ Terry A. Ekl
Attorney for Defendant Michael McFatridge
EKL WILLIAMS, PLLC
115 W. 55th Street, Suite 400
Clarendon Hills, Illinois 60514
Tel:     (630) 654-0045
Fax:     (630) 654-0150
E-mail: tekl@eklwilliams.com

8

## CERTIFICATE OF SERVICE

The undersigned having first been duly sworn under oath, states that she electronically filed a complete copy of the foregoing **Defendants' Rule 27(b) Motion to Perpetuate the Testimony of Darrell Herrington and Response to Plaintiff's Motion for Protective Order** with the Clerk of the Court on **November 13, 2006** using the CM/ECF system, which will send notification of such filing to the following counsel of record: See Attached Service List.

<div style="margin-left:40%">

s/ Elizabeth A. Ekl
_____

Elizabeth A. Ekl Bar No: 06242840
Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL  60143-2632
Tel:    (630) 735-3300
Fax:    (630) 773-0980
E-mail:  eekl@jsotoslaw.com

</div>

9

## SERVICE LIST

### GORDON RANDY STEIDL v. CITY OF PARIS, ET AL - 05 C 2127

**Attorneys for Gordon Randy Steidl:**

Michael Bruce Metnick
METNICK CHERRY & FRAZIER
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
Tel:       (217) 753-4242
Fax:       (217) 753-4642
E-mail:   metnick@springfieldlawfirm.com

G. Flint Taylor; Jan Susler
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
Tel:       (773) 235-0070
Fax:       (773) 235-6699
E-mail:   gftaylorjr@aol.com
            jsusler@aol.com

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, and Andre Parker:**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
Tel:       (217) 782-1841
Fax:       (217) 524-5091
E-mail:   kmcnaught@atg.state.il.us

Iain D. Johnston
HOLLAND & KNIGHT, LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel:       (312) 578-6577
Fax:       (312) 578-6666
E-mail:   iain.johnston@hklaw.com

**Attorneys for Edgar County**:

Michael P. Latz; Mark F. Wolfe
BOLLINGER, RUBERRY & GARVEY
Northwestern Atrium Center
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511
Tel:       (312) 466-8000
Fax:       (312) 466-8001
E-mail:   michael.latz@brg-law.net
            mark.wolfe@brg-law.net

Michael E. Raub; James C. Kearns
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street
Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:       (217) 344-0060
Fax:       (217) 344-9295
E-mail:   mraub@hrva.com
            jkearns@hrva.com

**Attorneys for Michael McFatridge:**

Terry A. Ekl; Patrick L. Provenzale; Vincent C. Mancini
EKL & WILLIAMS, PLLC
115 West 55th Street, Suite 400
Clarendon Hills, IL 60514
Tel:       (630) 654-0045
Fax:       (630) 654-0150
E-mail:   tekl@cewpc.com
            vmancini@cewpc.com
            pprovenzale@cewpc.com