UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GORDON RANDY STEIDL,            )
                                )
            Plaintiff,          )
                                )     05-2127
      v.                        )
                                )
CITY OF PARIS, et al.,          )
                                )
            Defendant.          )

ORDER

Discovery in this case is stayed pending the outcome of an interlocutory appeal by ISP defendants Charles Brueggemann, Diane Carper, Steven M. Fermon, Kenneth Kaupus, and Andre Parker. The plaintiff has filed a motion for a protective order to postpone the deposition of Darrell Herrington ("Herrington") until discovery is initiated.

The plaintiff states that on September 26, 2006, counsel for defendants City of Paris, Chief Gene Ray, James Parrish and Jack Eckerty (the "four defendants") contacted plaintiff's counsel and expressed a desire to depose Herrington, who has lung cancer.

On September 28, 2006, plaintiff's counsel sought Herrington's contact information. Counsel for the four defendants strongly discouraged plaintiff's counsel from contacting Herrington, and further stated that Herrington did not want to speak to plaintiff's counsel.[1]

Counsel for the four defendants then scheduled Herrington's deposition for October 10-11, 2006. Plaintiff's counsel contacted counsel for the four defendants, allegedly expressed his understanding that an exception to the stay was needed, and stated that he would need answers to interrogatories and certain documents before the deposition. Plaintiff's counsel attached the interrogatories and a document request.[2]

On October 6, 2006, at Herrington's request, defense counsel cancelled Herrington's

---

[1] On November 2, 2006, Bill Clutter, a private investigator working with plaintiff's counsel, visited Herrington and observed that Herrington looked the same as he did when Clutter saw him in 1996. The November 2, 2006, conversation was brief, and ended when Herrington told Clutter that he had no interest in helping the plaintiff.

[2] On October 13, 2006, slightly varied interrogatories and a new document request were served on the defendants.

1

deposition. On November 5, 2006, defense counsel informed plaintiff's counsel that they did not intend to provide discovery responses until after discovery was reopened. The next day, defense counsel sent notice that Herrington's deposition would be held on November 15-16, 2006.

The plaintiff then filed his motion for a protective order. Given the short notice for the deposition, the court ordered counsel for the four defendants to file a response to the motion within five days. The defendants' response was in the form of a motion pursuant to Federal Rule of Civil Procedure 27(b) (motion to perpetuate testimony pending appeal).[3] Defendants Edgar County and Michael McFatridge – that is, all the non-ISP defendants – join in the motion.

In support of the motion, the non-ISP defendants submit Herrington's affidavit. Herrington states that he has Stage IV lung cancer, and had a lung removed in April 1996. He states his doctors have told him he has a year or two to live, and his condition is so deteriorated that he is no longer receiving chemotherapy.

The non-ISP defendants argue that the provisions of Rule 27(b) are designed to preserve *known* testimony,[4] and that it is not meant to substitute for discovery. The defendants seek to preserve testimony which they state is crucial to their defense, without providing the plaintiff with information needed to meaningfully question Herrington. Despite years of criminal, post-conviction, and habeas corpus proceedings, the plaintiff alleges that the defendants failed to produce documents crucial to the plaintiff's case. Although the documents themselves might be obtained when discovery is reopened, the documents would come too late to question Herrington about anything contained in those documents. Herrington was one of the main witnesses against the plaintiff in his murder trial. Herrington has since recanted his trial testimony, and then recanted the recantation.

If Herrington's testimony is to be preserved, the plaintiff must have an opportunity to question Herrington meaningfully. To do so, he needs to obtain complete responses to his discovery requests. The plaintiff's motion for a protective order [116] is granted in part and denied in part. The November 15, 2006 deposition shall be postponed until the plaintiff has obtained complete responses to preliminary discovery. Said responses shall be provided forthwith and, in any event, no later than December 1, 2006, at 5:00 p.m. The non-ISP defendants' motion to perpetuate Herrington's testimony [117] is granted; however, the

---

[3] Defense counsel states that no motion had been filed prior to that time because the parties agreed to proceed with Herrington's deposition.

[4] The defendants' contention that they wish only to preserve *known* testimony rings hollow. This matter has been the subject of a criminal trial, several sentencing hearings and appeals, post-conviction petitions, and a habeas corpus proceeding that resulted in the plaintiff's release from prison almost seventeen years after his conviction. Much of Herrington's testimony is a matter of record in one or another of the court proceedings, and any testimony beyond what has already been preserved must be subjected to full examination by the plaintiff.

defendants must first provide answers to all of the plaintiff's propounded discovery requests before scheduling the deposition, which shall take place no sooner than fourteen days after the ordered discovery is complete.

Entered this 14th day of November, 2006.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE