**E-FILED**
Wednesday, 24 January, 2007  10:54:56 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

# Holland+Knight

Tel  312 263 3600
Fax  312 578 6666

Holland & Knight LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
www.hklaw.com

Steffanie N. Garrett
Partner
312.715.5823
Internet Address
steffanie.garrett@hklaw.com

December 6, 2005

**VIA FACSIMILE AND U.S. MAIL: (773) 235-6699**
Janis M. Susler
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL  60622

   Re: *Gordon Randy Steidl v. City of Paris, et al.; 05 CV 2127*

Dear Ms. Susler:

   I am writing on behalf of my colleague Iain Johnston regarding the subpoena duces tecum you served on the Illinois State Police on December 1, 2005 in the above matter.

   Although a subpoena, unlike discovery requests to a party, does not require a conference pursuant to Federal Rule of Civil Procedure 37, we are contacting you in a good faith attempt to resolve the issues relating to your subpoena.  Mr. Johnston, who is handling this matter, is on vacation until December 16, 2005.  Because the subpoena is extremely broad, seeks privileged documents, and appears to be an attempt to avoid the discovery stay regarding the defendant Illinois State Police Officials pending the court's ruling on their motion to dismiss due to qualified immunity, we request that you discuss the matter with Mr. Johnston when he returns to the office.

   In the meantime, we have numerous deposition and trial transcripts from the *Michale Callahan v. Charles Brueggeman, Diane Carper and Steven Fermon, Case No. 03-2167,* lawsuit, which we can make available for you to review at our office.  Please contact me at your earliest convenience if you would like to review these transcripts.

       Sincerely yours,

       HOLLAND & KNIGHT LLP

       Steffanie N. Garrett

**EXHIBIT 2**

**Johnston, Iain D (CHI - X66577)**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Thursday, November 09, 2006 4:52 PM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 2:05-cv-02127-HAB-DGB Steidl v. City of Paris et al Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### United States District Court for the Central District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 11/9/2006 at 4:52 PM CST and filed on 11/9/2006
**Case Name:** Steidl v. City of Paris et al
**Case Number:** 2:05-cv-2127
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER entered by Judge Harold A. Baker on 11/9/06. Pursuant to a court order entered on August 4, 2006, discovery is stayed in this case pending the outcome of an interlocutory appeal. On November 8, 2006, the plaintiff filed a motion for protective order to postpone the deposition of Darrell Herrington, whose deposition was noticed by defendants City of Paris, Chief Gene Ray, Detective James Parrish, and Jack Eckerty. Herrington's deposition is scheduled for November 15, 2006. The City of Paris, Chief Gene Ray, Detective James Parrish, and Jack Eckerty are to file, within five days of the date of this order, a response to the plaintiff's motion. The court's order staying all aspects of discovery remains in full force and effect and no discovery shall be obtained without leave of the court. (MT, ilcd)

**2:05-cv-2127 Notice has been electronically mailed to:**

Sara M Cliffe    scliffe@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Elizabeth A Ekl    eekl@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Terry A Ekl    tekl@cewpc.com, mnash@cewpc.com

Ben H Elson    elsonben@aol.com, bhelson@hotmail.com

Iain D Johnston    iain.johnston@hklaw.com

James C Kearns    jkearns@hrva.com, urbecf@hrva.com

Michael P Latz    michael.latz@brg-law.net, daniel.reilly@brg-law.net, mark.wolfe@brg-law.net

Vincent C Mancini    vmancini@cewpc.c! om, mnash@cewpc.com

Karen L McNaught    kmcnaught@atg.state.il.us, bmyers@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us

Michael Metnick    metnick@springfieldlawfirm.com, kerry@springfieldlawfirm.com

Patrick L Provenzale    pprovenzale@cewpc.com, mnash@cewpc.com

Michael E Raub    mraub@hrva.com, urbecf@hrva.com

James G Sotos    jsotos@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Janis M Susler    jsusler@aol.com

G Flint Taylor    gftaylorjr@aol.com

Mark F Wolfe    &nb! sp mark.wolfe@brg-law.net

**2:05-cv-2127 Notice has been delivered by other means to:**

`

**EXHIBIT 3**

**Johnston, Iain D (CHI - X66577)**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Tuesday, November 14, 2006 11:10 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 2:05-cv-02127-HAB-DGB Steidl v. City of Paris et al Order on Motion for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the Central District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 11/14/2006 at 11:09 AM CST and filed on 11/14/2006
**Case Name:**        Steidl v. City of Paris et al
**Case Number:**     2:05-cv-2127
**Filer:**
**Document Number:** 118

**Docket Text:**
ORDER entered by Judge Harold A. Baker on 11/14/06. The plaintiff's motion for a protective order [116] is granted in part and denied in part. The November 15, 2006 deposition shall be postponed until the plaintiff has obtained complete responses to preliminary discovery. Said responses shall be provided forthwith and, in any event, no later than December 1, 2006, at 5:00 p.m. The non-ISP defendants' motion to perpetuate Herrington's testimony [117] is granted; however, the defendants must first provide answers to all of the plaintiff's propounded discovery requests before scheduling the deposition, which shall take place no sooner than fourteen days after the ordered discovery is complete.(SLJ, ilcd)

**2:05-cv-2127 Notice has been electronically mailed to:**

Sara M Cliffe    scliffe@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Elizabeth A Ekl    eekl@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Terry A Ekl    tekl@cewpc.com, mnash@cewpc.com

Ben H Elson    elsonben@aol.com, bhelson@hotmail.com

Iain D Johnston    iain.johnston@hklaw.com

James C Kearns    jkearns@hrva.com, urbecf@hrva.com

Michael P Latz    michael.latz@brg-law.net, daniel.reilly@brg-law.net, mark.wolfe@brg-law.net

Vincent C Mancini    vmancini@cewpc.c! om, mnash@cewpc.com

Karen L McNaught    kmcnaught@atg.state.il.us, bmyers@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us

Michael Metnick    metnick@springfieldlawfirm.com, kerry@springfieldlawfirm.com

Patrick L Provenzale    pprovenzale@cewpc.com, mnash@cewpc.com

Michael E Raub    mraub@hrva.com, urbecf@hrva.com

James G Sotos    jsotos@jsotoslaw.com, jkeith@jsotoslaw.com, tzimmerman@jsotoslaw.com

Janis M Susler    jsusler@aol.com

G Flint Taylor    gftaylorjr@aol.com

Mark F Wolfe    &nb! sp mark.wolfe@brg-law.net

**2:05-cv-2127 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=11/14/2006] [FileNumber=422057-0
] [512818338b80269c55bfc18b79f26c2aa44c064e47ba7bb0ee8d2f0d8c0657ff314
e4a8388bb9dbc0ef54946ccba8d904861645aeaa135b027e7f4424b0201dc]]

**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05 cv 02127 |
| | ) Judge Harold Baker |
| | ) Magistrate Judge Bernthal |
| CITY OF PARIS, et al. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS CONCERNING DARRELL HERRINGTON

Plaintiff Randy Steidl, by his attorneys and pursuant to Rules 26, 33 and 34 of the Federal

Rules of Civil Procedure, hereby propounds the following interrogatories and makes the

following demand for documents to Defendants City of Paris, Gene Ray, James Parrish, Jack

Eckerty, Edgar County, Michael McFatridge, Steven Fermon, Diane Carper, Charles

Brueggemann, Andre Parker and Ken Kaupus, said answers and production to be made at the

offices of plaintiff's counsel G. Flint Taylor, Jr., Jan Susler and Ben Elson, People's Law

Office, 1180 N. Milwaukee, Chicago, Illinois 60622, in advance of the deposition of Darrell

Herrington.

### DEFINITIONS AND INSTRUCTIONS

A.    Each interrogatory and request for production of documents seeks information

available to the defendants, their attorneys or agents, and all persons acting in their behalf.

Accordingly, as used herein, the terms "defendants," "you," and "your" refer without limitation to

1

the defendants, their attorneys and agents, and all persons acting in their behalf. Each of the
interrogatories shall be deemed to be continuing in the manner provided by law.

B.     As used herein, "person" means an individual, firm, partnership, corporation,
proprietorship, association, governmental body, or any other organization or entity. When the
term "identify" or "identification" is used in conjunction with the term "person," or if the answer
to any interrogatory herein refers to a person (as defined herein), you are to state each such
person's: (1) full legal name, (2) present or last known address and telephone number (business
or residential), (3) occupation, job title, business affiliation and/or nature of the business, and (4)
age (whether actual or estimated).

C.     As used herein, "document" means any writing or other tangible thing known to
you whether or not it is in your custody, possession, or control. When the term "identify" or
"identification" is used herein in conjunction with the term "document," or if the answer to any
interrogatory herein refers to a document (as defined herein), you are to state, with respect to
each such document: (1) the title, date, number or other identifying information appearing on the
face of the document, (2) the date that the document was prepared, (3) the identity of the person
who has custody or control over the document, (4) the name(s) of all authors, recipients, and
other persons who have seen the document, and (5) the nature and substance of the document, all
with sufficient particularity to enable it to be identified in a request to produce; or in lieu thereof,
you may produce the document, provided that each document is appropriately marked to identify
the interrogatory to the document is responsive. If no responsive document exists, please so
state.

D.     As used herein, "communication" includes, without limitation, communications

2

by whatever means transmitted, (*i.e.* whether oral, written, electronic, or other methods if used), as well as any note, memorandum, or other record thereof. When the term "identify" or "identification" is used in conjunction with the term "communication," you are to state, with respect to each such communication:

(1)     the identity of the person(s) making it or contributing in any fashion to its creation;

(2)     the identity of the recipient and of any person(s) before whom it was made or who witnessed it or who have knowledge of it;

(3)     an identification of all documents reflecting, referring, or relating to it;

(4)     the nature, substance, and contents of the communication; and

(5)     the date of the communication.

E.     If any document of identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide sufficient information (including, but not limited to, the information specified in paragraph C above) to determine the identity of the document or oral communication and state the basis of any asserted claim of privilege.

F.     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

G.     If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period, state your objection and answer the interrogatory for the scope or time period that you believe is appropriate.

3

H.    If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remaining and stating whatever information you have concerning the unanswered portions. If you answer is qualified in any particular, please set forth the details of such qualification.

Always identify who is supplying the information in the individual answers to these interrogatories.

## INTERROGATORIES

1. For every occasion from July 6, 1986 up to and including the present, you spoke with, met with, or were in the presence of, Darrell Herrington, state the date, location, the names and current addresses and telephone numbers of all persons present, and the substance of all conversations held while you were present.

ANSWER:

2. For every occasion from July 6, 1986 up to and including the present, you acted on behalf of Darrell Herrington, including but not limited to interacting with prison staff, federal marshals and prosecutors, substance abuse or other health care providers, law enforcement, government agents or offices, judges, state the date, location, names and current addresses and telephone numbers of all persons present or involved, and the substance of the interaction.

ANSWER:

3. From 1980 up to and including the present, for every occasion on which Darrell

4

Herrington functioned as a confidential informant for the City of Paris or any other law

enforcement agency, state the names, current addresses and telephone numbers of his control

officers (or the officers they reported to), the case number and title of case, whether he testified,

and if resolved, the disposition.

ANSWER:

4. For each occasion between 1980 and the present that Darrell Herrington was asked to

serve and did serve as a confidential informant for you or any law enforcement officer or agency

that you are aware of, state the case number and title of case; name of the person who was the

subject of the information, name of the person's attorney, the status of the case, and, if resolved,

the disposition, and provide all police reports, transcripts and sworn statements of these four

individuals in each such matter. If on any occasion his informing did not result in litigation, state

the name of the person who was the subject of the information and the reasons why litigation was

not pursued.

ANSWER:

## DOCUMENT REQUEST

1. Records of all compensation or reward, including, but not limited to sentencing and

money, whether merely promised or fulfilled and paid, to Darrell Herrington, dating from 1980

up to and including the present.

2. All police reports, transcripts and sworn statements of Darrell Herrington for each

occasion between 1980 and the present on which he provided confidential information to you or

5

any other law enforcement.

3. All documents relating to Darrell Herrington, including, but not limited to any statement, interview, interrogation, polygraph, hypnosis, substance abuse treatment and payment for same, compensation (not limited to economic), and correspondence with him and on his behalf.

4. All reports, records and/or notes, handwritten, typed or recorded in any other manner, of any and all polygraph tests done on Darrell Herrington and any other person in relation to the murders of Dyke and Karen Rhoads.

5. All records of arrest and conviction (traffic, misdemeanor, and felony) of Darrell Herrington from 1970 up to and including the present.

6. All other records concerning Darrell Herrington.

Dated: October 5, 2006

G: Flint Taylor
Jan Susler
Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622
773/235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

6

**EXHIBIT 5**

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| Gordon Randy Steidl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | Honorable Harold A. Baker |
| City of Paris, et al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF KENNETH KAUPAS

Kenneth Kaupas, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.  I am currently employed by the Illinois State Police.

2.  I am presently a defendant in the above-captioned lawsuit.

3.  I have had only two (2) conversations with Darrell Herrington.

4.  The first conversation occurred on or about May 13, 2002 (the "***May 13 2002 Conversation***").

5.  The May 13 2002 Conversation occurred when I was involved in the investigation of the murders of Dyke and Karen Rhoads (the "***Investigation***").

6.  I reduced the May 13 2002 Conversation to an Illinois State Police Investigative Report bearing bate-stamp numbers 000388 through 000390 (the "***Report***").

7.  The Report is maintained in the Illinois State Police investigative files, and, I consider the Report to be confidential.

8.  The Investigation is presently on-going.

1

9.     The second conversation I had with Herrington occurred in the summer of 2003 (the "*Second Conversation*").

10.     The Second Conversation took place in Paris, Illinois, at Herrington's residence. The Second Conversation lasted less than two (2) minutes.  Those present were Darrell Herrington, Patrick Delfino and me.  Mr. Delfino is the Assistant Director of the State's Attorney's Appellate Prosecutor, who was working with me on the Investigation.  The Second Conversation occurred when Mr. Delfino and I were driving through Paris, Illinois and we saw Mr. Herrington outside his residence.  I stopped the car and introduced Mr. Delfino to Mr. Herrington.  The Second Conversation was not reduced to writing because nothing substantive regarding the Investigation was discussed.

11.     If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

*Kenneth Kaupas*

Kenneth Kaupas

Executed this 20 day of *December* , 2006.

# 4258202_v1

2

**EXHIBIT 6**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| Gordon Randy Steidl, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 CV 2127 |
| | ) Honorable Harold A. Baker |
| City of Paris, et al., | ) Judge Presiding |
| | ) |
| Defendants. | ) |

### DECLARATION OF DIANE CARPER

Diane Carper, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.   I am currently employed by the Illinois State Police.

2.   I am presently a defendant in the above-captioned lawsuit.

3.   I have never had a conversation or communication with Darrell Herrington.

4.   If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Diane Carper

Executed this 20 day of December, 2006.

# 4258094_v1

1

**EXHIBIT 7**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

Gordon Randy Steidl,                    )
                                        )
    Plaintiff,       )
                                        )
v.                                      )    No. 05 CV 2127
                                        )    Honorable Harold A. Baker
City of Paris, et al.,                  )    Judge Presiding
                                        )
    Defendants.      )

## DECLARATION OF ANDRE PARKER

Andre Parker, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.  I was formerly employed by the Illinois State Police.

2.  I am presently a defendant in the above-captioned lawsuit.

3.  I have never had a conversation or communication with Darrell Herrington.

4.  If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Andre Parker

Executed this _19_ day of _Dec._, 2006.

1

**EXHIBIT 8**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| Gordon Randy Steidl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | Honorable Harold A. Baker |
| City of Paris, et al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF CHARLES BRUEGGEMANN

Charles Brueggemann, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.    I am currently employed by the Illinois State Police.

2.    I am presently a defendant in the above-captioned lawsuit.

3.    I have never had a conversation or communication with Darrell Herrington.

4.    If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Charles Brueggemann

Executed this 19th day of Dec , 2006.

# 4258112_v1

1

**EXHIBIT 9**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

Gordon Randy Steidl,                    )
                                        )
      Plaintiff,                      )
                                        )
v.                                      )        No. 05 CV 2127
                                        )        Honorable Harold A. Baker
City of Paris, et al.,                  )        Judge Presiding
                                        )
      Defendants.                     )

### DECLARATION OF STEVEN FERMON

Steven Fermon, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.    I am currently employed by the Illinois State Police.

2.    I am presently a defendant in the above-captioned lawsuit.

3.    I have never had a conversation or communication with Darrell Herrington.

4.    If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Steven Fermon

Executed this 20th day of December, 2006.

# 4258154_v1

1

**EXHIBIT 10**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

Gordon Randy Steidl,                    )
                                         )
      Plaintiff,                     )
                                         )
v.                                       )    No. 05 CV 2127
                                         )    Honorable Harold A. Baker
City of Paris, et al.,                   )    Judge Presiding
                                         )
      Defendants.                    )

### DECLARATION OF NORBERT J. GOETTEN

Norbert J. Goetten, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.  I am currently employed as a Director of the Illinois Office of the State's Attorneys Appellate Prosecutor (Appellate Prosecutor).

2.  The Appellate Prosecutor is currently investigating the murders of Dyke and Karen Rhoads. This investigation is ongoing.

3.  The Illinois State Police is currently providing investigators, special agents and support for this investigation.

4.  I understand that Gordon "Randy" Steidl's counsel has sought the production of documents contained in the investigative file maintained by the Illinois State Police for this investigation, including documents and information relating to Darrell Herrington and his knowledge of the murders.

5.  Based upon my 30 plus years of experience as a law enforcement official, the release of the documents sought by Gordon "Randy" Steidl's counsel at this time would seriously compromise the investigation into the murder of the Rhoads.

6.    As Director of the Appellate Prosecutor, I object to the disclosure of the documents sought by Steidl's counsel through the discovery requests.

7.    If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Norbert J. Goetten

Executed this ___ day of January, 2006.

# 3549488_v2

**EXHIBIT 11**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| Gordon Randy Steidl, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 CV 2127 |
| | ) Honorable Harold A. Baker |
| City of Paris, et al., | ) Judge Presiding |
| | ) |
| Defendants. | ) |

### DECLARATION OF LARRY TRENT

Larry Trent, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.    I am currently employed as the Director of the Illinois State Police.

2.    The Illinois State Police currently has assigned at least three (3) agents to investigate the murders of Dyke and Karen Rhoads. This investigation is ongoing.

3.    The Illinois Office of the State's Attorneys Appellate Prosecutor (Appellate Prosecutor) is currently handling the investigation and prosecution of the murders of the Rhoads.

4.    Because this investigation involves a matter that is in the judicial system, the investigators are operating under the general direction of the Appellate Prosecutor. It has been the long-standing practice of the Illinois State Police that once a matter enters the judicial system the prosecutor is responsible for directing the investigation.

5.    In December of 2006, Gordon "Randy" Steidl's counsel served interrogatories and a production request on Charles Brueggemann, Diane Carper, Steven Fermon, Kenneth Kaupas and Andre Parker, seeking documents related to the ongoing investigation, including documents relating to Darrell Herrington.

1                                          __LT

6.      The Illinois State Police objects to the disclosure of documents sought by the

document request and interrogatories, in part, because the documents and information are

privileged.

7.      If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Larry Trent

Executed this 22 day of ⎽⎽⎽Jan⎽⎽. ⎽⎽, 2007.

#3549405_v2

OFFICIAL SEAL
**LEIGH A. MC DERMOTT**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-9-2009

Leigh a. McDermott

2                                          __LT

**EXHIBIT 12**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

Gordon Randy Steidl,                    )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )    No. 05 CV 2127
                                        )    Honorable Harold A. Baker
City of Paris, et al.,                  )    Judge Presiding
                                        )
      Defendants.                       )

## DECLARATION OF JEFFREY A. MARLOW

Jeffrey Marlow, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.    I am currently employed as a Special Agent by the Illinois State Police.

2.    I am currently one of the investigators assigned to investigate the murders of Dyke and Karen Rhoads. This investigation is ongoing.

3.    During the investigation, I have interviewed numerous witnesses. These interviews have been memorialized in reports I have written, which are contained in the investigative file. The identity of these individuals is specifically noted in these reports.

4.    Some of the witnesses I have interviewed have expressed fear for their safety if it became known that they were cooperating or speaking with law enforcement regarding the investigation. For obvious reasons, the identity of these individuals is not included in this declaration.

5.    Based upon my nearly 30 years of law enforcement experience, the disclosure of the names of people who have been interviewed for this investigation would discourage other individuals from honestly and candidly speaking with the investigators.


JAM

1

6. The ability of the investigators assigned to this matter would be extremely compromised if witnesses knew that their identities would be disclosed at this time.

7. Through this investigation, I am attempting to determine the truth surrounding the murders of the Rhoads. The release of information in the investigative file, including witnesses' names, particularly those fearful for their safety because they have cooperated with law enforcement, would hinder my search for the truth. The disclosure of the information sought by Steidl's counsel regarding Darrell Herrington would also hinder the investigation and search for the truth.

8. As part of the ongoing investigation, I recently interviewed Darrell Herrington regarding the Rhoads' murders, and wrote a memorandum regarding that interview. The disclosure of this interview and the information contained in it to Steidl and his counsel would seriously damage our investigation. To date, the memorandum regarding Herrington's interview has not been produced to Iain Johnston, counsel for several Illinois State Police officials. Moreover, I have not discussed in detail Herrington's interview with Mr. Johnston. The only information I disclosed to Mr. Johnston regarding this interview of Herrington was that it occurred.

9. If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Jeffrey A. Marlow

Executed this _19_ day of _December_ 2006.

# 3549337_v2

2

JAM

**EXHIBIT 13**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

Gordon Randy Steidl,                )
                                     )
    Plaintiff,              )
                                     )
v.                                   )        No. 05 CV 2127
                                     )        Honorable Harold A. Baker
City of Paris, et al.,               )        Judge Presiding
                                     )
    Defendants.             )

## DECLARATION OF MATT L. McCORMICK

    Matt L. McCormick, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

    1.    I am currently employed by the Illinois State Police in Zone 5 Investigations.

    2.    I am currently one of the investigators assigned to investigate the murders of Dyke and Karen Rhoads. This investigation is ongoing.

    3.    I am aware that the counsel of Gordon "Randy" Steidl has sought the production of documents and information regarding Darrell Herrington, including all documents located in ISP Case # 86-L-3365 (ISP Case File).

    4.    I have personal knowledge of the documents filed in the ISP Case File. Contained in the ISP Case File are documents that are summaries of other documents and evaluations of other documents. Further, some documents, including those relating to Darrell Herrington, contained in the ISP Case File evaluate previous statements and alleged facts contained in other documents. I consider these documents, as well as the other documents in the ISP Case File, to be confidential, and I treat them accordingly.

1                                    MLM

5.    The release of the documents relating to Darrell Herrington contained in the ISP Case File at this time would be detrimental to our ongoing investigation into the murders of Dyke and Karen Rhoads.

6.    If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

TR. _____ #5627

Matt L. McCormick

Executed this 12th day of December, 2006.

# 4255950_v1

MLM

**EXHIBIT 14**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

Gordon Randy Steidl,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No. 05 CV 2127
                                    )    Honorable Harold A. Baker
City of Paris, et al.,              )    Judge Presiding
                                    )
        Defendants.                 )

## DECLARATION OF MICHAEL R. ATKINSON

Michael R. Atkinson, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.      I am currently employed as a Master Sergeant by the Illinois State Police in Zone 5 Investigations.

2.      I am currently one of the investigators assigned to investigate the murders of Dyke and Karen Rhoads. This investigation is ongoing.

3.      I am aware that the counsel of Gordon "Randy" Steidl has the production of documents and information regarding Darrell Herrington, including all such documents located in ISP Case # 86-L-3365 (ISP Case File).

4.      I have personal knowledge of the documents filed in the ISP Case File. Contained in the ISP Case File are documents that are summaries of other documents and evaluations of other documents. Further, some documents, including those relating to Darrell Herrington, contained in the ISP Case File evaluate previous statements and alleged facts contained in other documents. I consider these documents, as well as the other documents in the ISP Case File, to be confidential, and I treat them accordingly.

1

MRA

5.    The release of documents relating to Darrell Herrington contained in the ISP Case

File at this time would be detrimental to our ongoing investigation into the murders of Dyke and

Karen Rhoads.

6.    If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.


Michael R. Atkinson


Executed this 19 day of December, 2006.


# 3550018_v2

MRA

TOTAL  P.03

**EXHIBIT 15**



**Holland+Knight**

Tel 312 263 3600
Fax 312 578 6666

Holland & Knight LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
www.hklaw.com

Iain D. Johnston
312 578 6577
iain.johnston@hklaw.com

December 22, 2006

Jan Susler
People's Law Office
1180 North Milwaukee Avenue
Chicago, IL  60622

        Re:    *Steidl v. City of Paris, et al.*

Dear Jan:

Per our discussion the other day, I am providing you with additional information regarding the documents.

First, I have contacted Ivize Copy Service.  It charges $25 to copy a CD, and $10 - $15 to copy regular audio cassette tapes.

Second, after having reviewed a scanned, searchable PDF (which we did not previously have), and having gone through the documents again, the following is a privileged log of documents that are privileged pursuant to the law enforcement investigatory privilege. As you can see, while attempting to not breach the privilege, I have provided you with more information describing the document as you requested.

1.    Investigative Report Dated January 4, 2006, with Reporting Date of November 2, 2005 by Rodney Miller regarding records at Edgar County Courthouse (Labeled 000897)
2.    Investigative Report Dated December 7, 2005, with Reporting Dates of December 2 – 5, 2005 by Jeff Marlow regarding conference with Bill Clutter (Labeled 001347)
3.    Investigative Report Dated May 14, 2004, with Reporting Date of May 13, 2002 (sic) regarding encounter with Darrell Herrington by Ken Kaupas (Labeled 000388 – 90)
4.    Investigative Report Dated July 7, 2004 by Jeff Marlow regarding interview with Andrea Trapp (Labeled 000442- 47)
5.    Investigative Reports Dated August 13, 2004, with Reporting Date of August 12, 2004 by Jeff Marlow regarding interview of Nancy Land (Labeled 000456-58) and interview of Larca Ludeks (Labeled 000459-62)
6.    Investigative Report Dated September 15, 2004 by Jeff Marlow regarding interview of Mary Eastman (Labeled 000466 – 67)
7.    Investigative Report Dated January 27, 2006, by Rodney Miller regarding grand jury testimony including identities of witnesses (Bates Labeled 002039)

Jan Susler
December 22, 2006
Page 2


8.  Investigative Report Dated March 3, 2006, by Rodney Miller and Jeffrey Marlow regarding interview of Jeb Ashley (Bates Labeled 002137 through 2141)

9.  Investigative Report Dated, March 17, 2006, by Rodney Miller regarding documents received from FBI relating to murder investigation (Bates Labeled 002196 through 2257)

10. Investigative Report Dated March 25, 2006, by Rodney Miller regarding exhibits in evidence vault (Bates Labeled 002260)

11. Confidential Report Dated December 28, 2005, by Jeffrey Marlow regarding interview with and use of confidential informant (Bates Labeled 001566 through 001567)

12. Investigative Report Dated September 15, 2005, by Jeff Marlow regarding interview with former cellmate (Labeled 584)

13. Investigative Report Dated September 29, 2005, by Greg Dixon regarding interview with former cellmate (Labeled 626)

14. Investigative Report Dated December 2, 2005, by Rodney Miller regarding notes relating to polygraph examinations administered to Lisa Wheeler, Timothy Busby, Darrell Herrington, Nancy Land and Phillip Sinclair

15. Investigative Report Dated January 10, 2006, by Rodney Miller regarding summary, analysis and evaluation of proceedings and witnesses and description of investigative file (Labeled 827-844)


Additionally, as I mentioned before, we will not produce Jeff Marlow's recent interview of Darrell Herrington, which I have not seen and possess no details other than it was an interview conducted pursuant to an ongoing criminal investigation in which your client is a suspect.

Sincerely,

Iain D. Johnston

# 4266992_v1

**EXHIBIT 16**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

Gordon Randy Steidl,                      )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )     No. 05 CV 2127
                                          )     Honorable Harold A. Baker
City of Paris, et al.,                    )     Judge Presiding
                                          )
    Defendants.                       )

### DECLARATION OF DAVID RANDS

David Rands, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1.    I am currently employed by the Illinois Office of the State's Attorneys Appellate Prosecutor (Appellate Prosecutor).

2.    In my capacity with the Appellate Prosecutor, I am assisting the Illinois State Police with its investigation into the murders of Dyke and Karen Rhoads. This investigation is ongoing.

3.    I am aware that Gordon "Randy" Steidl's counsel has issued a discovery request, including a document request, on the defendants in this case, seeking, among other things, all "records concerning Darrell Herrington," including "[a]ll police reports, transcripts and statements of Darrell Herrington."

4.    The Appellate Prosecutor objects to the disclosure of such documents and information.

5.    Generally, it is my practice not to identify potential suspects in an ongoing investigation, such as the investigation into the murders of Dyke and Karen Rhoads. However, I understand that when the law enforcement privilege is invoked, courts consider certain factors to

1



determine whether to grant the privilege, including whether the individual seeking the information and/or documents is one of the suspects of the investigation. Because of the importance of asserting the privilege to keep the information sought by the discovery requests confidential, I am compelled to state that Gordon "Randy" Steidl, among other individuals, is a potential suspect in the murders of Dyke and Karen Rhoads. By making this statement so as to support the law enforcement privilege, I am not stating that Gordon "Randy" Steidl will again be indicted for the murder of Dyke or Karen Rhoads. As noted above, the investigation is ongoing.

6.      If called to testify as a witness, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.


David Rands

Executed this 17th day of _____, 2007.

# 3549524_v2

2

DR