05975-R1013
MER/cp
G:\13\R1013\R1013PMI 001

# APPENDIX B

## RELEVANT FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

The plaintiff has filed a Complaint of extraordinary length and detail. This defendant believes the following facts pled in the plaintiff's Complaint may have relevance to the arguments raised in this Motion. References in parenthesis refer to the numbered allegations in the plaintiff's Complaint.

1. On July 6, 1986, Dyke and Karen Rhoads were murdered in Paris, Illinois (Paragraph 13).

2. On February 19, 1987, arrest warrants were issued for the plaintiff and a codefendant, Herbert Whitlock (Paragraph 36).

3. On February 19, 1987, the plaintiff was arrested pursuant to the warrant described in the above paragraph (Paragraph 36).

4. On March 10, 1987, the plaintiff, along with the codefendant, Herbert Whitlock, were indicted by a Grand Jury in Edgar County, Illinois, on charges on murder and arson (Paragraph 42).

5. In June of 1987, the plaintiff was convicted of murder and arson (Paragraph 50).

6. On June 16, 1987, the plaintiff was sentenced to death as a result of these convictions (Paragraph 50).

7. On March 20, 1990, the trial court denied the plaintiff's Post-Conviction Petition (Paragraph 67).

8. On January 24, 1991, the Illinois Supreme Court affirmed the plaintiff's conviction and death sentence and the denial of his Post-Conviction Petition (Paragraph 69).

9. On October 25, 1995, the court denied The Plaintiff's Amended Post-Conviction Petition (Paragraph 70).

10. On September 18, 1997, the Illinois Supreme Court reversed the denial of the plaintiff's Amended Post-Conviction Petition, holding the plaintiff was entitled to a evidentiary hearing (Paragraph 73).

11. On December 11, 1998, the trial court again denied the plaintiff's Amended Post-Conviction Petition (Paragraph 75).

12. On February 18, 1999, the plaintiff was re-sentenced to natural life imprisonment after the state declined to pursue the death penalty (Paragraph 76).

13. The Illinois Appellate Court affirmed the denial of the Amended Post-Conviction Petition on December 5, 2000 (Paragraph 76).

14. The Illinois Supreme Court denied leave to appeal the Appellate Court's ruling on April 4, 2001 (Paragraph 76).

15. On June 17, 2003, the United States District Court for the Central District of Illinois granted the plaintiff's Petition For Writ of Habeas Corpus, directing the state to either re-try the plaintiff or release him within 120 days (Paragraph 94).

16. On March 25, 2004, the Illinois Attorney General decided not to appeal the ruling of the United States District Court (Paragraph 95).

17. On May 28, 2004, the Circuit Court of Edgar County, Illinois, granted a motion by the State to *nolle prosse* the murder and arson charges against the plaintiff (Paragraph 97).

18. On May 28, 2004, plaintiff was released from the custody of the Illinois Department of Corrections (Paragraph 98).

19. The plaintiff seeks to hold the defendant, Edgar County, liable on account of the alleged misconduct of its alleged employee, Michael McFatridge, the Edgar County State's Attorney (Paragraph 138).

20. The face of the plaintiff's Complaint reveals that it was electronically filed with this Court on May 27, 2005.