05975-R1013
MER/njk
G:\13\R1013\R1013PMI 004

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2127 |
| | ) | |
| CITY OF PARIS, Present and Former Paris | ) | |
| Police Officials Chief Gene Ray and | ) | |
| Detective James Parrish; former Illinois | ) | |
| State Trooper Jack Eckerty; former Edgar | ) | |
| County State's Attorney Michael | ) | |
| McFatridge; EDGAR COUNTY; and | ) | |
| Illinois State Police Officials Steven M. | ) | |
| Fermon, Diane Carper, Charles E. | ) | |
| Brueggemann, Andre Parker, and Kenneth | ) | |
| Kaupus, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

NOW COMES the Defendant, EDGAR COUNTY, by its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for its Memorandum in Support of its Motion for Partial Judgment on the Pleadings, states as follows:

AVAILABILITY OF PARTIAL JUDGMENTS UNDER FED.R.CIV.P. 12(c)

Though Fed.F.R.Civ.P. 12(c) does not, unlike Fed.R.F.Civ.P. 56(d), explicitly provide for a partial adjudication of a case on a Rule 12(c) motion, courts which have addressed this issue have held that a court can indeed grant partial relief under Rule 12(c), entering judgment as to certain claims in the complaint, while leaving others for further disposition.

The District Court for the Eastern District of Wisconsin addressed this issue in *Chi-Mill Corporation v. W.T. Grant Company*, 70 F.R.D. 352 (E.D.Wis. 1976), where it held:

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

As a fallback position, Forest City asserts that a 'partial' judgment on the pleadings is unknown under the Federal Rules of Civil Procedure. Although Rule 12(c) of the Federal Rules of Civil Procedure speaks of 'judgment' on the pleadings and thus does not explicitly recognize a partial judgment thereon, Rule 54(b) of the Federal Rules is suggestive of a contrary conclusion: 'When more than one claim for relief is presented in an action, * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * *.'

When considered in the context of the policy in favor of expeditious disposition of matters where material facts are not disputed, see Rules 12(c) and 56, Rule 54's sanctioning of partial judgment on separate claims suggests that that partial judgment on the pleadings is a procedural option open to the federal courts. *Id.* at 70 F.R.D. 357-358.

The Court in *VNA Plus, Inc. v. Apria Healthcare Group*, 29 F.Supp.2d 1253 (D.Kansas 1998) reached a similar conclusion:

VNA Plus also argues that Apria's motion is improper because Apria has not requested judgment on the pleadings with respect to all of the counts of VNA Plus' complaint. By analogy to the provisions of Rule 56, we find that a motion for partial judgment on the pleadings is appropriate. [Citation omitted]. *Id.* at 29 F.Supp.2d 1258.

Lastly, the District Court in *Williams v. Cessna Aircraft Corporation*, 376 F.Supp. 603 (N.D. Miss. 1974) held:

Although designated a motion for partial summary judgment, the court is of the opinion the motion should properly be considered as a Rule 12(c) motion for judgment on the pleadings. No evidentiary matters outside the pleadings have been presented to or considered by the court. The essential factual elements, i.e., the failure of the seat and harness, are not in dispute, and the court is not required to make a factual determination. The issue under Mississippi law concerns the legal effect of the pleadings which are closed as between the relevant parties. The motion, moreover, was filed within such time as not to delay the trial. *Id.* at 376 F.Supp. 605.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Here, the motion filed by the defendant does not require the Court to make a determination on whether any material factual dispute exists, but relies solely on the allegations in the plaintiff's complaint, allegations the Court must accept as true for purposes of ruling on this Motion. Both Fed.R.Civ.P. 56 and this Court's local Rule 7.1(D) envisions an examination of filed material to discover the existence, or non-existence, of relevant disputed facts. Since this Motion does not go beyond the allegations pled in the plaintiff's complaint, it would seem most appropriate to consider this as a motion for partial judgment on the pleadings, rather than a request for relief under Rule 56.

THE SUPREME COURT'S RULING IN *WALLACE v. CATO*

The plaintiff in *Wallace v. Cato*, 127 S.Ct. 1091, was taken into custody by the Chicago Police Department on January 19, 1994, and after a day long interrogation, confessed to a murder. He was 15 years of age at the time the police took him into custody. He was convicted of the crime and sentenced to 26 years in prison. On appeal, the Appellate Court of Illinois found the Chicago Police Department had arrested the plaintiff without probable cause and, based on that finding, ruled his confession inadmissible. On April 10, 2002, prosecutors dropped the murder charges against the plaintiff.

On April 2, 2003, the plaintiff filed a §1983 suit against the City of Chicago and several of its police officers claiming damages from his unlawful arrest. The Seventh Circuit dismissed the §1983 suit on the grounds the plaintiff did not file it within the appropriate statute of limitations and the Supreme Court accepted the *certiorari* to review the Seventh Circuit's ruling.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

The Supreme Court's decision first notes that the parties agreed that the applicable statute of limitations for a §1983 suit was two years, the length of the statute of limitations for personal injury claims under Illinois law. In order to determine whether or not the plaintiff timely filed his suit, the court then had to determine when his cause of action accrued, and thus, when the statute of limitations began running.

The Supreme Court first noted that when a cause of action accrues in a §1983 case is a question of federal law, not state law. Reviewing applicable federal cases on this issue, the Supreme Court held:

> . . . . Under these principles, it is "the standard rule that [accrual occurs] when the plaintiff has a 'complete and present cause of action.'" [Citation omitted]. That is, when "the plaintiff can file suit and obtain relief." [Citation omitted]. There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date. *Id.* at 127 S.Court 1095.

Next, after addressing the similarities and differences between claims for false arrest and false imprisonment, the court held:

> . . . . "If there is a false arrest claimed, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process, rather than the detention itself." [Citation omitted]. Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State had dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date, but for its tolling by reason of petitioner's minority. *Id.* at 127 S.Court 1096.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

The Supreme Court explicitly rejected any argument that the accrual of the plaintiff's cause of action did not begin simply because he did not know the full extent of his injury at the time his cause of action accrued. The Supreme Court concluded its analysis by stating:

> We conclude that the statute of limitations on petitioner's §1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years elapsed between that date and the filing of this suit - even leaving out of the count the period before he reached his majority - the action was time barred. *Id.* at 127 S.Court 1097.

The court lastly rejected any reading of *Heck v. Humphry*, 512 U.S. 477 (1994) that had any effect on when the plaintiff's cause of action accrued or when his statute of limitations expired. The court affirmed the dismissal of the plaintiff's §1983 claim as time barred.

Though the Supreme Court's decision in *Wallace* is only about two months old, it has already generated several opinions which can provide this Court with guidance.

In *Gilley v. Oregon*, 2007 WL 789437 (D.Or.), the plaintiff was arrested on May 29, 2000, on traffic charges and later indicted, on June 6, 2000, on drug charges based on evidence found in a search after the traffic arrest. The plaintiff was convicted of the drug charges but later, by an appellate court decision which became effective on August 14, 2003, was given a new trial. The prosecutor elected not to retry the plaintiff and dismissed the drug charges on February 3, 2004. The plaintiff filed his §1983 suit on August 12, 2005.

In applying *Wallace* to the facts before it, the District Court held the plaintiff's claims to be time barred:

> Plaintiff's claims that Torgerson breached his duty of care to plaintiff by unnecessarily detaining, arresting and charging plaintiff without probable cause arose in 2000, but plaintiff did not file and serve his complaint until 2005, well after the applicable two-year statute of limitations. For the same reason, plaintiff's claim that the City of Portland was negligent in hiring, training, supervising and retaining Torgerson is barred by the statute of limitations.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

> Since the elements of malicious prosecution are different than those for false arrest, plaintiff's malicious prosecution claim against Torgerson arose later than 2000. A plaintiff who seeks damages against one who wrongfully prosecutes a civil action against him must prove, among other things, that the proceeding terminated in his favor. [Citation omitted]. As a result, plaintiff's cause of action against Torgerson did not arise until the Oregon Court of Appeal issued its decisions. The decision became effective on August 14, 2003. [Based on procedural rules not applicable to this court, the court found the malicious prosecution claim also time barred because of plaintiff's failure to timely serve the defendant].

In *Gibson v. Superintendent*, 2007 WL 1038920 (D.N.J.), the §1983 case before the court arose out of an October 20, 1992, arrest of the plaintiff. The arrest resulted in several drug convictions, which were later invalidated by a New Jersey appellate court on April 14, 2002. The plaintiff filed his §1983 claim against the police officers who arrested him on November 14, 2002.

The court held all the plaintiff's claims stemming from the alleged false arrest and illegal search were time barred:

> Based on this language, this Court is persuaded that the Supreme Court's holding in *Wallace* effectively supercedes the Third Circuit's reasoning in its prior decision in this case. Insofar as plaintiff alleges violations of his state constitutional rights consisting of false arrest and illegal search (the search occurring pursuant to the challenged arrest), this court finds the Supreme Court's ruling in *Wallace* to be applicable. Accordingly, this court finds *Heck* to be inapplicable in such circumstances. Subsequently, this court will find plaintiff's claims brought pursuant to the NJCRA alleging false arrest and illegal search to be time-barred.

In *Watts v. Epps*, 2007 WL 494929 (N.D.Ga), the plaintiff was initially arrested on March 15, 2001. He pled guilty to one of the charges against him but the prosecutor filed a *nolle prosequi* the other charges in the indictment. Under state law, the prosecutor could ask to reinstate those charges. The court had earlier found that *Heck* deferred the accrual of the

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

plaintiff's §1983 claims, but revisited this issue after the Supreme Court's ruling in *Wallace*, and held:

> In its order of August 16, 2006, the court read *Heck* to require the tolling of the two-year limitations period applicable to plaintiff's unlawful-arrest claim during the pendency of the obstruction charges against him. That conclusion has been undermined by the Supreme Court's intervening decision in *Wallace v. Kato*. Having revisited the issue, it is clear the plaintiff's §1983 claim alleging an unlawful arrest, which was brought over three years after the arrest in question, is neither timely under the relevant statute of limitations, nor preserved by the *Heck* tolling doctrine. Defendants are therefore entitled to summary judgment.

### *WALLACE v. KATO'S* APPLICATION TO COUNT I

Based on the Supreme Court's interpretation of accrual rules in *Wallace v. Kato*, the plaintiff clearly did not file his §1983 claim for false imprisonment in a timely fashion. In *Wallace*, the Supreme Court expressly rejected the argument that a false imprisonment claim begins to accrue upon the plaintiff's release from custody, but rather held the false imprisonment ends when proper legal process is initiated against the plaintiff. There also seems little possible argument that a two year statute of limitations applies once the plaintiff's cause of action has accrued.

Even if the plaintiff were to quibble about the legality of the arrest warrant resulting in his February 19, 1987, arrest, clearly the grand jury indictment on March 10, 1987, ended any false imprisonment and started the accrual clock on any claims for prior false imprisonment. Plaintiff not only missed the statute of limitations, but missed it by some 15 years.

The claims asserted in count I of the plaintiff's complaint are clearly time barred and it is appropriate for the court to enter judgment in favor of Edgar County on Count I.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

### EFFECT OF *WALLACE V. KATO* ON PLAINTIFF'S STATE LAW FALSE IMPRISONMENT CLAIM

In count V of his complaint, the plaintiff pleads a claim for false imprisonment under the law of Illinois. Though *Wallace* made it clear that the accrual rule it applied was a rule of federal law, in fact the rule it applied was not a novel rule. The courts of the State of Illinois follow an almost identical rule in determining when causes of action accrue under state law.

The Supreme Court of Illinois summarized Illinois's general rule of accrual in *Feltmier v. Feltmier*, 207 Ill.2d 263, 798 N.E.2d 75 (2003) holding: "Generally, a limitations period begins to run when facts exist that authorize one party to maintain an action against another." *Id*. at 798 N.E.2d 85. The court in *Feltmier* also reiterated the clear distinction between continuing tortious conduct, which can extend the statute of limitations, and continuing ill effects from a previous or initial tortious action, which does not extend the statute of limitations.

In *Arthur v. Lutheran General Hospital, Inc.*, 295 Ill.App.3d 818, 692 N.E.2d 1238 (1st Dist. 1998), the appellate court reviewed the elements of the tort of false imprisonment and when a false imprisonment claim accrues:

> The interest involved is "in a sense a mental one," and false imprisonment may be maintained without proof of actual damages. [Citation omitted]. The tort is complete after "even a brief restraint on the plaintiff's freedom." and the plaintiff may recover nominal damages. [Citation omitted]. In short, the plaintiff has a dignitary interest in freedom from any restraint. [Citation omitted].
>
> In Illinois, "[t]o state a cause of action for false imprisonment, the plaintiff must allege that his personal liberty was unreasonably or unlawfully restrained against his will and that defendant(s) caused or procured the restraint." [Citation omitted]. False imprisonment requires an actual or legal intent to restrain. [Citation omitted]. However, imprisonment under legal authority is not false imprisonment. [Citation omitted]. False imprisonment claims do not lie for a detention made by virtue of legal process

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

>issued by a court or an official with jurisdiction to issue such process. [Citations omitted]. *Id.* at 694 N.E.2d 1242-1243.

This summary of Illinois law on the tort of false imprisonment mirrors almost identically the Supreme Court's view of the constitutional tort as discussed in *Wallace*. Thus, any claim the plaintiff had for damages proximately caused by the tort of false imprisonment ended when a court with jurisdiction directed the plaintiff's imprisonment. While his lawful detention most likely occurred after the plaintiff's arrest pursuant to warrant on February 19, 1987, or after his indictment on March 10, 1987, it certainly occurred after the trial court sentenced the plaintiff after his conviction, on June 16, 1987. No matter what date the plaintiff argues, all fall well beyond the two year statute of limitations.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

CONCLUSION

For the reasons stated in this Memorandum and accompanying Motion, the defendant, Edgar County, asks the Court to enter partial judgment on the pleadings in its favor and against the plaintiff for the relief sought in counts I and V of the plaintiff's complaint, and for such other relief as the Court deems just and proper.

Respectfully submitted

s/ Michael E. Raub
Attorney for Defendant, Edgar County
IL ARDC #: 1422251
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: mraub@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

10

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. G. Flint Taylor
People's Law Office
1180 N. Milwaukee
Chicago, IL 60622

Ms. Janis M. Susler
People's Law Office
1180 N. Milwaukee
Chicago, IL 60622

Mr. Michael B. Metnick
Metnick, Cherry & Frazier
Suite 200 Myers Bldg.
1 West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791

Mr. James G. Sotos
Ms. Elizabeth A. Ekl
Ms. Sara M. Cliffe
James G. Sotos & Associates
550 East Devon Avenue
Suite 150
Itasca, IL 60143

Ms. Karen L. McNaught
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706

Mr. Michael P. Latz
Bollinger, Ruberry & Garvey
Northwestern Atrium Center
500 West Madison Street, Suite 2300
Chicago, IL 60661-2511

Mr. Patrick L. Provenzale
Mr. Terry A. Ekl
Mr. Vincent C. Mancini
Ekl Williams PLLC
115 W. 55th St., Suite 400
Claredon Hills, IL 60514

Mr. Iain D. Johnston
Holland & Knight, LLP
131 S. Dearborn Street, 30th Floor
Chicago, IL 60603

        s/ Michael E. Raub
        Attorney for Defendant, Edgar County
        IL ARDC #: 1422251
        Heyl, Royster, Voelker & Allen
        102 E. Main Street, Suite 300
        P.O. Box 129
        Urbana, IL 61803-0129
        217-344-0060 Phone
        217-344-9295 Fax
        E-mail: mraub@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060