E-FILED
Thursday, 04 October, 2007  04:33:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 05 CV 2127 |
| v. ) | |
| ) | Hon. Harold A. Baker |
| **CITY OF PARIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER
THIS COURT'S ORDER OF MARCH 31, 2006**

The Paris Defendants[1] and Defendant McFatridge ask this Court to reconsider its order of March 31, 2006, denying their motion to dismiss Plaintiff's claim in Count III alleging denial of access to the courts. Basing their motion exclusively on the Court of Appeals' holding regarding Plaintiff's access to courts claim against the ISP Defendants, they cite the Seventh Circuit's statement that Plaintiff "is [] not asking for any remedy relating to the denial of access to courts that he cannot 'still ... obtain[] through another procedure.'" [Dkt. 136, Def. Motion at ¶8]. Yet they do so while Edgar County's April 19, 2007 motion for partial judgment on the pleadings,[2] which argues that *Wallace v. Kato*, 127 S.Ct. 1091 (2007), defeats Plaintiff's claims in Count I for §1983 false imprisonment and in Count V for the state tort of false imprisonment [Dkt. 126], is still pending before this Court. [See Order of September 26, 2007]. This Court should

---

[1] For purposes of this pleading, the Paris Defendants are Gene Ray, James Parrish and Jack Eckerty (even though Eckerty was an Illinois State Police investigator at the time).

[2] Defendant Edgar County's motion was subsequently joined by Defendants City of Paris, Ray, Parrish, Eckerty, and McFatridge.

1

therefore either deny the present motion, or enter and continue it until Edgar County's motion for partial judgment on the pleadings is resolved.

In their appeal of this Court's order, the ISP Defendants successfully argued "that Steidl never lost a suit nor does he seek a remedy that is otherwise unavailable." *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Plaintiff's denial of access claims against the ISP defendants were for the years he served in prison, his having lost his post conviction litigation and not being pardoned, due to the ISP Defendants' failure to disclose exculpatory, exonerating evidence. The Court of Appeals concluded that the remedy sought by Plaintiff "is essentially the same relief [...] that he would receive if he eventually prevails on his claim for false imprisonment (Count I) and his claim against the City of Paris (Count V). He is therefore not asking for any remedy relating to the denial of access to courts that he cannot 'still ... obtain[] through another procedure. *Christopher [v. Harbury*,] 536 U.S. [403] at 415 [2002].'" *Id.*

Should this Court grant the moving Defendants' motion for partial judgment on the pleadings, under the reasoning articulated by the Seventh Circuit, Plaintiff would at that point be denied a remedy, and he would thus have a viable claim for denial of access to the courts.

For these reasons, this Court should either deny the present motion, or enter and continue it until the motion for partial judgment on the pleadings is resolved.

Dated: October 4, 2007                    Respectfully submitted,

/s/ Jan Susler
G. Flint Taylor
Jan Susler
Ben H. Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622

2

773/235-0070
gftaylorjr@aol.com
jsusler@aol.com
elsonben@aol.com

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242
metnick@springfieldlawfirm.com

Attorneys for Plaintiff