IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR ENTRY OF PROTECTIVE ORDER

Defendants City of Paris, Gene Ray, Jim Parrish and Jack Eckerty, by their attorneys James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd. and Michael McFatridge by his attorney, Terry A. Ekl of Ekl Williams, PLLC, (collectively "Defendants") hereby move this Honorable Court to quash the subpoena issued to Delorto, Mazzola and Associates, Ltd. on December 28, 2007 and for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding the disclosure of reports of private investigators hired by Defendants in the course of this litigation. In support thereof, Defendants state as follows:

### BACKGROUND

On May 27, 2005, Plaintiff filed a Complaint in this matter alleging, *inter alia*, that the Defendants had deprived Plaintiff of his right to be free from false imprisonment and right to a fair trial. (Pl.'s Compl., Dkt 1.) On or about September 21, 2005, Defendants hired the firm of Delorto, Mazzola & Associates, Ltd, ("Delorto"), private investigators, to assist them in preparation of the litigation in this matter. (Ex. A, Affidavit of John Mazzola.) Delorto and its

employees, including Investigator Ken Glowski, are agents of Defendants' attorneys. (Ex. A and Ex. B, Affidavit of Ken Glowski.)

On December 28, 2007, Plaintiff issued a subpoena to Ken Glowski and other investigators at Delorto demanding the production of "any and all documentation produced or generated by your agency or any of its members or produced, generated, or tendered by another agency or any of its members or any private contractor to your agency or any of its members that is associated with or related to the investigation, re-investigation, or agency review of any kind conducted for any purpose which is related to the homicides of Karen and Dyke Rhoads in Paris, Illinois on July 6, 1986, the arson of the Rhoads' home on Court Street in Paris, Illinois on that same date, Gordon Randy Steidl, Herbert Whitlock, or Robert Morgan." (*See* attached Ex. C, Subpoena to Delorto, Mazzola & Associates.)

I.    **Legal Standards**

Federal Rule of Civil Procedure 26(c)(1)(a) allows parties and non-parties to preclude discovery for good cause shown. Fed. R. Civ. Pro. 26(c)(1)(a). Rule 26 further provides that a "party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . and [the court] must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. *See* Fed. R. Civ. Pro 26(b)(3).

When a party requests documents otherwise protected by Rule 26 by subpoena, the subpoena may be quashed. Rule 45 of the Federal Rules of Civil Procedure requires that a subpoena be quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. Pro. 45(c)(3)(iii).

## II.  The Materials Requested by Plaintiff are Privileged and Non-discoverable Under Rule 26

Plaintiff seeks discovery of materials that are privileged under the work-product doctrine. The "work product doctrine encompasses documents prepared in anticipation of litigation by a party's representative or agent." *Hollinger Int'l Inc. v. Hollinger, Inc.*, 230 F.R.D. 508, 511 (N.D. Ill. 2005). The work product doctrine allows an attorney to work within a privileged area "where he can analyze and prepare his client's case." *U.S. v. Nobles*, 422 U.S. 225, 238 (1975). It is recognized that preparation of a case may require the "assistance of investigators . . . in the compilation of materials in preparation of trial . . .[and] it is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." *Id.* at 238-239. The subpoena issued to Delorto, Defendants' investigator, is specifically seeking documents that fall squarely within the work product doctrine. The investigation and subsequent memos and investigative summaries by Delorto were initiated and prepared by Delorto at the behest of Defendants' counsel after litigation was already pending in this matter. Any documents that Delorto has in its possession exist only because Delorto was retained by Defense counsel in preparing their litigation strategy and as such are subject to the work-product doctrine.

Moreover, the documentation sought by Plaintiff, and indeed protected by Rule 26, includes materials that "contain the mental impressions, conclusions, opinions or legal theories of an attorney or other representative" and as such are "out of bounds" and not discoverable. *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006). The basis for protecting such work-product is to prevent the opposing party from taking "a free ride on the

3

other party's research, or get the inside dope on that party's strategy. . ." *Id.* at 768. The documents in Delorto's possession were created for Defense counsel. The impressions, conclusions, opinions and theories on which the investigator's have relied are likely to be contained in the documents. The documents contain information that forms the basis of the Defense's research and strategy and as such should be highly protected work product.

### III. Good Cause Exists for Entry of a Protective Order

The documents listed in the subpoena to Delorto must be protected in order to prevent serious harm and prejudice to Defendants. If a protective order does not issue, and the subpoena remains in tact, Defendants will suffer great prejudice as their litigation strategy and research will be revealed to the Plaintiff. A recent case in the Southern District of Indiana provides a compelling look at why an investigator's report should not be subject to discovery. *See 1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, No. 05-1670, 2007 WL 2904073 (S.D. Ind. May 18, 2007) (attached hereto, Ex. D).

In *1100 West*, the plaintiff's counsel hired a private investigator to assist him in litigation. The defendant subsequently subpoenaed all of the relevant documents that the investigator had in his possession. *Id.* at *1. The plaintiff moved for a protective order and to quash the subpoena. *Id.* The court first found that the "subpoena was patently improper; it would be improper to subpoena counsel's litigation files, and it is equally improper to subpoena counsel's investigator's files." *Id.* The *1100 West* Court offered many reasons why it would issue the protective order. First, the defendant was not entitled to know what documents, privileged or non-privileged, were in the investigator's file. *Id.* Second, the investigator's materials were classic work product. *Id.* at *2. And, third, that the defendant was not "entitled to ride upon the

4

coattails of plaintiff's counsel." *Id.* Based on the foregoing reasons, the court issued the protective order. *Id.* at *3.

The *1100 West* court made specific findings as to the documents in the investigator's file that were related to any third-party statements made to the investigator. *Id.* at *2. The court noted that documents, created by the investigator, that "reflect which potential witnesses [he] interviewed, the questions he chose to ask them, and his notes regarding their answers are classic work product . . . [and] it is frankly perplexing that the Defendant would suggest otherwise." *Id.* at *2. The court based its ruling for the protective order on the fact that the investigator's files were work-product and that the defendant's subpoena to the investigator was inappropriate. *Id.* at *3.

In the case at hand, the subpoena to Delorto is similarly inappropriate because it specifically requests classic work product. The request "specifically includes documentation generated from the date of Delorto's involvement in the Rhoads case to the present, on behalf of any defendant or defense counsel, and includes, but is not limited to any and all reports, summaries, interviews, correspondence, memorandum, 'street files,' notes of any kind, ..." (Ex. C.) Delorto's files include: non-verbatim summaries of interviews conducted at the direction of Defendants' attorneys which highlight topics of discussion relevant to Defendants' litigation strategy; memos to counsel discussing litigation strategy and analyzing certain pieces of evidence; as well as documents provided to Delorto by Defendants' attorneys in preparation for their interviews of witnesses (such as police reports and transcripts that have already been provided to Plaintiff's counsel in this litigation). Delorto's file does not include verbatim transcripts or sworn witness affidavits which have not otherwise been provided in this litigation

and which would arguably fall outside the purview of the work product privilege. As such, there is good cause to enter a protective order precluding Plaintiff's discovery of any and all of the materials in Delorto's possession.

**IV. The Subpoena to Delorto is Overbroad and Should be Quashed**

Plaintiff's subpoena requests "any and all documentation" which is "related to the homicides of Karen and Dyke Rhoads in Paris, Illinois, on July 6, 1986, the arson of the Rhoads' home on Court Street, Paris, Illinois, on that same date, Gordon Randy Steidl, Herbert Whitlock, or Robert Morgan." (Ex. C.) The request specifically includes, but is not limited to, among other things, summaries, notes, logs, e-mails and documentation of phone calls. (*Id.*) It arguably includes categories of items such as bills and expense reports. The only purpose such a broad request will serve is to harass Delorto and improperly provide Plaintiff insight into Defendant's defense strategy.

Pursuant to Federal Rule of Civil Procedure 26, a party is entitled to discover any material, even evidence that would not be admissible in court, if it is reasonably calculated to lead to admissible evidence relevant to issues that are or may become part of the case. *See* Fed.R.Civ.P. 26(b); *Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004). Nonetheless, the Court will quash subpoenas that fail to satisfy this lax test because the materials sought are unlikely to lead to relevant information. *See Stock v. Integrated Health Plan, Inc.,* 241 F.R.D. 618, 624 (S.D. Ill. 2007). To the extent that the materials subpoenaed by Plaintiff does not fall within the purview of the work product doctrine, the subpoena is overbroad and is not designed to lead to discoverable evidence. The Defendants would suffer greatly and their litigation strategy would be jeopardized if the Plaintiff was allowed access to "any and all

6

documentation" regarding Delorto's investigation. Therefore, the subpoena issued to Delorto should be quashed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court Grant this Motion for Entry of a Protective Order and further quash the subpoena issued to Delorto.

Date:   January 11, 2008                    RESPECTFULLY SUBMITTED,

s/ James G. Sotos
Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL  60143-2632
Telephone:  (630) 735-3300
Fax:  (630) 773-0980
jsotos@jsotoslaw.com

s/ Terry A. Ekl
Attorney for Defendant Michael McFatridge
EKL WILLIAMS, PLLC
115 W. 55th Street, Suite 400
Clarendon Hills, Illinois 60514
Tel:     (630) 654-0045
Fax:    (630) 654-0150
tekl@eklwilliams.com

**CERTIFICATE OF SERVICE**

  The undersigned having first been duly sworn under oath, states that he electronically filed a complete copy of the foregoing **Defendants' Motion to Quash Subpoena and For Entry of Protective Order** with the Clerk of the Court on **January 11, 2008** using the CM/ECF system, which will send notification of such filing to the following counsel of record: See Attached Service List.

              s/ James G. Sotos
              James G. Sotos
              JAMES G. SOTOS & ASSOCIATES, LTD.
              550 East Devon Avenue, Suite 150
              Itasca, IL 60143-2632
              Telephone: (630) 735-3300
              Fax: (630) 773-0980
              jsotos@jsotoslaw.com

              *Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty*

<u>**SERVICE LIST**</u>
**GORDON RANDY STEIDL v. CITY OF PARIS, ET AL - 05 C 2127**

**Attorneys for Gordon Randy Steidl:**

Michael Bruce Metnick
METNICK CHERRY & FRAZIER
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
Tel:     (217) 753-4242
Fax:    (217) 753-4642
E-mail:  metnick@springfieldlawfirm.com

G. Flint Taylor; Jan Susler; Ben Elson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
Tel:     (773) 235-0070
Fax:    (773) 235-6699
E-mail:  gftaylorjr@aol.com
         jsusler@aol.com
         elsonben@aol.com

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, and Andre Parker:**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
Tel:     (217) 782-1841
Fax:    (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us

Iain D. Johnston
HOLLAND & KNIGHT, LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel:     (312) 578-6577
Fax:    (312) 578-6666
E-mail:  iain.johnston@hklaw.com

**Attorneys for Edgar County**:

Michael P. Latz; Mark F. Wolfe
BOLLINGER, RUBERRY & GARVEY
Northwestern Atrium Center
500 West Randolph Street, Suite 2300
Chicago, IL 60661-2511
Tel:     (312) 466-8000
Fax:    (312) 466-8001
E-mail:  michael.latz@brg-law.net
         mark.wolfe@brg-law.net

Michael E. Raub; James C. Kearns;
Brian Michael Smith
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street
Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:     (217) 344-0060
Fax:    (217) 344-9295
E-mail:  mraub@hrva.com
         jkearns@hrva.com
         bsmith@hrva.com

**Attorneys for Michael McFatridge:**

Terry A. Ekl; Patrick L. Provenzale;
Vincent C. Mancini
EKL & WILLIAMS, PLLC
115 West 55th Street, Suite 400
Clarendon Hills, IL 60514
Tel:     (630) 654-0045
Fax:    (630) 654-0150
E-mail:  tekl@cewpc.com
         vmancini@cewpc.com
         pprovenzale@cewpc.com