IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 05 cv 2127 |
| ) | Judge Harold Baker |
| ) | Magistrate Judge Bernthal |
| **CITY OF PARIS,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO BAR
DEFENDANTS FROM PROCEEDING WITH DEPOSITIONS
THE WEEK OF JANUARY 21, 2008**

Now comes the plaintiff, Randy Steidl, by and through counsel, Jan Susler, and moves this Court for a protective order to bar defendants from proceeding with depositions the week of January 21, 2008. In support, plaintiff states as follows:

1. On November 8, 2007, the parties appeared before this Court, and a scheduling order was entered and a trial date set. The Court then ordered the parties to discuss and agree upon a course of action to facilitate the completion of discovery.

2. Pursuant to the Court's order, the parties met and conferred after the status hearing and agreed to a general discovery plan which they submitted to the Court and which, on November 14, 2007, the Court adopted. In addition to provisions detailing the production of documents, *see infra*, the parties worked out an agreement with regard to the taking of depositions, setting forth, *inter alia*: the third full week of each month will be dedicated taking depositions of witnesses who reside within 100 miles of Urbana; one month the Plaintiff will schedule three days of

1

depositions and the defendants, two; the following month the defendants will schedule three days of depositions and the Plaintiff two, *etc.*;  and, if the opposing party or parties do not issue a subpoena for deposition for their allotted time within 30 days of the deposition time slot, the other side is free to fill that time period.  For example, if the defendants have Tuesday morning, March 11th, but have not issued a subpoena  for that time period by February 10th then the plaintiff is free to issue a subpoena for that time slot but not to conflict with another previously scheduled deposition.

      3. On December 18, 2007, three days *prior* to that required by the agreement, Plaintiff advised defense counsel that they did not intend to take any depositions in the month of January, so that defense counsel could notice depositions if they intended to use those dates.  Defendants did not do so.  Defendants failed to notify Plaintiff in timely fashion that they intended to proceed with any depositions during the month of January.  It was, therefore, according to the terms of the agreement, presumed that defense counsel did not intend to schedule depositions for the month of January.  Plaintiff's counsel then scheduled other work for the week of January 21st.

      4. Then on January 7th after the close of business, some three weeks after plaintiff understood the January depositions were to be noticed, Beth Ekl, counsel for the Paris defendants, faxed notices of depositions for eleven witnesses for the week of January 21, without providing Plaintiff with copies of the deposition subpoenas or proof of service.

      5. Plaintiff advised defense counsel that they were unavailable on those dates and that defendants' notice of deposition did not comport with the agreement between the parties.  In response, all defendants took issue with plaintiff's understanding of the notice requirements agreed to between the parties and responded that they intended to proceed with the depositions

with or without Plaintiff's counsel present.

6. Plaintiff objected to depositions proceeding without counsel for Steidl present. However, given that the parties asserted different understandings of the terms of the notice agreement and in an effort to accommodate defense counsel, ***Plaintiff offered defense counsel all of Plaintiff's scheduled dates in the month of February.*** In addition, Plaintiff requested proof of service for the deposition subpoenas issued.

7. Defense counsel rejected Plaintiff's accommodation and again asserted they intended to proceed with the depositions. Ms. Ekl advised that service had been affected on all witnesses but one, and that all were available but one. As of this writing, however, she has yet to tender copies of the subpoenas reflecting proof of service.

8. In addition to plaintiff's counsels' unavailability the week of January 21st and the unreasonableness of defense counsel's rejection of plaintiff's offer to take the depositions in February, there are other reasons that these depositions should not proceed in January.

9. Written discovery has not been completed in this case. Pursuant to the terms of the agreed schedule, the parties are to propound written discovery by January 15, 2008, and tender responses to written discovery by February 15, 2008. As of this submission, Plaintiff has received literally hundreds of interrogatories, requests to produce and requests for admissions from the various defendants. Plaintiff's interrogatories will seek, in addition to other matters, information regarding the witnesses subpoenaed by the defendants for January.

10. The parties have tendered their Fed. R. Civ. P. 26(a)(1) required disclosures, and tens of thousands of pages of documents have been produced within the past several weeks by all the parties.

11. In addition, in December, Plaintiff issued subpoenas to the Attorney General, the Special State Appellate Prosecutor's Office, the Illinois State Police, and the FBI seeking materials from each of these agencies' known investigations and re-investigations into the Rhoads' murders. ***On information and belief, each of the agencies possesses documents relevant to the witnesses subpoenaed for deposition by the defendants for the month of January.*** Plaintiff has been advised by counsel for the Attorney General and the State Appellate Prosecutors office that responsive documents exist, that some documents may be produced, but that with regard to others, the agency intends to assert a law enforcement privilege. As of this submission, no privilege log has yet been produced, though such production is expected by the end of the current month. Iain Johnston, who acts as counsel for the instant ISP defendants, *as well as* counsel for the ISP investigators in charge of the recent re-investigation of the Rhoads' case, produced some 3,000 pages of new materials to Plaintiff late in the afternoon of January 10th. Mr. Johnston has indicated that the ISP likewise intends to assert a law enforcement privilege as to other materials, and has proposed a protective order. Meanwhile, the FBI has invoked the Touhy Amendment, and Plaintiff is currently in the process of providing the FBI with the materials necessary to obtain their documents on the Rhoads' case.

12. Plaintiff's subpoena to defendants' private investigator is contested, as evidenced by Defendants' Motion to Quash Subpoena and for Entry of Protective Order [Doc. 153].[1] The instant defendants have retained the services of a private investigation firm, Delorto, Mazzola & Associates, Ltd., to conduct extensive interviews of witnesses and generate extensive reports,

---

[1] Within the time allowed by the Local Rules, Plaintiff will respond separately to the Defendants' Motion to Quash and for Entry of Protective Order.

including, on information and belief, some of the very witnesses whose depositions have been noticed by the defendants for this month. Indeed, a recently produced document reveals the private investigation firm hired by the City of Paris defendants and defendant McFatridge has conducted more than 50 interviews seeking to impugn ISP Lt. Michale Callahan's investigation.

13. Finally, as this court is likely aware, the state dismissed the case against Herbert Whitlock on January 8th. *A number of the scheduled depositions, on information and belief, directly address Mr. Whitlock.* Plaintiff has spoken with Mr. Whitlock's attorney who advised - as has been likewise represented in the media - that Mr. Whitlock intends to file a lawsuit similar to Plaintiff's within the month. Defense counsel's plan thus appears to be to make Plaintiff sit through depositions twice - once in his case, and then again, in Mr. Whitlock's. This appears to be a needless expenditure of resources.

14. In conclusion, Plaintiff is not available for the witness depositions noticed by the defendants for the month of January. Defense counsel has rejected an offer of reasonable accommodation offered by Plaintiff's counsel. Additionally, defense counsel should not be allowed to thwart the discovery process by noticing depositions of witnesses knowing that Plaintiff is not in possession of documents and discovery responses material to those witnesses' testimony. Finally, defendants' plan will amount to duplication of effort and resources by all parties.

WHEREFORE, Plaintiff respectfully requests that this Court enter a protective order barring defendants from proceeding with depositions in the month of January.

Dated: January 14, 2008

                                                s/Jan Susler
                                                Jan Susler

People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622
(773)235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Building
P. O. Box 12140
Springfield, IL 62791-2140
(217)753-4242

Attorneys for Plaintiff