E-FILED
Monday, 14 January, 2008  04:53:41 PM
Clerk, U.S. District Court, ILCD

---

ℹ You replied on 1/10/2008 3:18 PM.

**Elizabeth A. Ekl**

| | |
|---|---|
| **From:** | Terry Ekl [TEkl@eklwilliams.com] | **Sent:** Thu 1/10/2008 2:46 PM |
| **To:** | jsusler@aol.com | |
| **Cc:** | Jim Sotos; Elizabeth A. Ekl; iain.johnston@hklaw.com; Vince Mancini; Michael Raub | |
| **Subject:** | RE: January depositions | |
| **Attachments:** | | |

Dear Jan;

 I really have a hard time understanding your misunderstanding of the discovery agreement the attorneys entered into.  I will discuss the issue again with the other defense attorneys but it is my intention to proceed  with the January depositions for which subpoenas have been served.

 Terry Ekl

---

**From:** jsusler@aol.com [mailto:jsusler@aol.com]
**Sent:** Thursday, January 10, 2008 1:42 PM
**To:** eekl@jsotoslaw.com; Terry Ekl
**Cc:** jsotos@jsotoslaw.com; iain.johnston@hklaw.com; mraub@hrva.com; Vince Mancini; jsusler@aol.com; gftaylorjr@aol.com; springlaw@aol.com
**Subject:** Re: January depositions

Dear Counsel:

We are in receipt of your January 9 email. We do not share your understanding of the discovery agreement as it relates to the scheduling of depositions or the dates agreed upon for the production of documents. You should by now have received Plaintiff's documents on cd's comprised of searchable pdf's. We object to any deposition proceeding without counsel for Plaintiff present. However, given the misunderstanding and now-scheduling problem for Plaintiff's counsel, we are willing to offer you Plaintiff's February deposition dates. Please provide us with copies of each subpoena served, showing execution of the proof of service. Thank you for your cooperation and consideration.

Jan Susler
One of Plaintiff's Attorneys

-----Original Message-----
From: Elizabeth A. Ekl <eekl@jsotoslaw.com>
To: Terry Ekl <TEkl@eklwilliams.com>; jsusler@aol.com
Cc: Jim Sotos <jsotos@jsotoslaw.com>; iain.johnston@hklaw.com; Michael Raub
<mraub@hrva.com>; Vince Mancini <VMancini@eklwilliams.com>
Sent: Wed, 9 Jan 2008 5:19 pm
Subject: RE: January depositions

Jan:

Obviously, there was never an agreement by the parties that they must provide 30 days notice for depositions
or be precluded from taking any depositions in the following month.  All parties agreed to set aside one week a
month for depositions starting in January.  Terry's proposal offered a way to make sure that we maximized
each of those weeks.  On December 18, you indicated that you would not be using your allotted time in January
and offered to allow Defendants to occupy that time.  In accordance with your e-mail, we noticed a number of
depositions for the entire week.  Based on the short time frame in which we have to complete discovery, we
cannot agree to postpone those depositions and intend to proceed with them as scheduled.


Additionally, we still have not received any documents from you, including the long overdue documents from
Mr. Clutter's file.  Please provide us with copies of any and all materials in your possession regarding the
witnesses who have been notice for deposition in the next 7 days.  We also expect to receive your remaining
documents shortly thereafter.


*Elizabeth A. Ekl*

James G. Sotos & Associates, Ltd.

550 East Devon Avenue, Suite 150

Itasca, Illinois  60143

630.735.3303 (Direct phone)

630.773.0980 (Fax)

---

**From:** Terry Ekl [mailto:TEkl@eklwilliams.com]
**Sent:** Wednesday, January 09, 2008 3:11 PM
**To:** jsusler@aol.com
**Cc:** Jim Sotos; Elizabeth A. Ekl; iain.johnston@hklaw.com; Michael Raub; Vince Mancini

**Subject:** RE: January depositions

Dear Jan;

I never stated or implied in my email to you that we were agreeing to provide 30 days notice for depositions.  Here is the exact language of my email which formed the agreement all parties entered into:

> *"If the opposing party or parties do not issue a subpoena for deposition for their allotted time within 30 days of the deposition time slot the other side is free to fill that time period.  For example, if the defendants have Tuesday morning, March 11th, but have not issued a subpoena for that time period by February 10th then the plaintiff is free to issue a subpoena for that time slot but not to conflict with another previously scheduled deposition."*

Terry Ekl

---

**From:** jsusler@aol.com [mailto:jsusler@aol.com]
**Sent:** Wednesday, January 09, 2008 2:56 PM
**To:** eekl@jsotoslaw.com; jsotos@jsotoslaw.com; Terry Ekl; Vince Mancini; mraub@hrva.com; iain.johnston@hklaw.com
**Cc:** jsusler@aol.com; gftaylorjr@aol.com; ElsonBen@aol.com; Springlaw@aol.com
**Subject:** January depositions

January 9, 2008

Dear Ms. Ekl:

On January 7, 2008, after close of business, your notice of deposition arrived by fax. We

were surprised to see that you were noticing deps for January, given there was an agreed upon provision between the parties for 30 days notice (see Terry Ekl's email of November 27, 2007 memorializing that agreement). When we received no deposition notice or subpoenas by December 21, 2007, we scheduled other work for the week of January 21 and are now, unfortunately, not available. While we will all obviously want some flexibility in the scheduling of depositions as discovery proceeds, you need to let us know in advance if you need accomodation. We have no problem if you would like to take three days in February. Please let us know thirty days in advance of the February's deposition schedule.


Yours truly,


Jan Susler

One of Plaintiff's Attorneys

cc: counsel of record

---

More new features than ever. Check out the new [AOL Mail]!

---

size=2 width="100%" align=center>

More new features than ever. Check out the new [AOL Mail]!