E-FILED
Friday, 25 January, 2008 02:36:29 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **GORDON RANDY STEIDL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 05 cv 02127** |
| | ) | **Judge Harold Baker** |
| | ) | **Magistrate Judge Bernthal** |
| **CITY OF PARIS,** ***et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH SUBPOENA**

Now comes the plaintiff, Gordon Randy Steidl, by and through his attorneys and responds to Defendants' Motion to Quash Subpoena and for Entry of Protective Order as follows:

## I. DEFENDANTS WAIVED ANY WORK PRODUCT PRIVILEGE CLAIM.

On December 28, 2007, plaintiff issued a subpoena to the private investigative firm of Delorto, Mazzola & Associates seeking production of any and all materials and documents related to the Rhoads' murders, Randy Steidl, Herbert Whitlock, or other suspects. Plaintiff's subpoena was returnable on January 11, 2008. Defendants did not comply with the subpoena. Rather, on January 11, 2008, Defendants filed a motion to quash the subpoena, claiming a blanket work product privilege. The case relied upon by the defendants to support quashing the subpoena - *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, No. 05-1670, 2007 WL 2904073 (S.D. Ind. May 18, 2007) - is an unpublished opinion, not entitled to precedential weight, and fails to address the determinative issue, *to wit:* waiver.

**A. Defendants Waived Any Work Product Privilege Based Upon Their Disclosure of the Subpoenaed Information to Third Parties.**

Plaintiff's subpoena seeks relevant materials.[1] Indeed, Fed. R. Civ. P. 26(b)(1) defines relevant information as follows:

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 45 governs the use and operation of subpoenas in federal civil cases. Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that a subpoena will be quashed or modified only if it requires disclosure of privileged or other protected matter "and no exception or waiver applies." Here, the defense has waived any asserted work product privilege because they disclosed the information to a third party.

Documents recently produced by the Illinois State Police reveal that private investigator Glowski, one of the investigators retained by the defendants and whose affidavit is attached to defendants' motion to quash, disclosed the information which defendants now claim is privileged work product to the Illinois State Police, specifically to ISP Agent Jeff Marlow, the individual in charge of the ISP's re-investigation of the Rhoads' murders. *See* Exhibit A, attached. Marlow's investigative report documents defense investigator Glowski's initiation of communication with Marlow and his voluntary disclosure of information gathered by the defense investigators to Marlow. Marlow's report notes that he was "all ears" when Glowski revealed that his

---

[1]Defendants do not dispute the relevance of the subpoenaed materials other than to assert that the subpoena is "overbroad" because it "arguably includes categories of items such as bills and expense reports." *See* Motion to Quash at 6. Plaintiff's subpoena does not seek bills or expense reports, and a plain reading of the subpoena does not suggest such an interpretation, which is calculated to detract from the obvious relevance of the subpoenaed materials, which, on information and belief - *see infra*, include extensive reports of witness interviews.

investigative firm had conducted some 50 interviews and revealed the identity of many of the interviewees and the substance and import of their testimony. Glowski voluntarily revealed to Marlow and the ISP facts and information, as well as mental impressions, conclusions, and opinions. *See* Exhibit A.

The protection provided by the work product doctrine is not absolute, and it can be waived. *See United States v. Nobles*, 422 U.S. 225, 239 (1975). Disclosure of work product to a government or law enforcement agency amounts to waiver of the work product privilege. *See In re: Qwest Communications International, Inc.*, 450 F.3d 1179 (10th Cir. 2006); *accord In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 306 (6th Cir. 2002) ("[m]any of the reasons for disallowing selective waiver in the attorney-client privilege context also apply to the work product doctrine. The ability to prepare one's case in confidence . . . has little to do with talking to the Government . . . . [e]ven more than attorney-client privilege waiver, waiver of the protections afforded by the work product doctrine is a tactical decision . . . . [W]hether or not to 'show your hand' is quintessential litigation strategy.").

In *Qwest*, the Tenth Circuit Court of Appeals considered and rejected a claim by the party that disclosure and cooperation with a law enforcement agency - in that case the Department of Justice - should be considered a "selective waiver" of the work product privilege and not a blanket waiver requiring disclosure to the opposing party. The Tenth Circuit noted the almost unanimous rejection of the concept of "selective waiver" by both federal and state courts and declined to apply selective waiver in a case where the government agency was free to further disclose or disseminate the information. Thus, *Qwest* dictates that the instant defendants waived any work product privilege claim based upon their disclosure of the information to Agent Jeff

Marlow and the Illinois State Police, who like the DOJ in *Qwest*, were free to disclose the information obtained from PI Glowski.

**B. Defendants Additionally Waived any Work Product Privilege Claim by Failing to Provide the Description Required by the Federal Rules.**

In addition to waiver based upon the defendants' disclosure of the information to third parties, Fed. R. Civ. P. 45(d)(2)(A) , which mirrors the language contained in Fed. R. Civ. P. 26(b)(5), sets forth with specificity what a party seeking to assert a privilege or to protect trial preparation materials must provide to the opposing party in order that the claim of privilege may fairly be assessed:

> (d) Duties in Responding to Subpoena.
> (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Defendants' Motion to Quash, accompanied by the affidavits of two of the investigators - Ken Glowski and John Mazzola - does not provide a description sufficient to enable plaintiff to assess the claim of privilege but instead, simply asserts a blanket privilege. Failure to provide the description required by both Fed. R. Civ. P. 26 and 45 amounts to waiver of the claim of work product privilege, and this Court has discretion to order the documents produced. *See Mold-Masters v. Husky Injection*, 2001 U.S. Dist. LEXIS 21052 at *8 (N.D. Ill. 2001); *Christman v. Brauvin Realty Advisors, Inc.*, 185 F.R.D. 252, 257-58 (N.D. Ill. 1999); *Conagra, Inc. v. Arkwright Mut. Ins. Co.*, 32 F. Supp. 2d 1015, 1017-18 (N.D. Ill. 1999); *Yorke v.*

*Kaminsky (In re Stern Walters Partners)*, 1996 U.S. Dist. LEXIS 3041 at **5-6, 15 (N.D. Ill. 1996). This Court should exercise its discretion and order compliance with the subpoena based upon defendants' failure to comply with the mandate of Fed. R. Civ. P. 45 because the subpoenaed materials are relevant to this litigation and because the defendants voluntarily disclosed the materials to a third party.

In conclusion, the Court should order that the subpoenaed information be produced because the defendants have waived any asserted privilege by voluntarily disclosing the information to a third party and by failing to provide a description of the withheld information sufficient to assess the claim.[2]

January 25, 2008

Respectfully submitted,

/s/ Jan Susler

Jan Susler
Ben H. Elson
G. Flint Taylor
People's Law Office
1180 N. Milwaukee Avenue
3rd Floor
Chicago, Illinois 60622
(773)235-0070

[2] In the event that this Court determines that the record is insufficient to establish waiver, plaintiff reserves the right to supplement the record of waiver on the basis of sworn testimony adduced during discovery or at a hearing and if necessary, to challenge defendants' assertion that the materials in fact constitute privileged matter. Before any such challenge is made, however, the defense should be ordered to produce a description of the withheld materials sufficient to enable plaintiff to contest the claim. *See* Fed. R. Civ. P. 45(d)(2)(A) and 26(b)(5).