*Steidl v. City of Paris, et al*
Case No.     05-2127
Our File No.  1040

**Exhibit**
**E**

**Jim Sotos**

| | |
|---|---|
| **From:** | jsusler@aol.com |
| **Sent:** | Friday, February 22, 2008 9:52 AM |
| **To:** | Jim Sotos; Elizabeth A. Ekl; Julie K. Bisbee |
| **Cc:** | gftaylorjr@aol.com; ElsonBen@aol.com; Springlaw@aol.com; Iain.Johnston@hklaw.com; TEkl@eklwilliams.com |
| **Subject:** | Re: memo to Judge Baker |

Jim:

You are correct in assuming that we are not changing our position with regard to the waiver of any privilege on the documents we produced to you in court. We similarly assume by your silence that, unfortunately, you are not reconsidering your assertion of privilege.

Your citation to *Eagle Compressors* is inapposite. We are not asserting waiver based upon your disclosure of the documents to the adversary, plaintiff. We are asserting waiver based upon defendants' disclosure of the documents to a third party.

Jan


-----Original Message-----
From: Jim Sotos <jsotos@jsotoslaw.com>
To: jsusler@aol.com; Elizabeth A. Ekl <eekl@jsotoslaw.com>; Julie K. Bisbee <jbisbee@jsotoslaw.com>
Cc: gftaylorjr@aol.com; ElsonBen@aol.com; Springlaw@aol.com; Iain.Johnston@hklaw.com; Terry Ekl <TEkl@eklwilliams.com>
Sent: Thu, 21 Feb 2008 1:07 pm
Subject: RE: memo to Judge Baker

Jan,

Have you reconsidered or should we file our reply without the benefit of your explanation as to how you received the investigative documents. Please let me know. Thanks,

Jim

---

**From:** Jim Sotos
**Sent:** Wednesday, February 20, 2008 11:51 AM
**To:** 'jsusler@aol.com'; Elizabeth A. Ekl; Julie K. Bisbee
**Cc:** gftaylorjr@aol.com; ElsonBen@aol.com; Springlaw@aol.com; 'Iain.Johnston@hklaw.com'; 'Terry Ekl'
**Subject:** RE: memo to Judge Baker

Jan,

We have talked to Mr. Delorto and Mr. Curry, and are still unable to determine how you received the documents. Moreover, your statement that a work product privilege is waived anytime documents are disclosed to third parties is incorrect. The applicability of waiver involves several factors, including who the documents were disclosed to,

whether the recipient was an adversary, and whether the disclosure to the adversary was intentional or inadvertent. See *Eagle Compressors, Inc., v. HEC Liquidating Corp.*, 206 F.R.D. 474, 479-80 (N.D. Ill. 2002). Your assertion that waiver automatically occurs upon disclosure to third parties confuses the application of waiver principles concerning the attorney client privilege with application of waiver to documents for which a work product privilege is asserted.

The first time we asked you about these documents prior to our trip to Urbana you refused to even identify them. Now you refuse to tell us how you got them though even rudimentary research would tell you that this information is critical to an assertion of waiver. Please reconsider your refusal to disclose all the circumstances surrounding your receipt of these documents so that Judge Baker will have all the information he needs in order to determine whether a waiver occurred.

Thank you,

Jim Sotos

**From:** jsusler@aol.com [mailto:jsusler@aol.com]
**Sent:** Wednesday, February 20, 2008 11:11 AM
**To:** Jim Sotos; Elizabeth A. Ekl; Julie K. Bisbee
**Cc:** gftaylorjr@aol.com; ElsonBen@aol.com; Springlaw@aol.com
**Subject:** Re: memo to Judge Baker


Dear Counsel,

We write in response to your email requesting certain information from us concerning the 66 pages of documents we tendered to Mr. Sotos and Ms. Ekl on February 13, the documents referred to in Plaintiff's Motion for Leave to Supplement his Response to Defendants' Motion to Quash Subpoena [Doc 163].

Under the applicable law, once purportedly privileged documents are disclosed to third parties, they are no longer privileged. The documents in question have two fax numbers which you have by now undoubtedly identified as belonging to Messrs. Delorto and Glowski, who are your investigators. The documents also bear the email address of a third party, Dan Curry, a publicist for non-party witness Robert Morgan. On February 13, Mr. Sotos informed us that he had Mr. Curry's telephone number and would inquire of him to determine his apparent involvement in the waiver. In our view, those individuals are in a position to answer questions you may have concerning waiver. In that light, how we obtained the documents, after they were disclosed to third parties, i.e., after waiver, is immaterial.

On a related note, please advise, as suggested by Judge Baker, whether you persist in your claim of privilege, or whether you will now withdraw your claim.

Very truly yours,

Jan Susler
Flint Taylor
Attorneys for Plaintiff

2/28/2008

-----Original Message-----
From: Jim Sotos <jsotos@jsotoslaw.com>
To: jsusler@aol.com; Elizabeth A. Ekl <eekl@jsotoslaw.com>
Cc: Julie K. Bisbee <jbisbee@jsotoslaw.com>
Sent: Fri, 15 Feb 2008 11:29 am
Subject: RE: memo to Judge Baker

Jan,

We're fine with the memo. Could you respond to Julie Bisbee's email regarding the investigator documents. We're trying to figure out exactly what happened so we can reply to your waiver argument? Thanks, Jim

**From:** jsusler@aol.com [mailto:jsusler@aol.com]
**Sent:** Friday, February 15, 2008 11:20 AM
**To:** Elizabeth A. Ekl; Jim Sotos
**Subject:** memo to Judge Baker

Jim, Beth: everyone else has weighed in on the draft memo to the judge. I'd like to file this afternoon before I begin a lengthy meeting at 3:00. Thanks. Jan

More new features than ever. Check out the new AOL Mail!

<hr size=3 width="100%" align=center>

More new features than ever. Check out the new AOL Mail!

More new features than ever. Check out the new AOL Mail!

2/28/2008