IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05 cv 02127 |
| ) | Judge Harold Baker |
| ) | Magistrate Judge Bernthal |
| **CITY OF PARIS,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO SUPPLEMENT HIS RESPONSE TO DEFENDANTS' MOTION TO QUASH SUBPOENA WITH ADDITIONAL EXHIBITS (UNDER SEAL) RELEVANT TO THE ISSUE OF WAIVER**

Plaintiff Gordon Randy Steidl, by and through his attorneys, renews his motion for leave to file the attached documents (under seal) relevant to the issue of waiver resulting from defendants' disclosure of allegedly privileged materials to third party, Dan Curry. In support, Plaintiff states as follows:

1. On December 28, 2007, plaintiff issued a subpoena to the private investigative firm of Delorto, Mazzola & Associates, seeking production of any and all materials and documents related to the Rhoads' murders, Randy Steidl, Herbert Whitlock, or other suspects.

2. Defendants did not produce the subpoenaed documents but rather, on January 11, 2008, filed a motion to quash the subpoena, claiming a blanket work product privilege. [Doc. 153].

3. On January 25, 2008, Plaintiff filed a response to defendants' motion to quash asserting

that defendants waived any alleged claim of privilege based upon their disclosure of the materials to third party, Jeff Marlow of the ISP, and their failure to provide a description of the withheld materials sufficient to enable the demanding party to contest the claim. [Doc. 159]. Plaintiff's response specifically reserved the right to challenge the underlying assertion of privilege, but advised that waiver would make this determination moot.

4. Thereafter, Plaintiff obtained the attached documents and filed a motion for leave to supplement their pleading on waiver with the documents themselves. [Doc. 163].

5. On February 13, this Court instructed plaintiff's counsel to tender the documents to defense counsel, and ordered defendants to review the materials and advise whether or not they intended to proceed with, or withdraw, their claim of privilege and granted defendants leave to file a reply brief.

6. On February 29, defendants filed their reply brief. In it, defendants admit that they gave Dan Curry the attached "under seal" documents. Dan Curry is Robert Morgan's lay publicist and personal representative. Defendants further admit that Mr. Curry gave the documents to Jim Dey, *a newspaper reporter*, who then gave them to Michale Callahan.

7. As plaintiff has repeatedly advised counsel for the defense, disclosing alleged work product to third parties— whether those third parties are law enforcement officials such as Jeff Marlow or parties whose interest the defendants remain committed to protecting, such as Bob Morgan and Dan Curry— amounts to waiver of the privilege.[1] See, e.g., *In re Qwest*

---

[1] A cursory review of just the first page of the attached materials belies defendants' blanket claim of work product privilege asserted in the sworn affidavits of defense investigators Delorto and Glowski. Because the privilege has been waived, however, this Court need not address the issue of whether these materials were legitimately asserted to constitute work product to begin with. However, defendants' false assertion provides ample basis for the Court to require

2

*Communications International, Inc*. 450 F.3d 1179 (10th Cir. 2006).

    8. Such disclosure is antithetical to the adversary process. Defendants ought not be allowed to falsely assert privilege and recast legal arguments in order to manipulate the system and operate untenably behind-the-scenes.

    9. While Plaintiff maintains that defendants' assertion of work product is illegitimate and that any such assertion has been waived by defense counsel and their agents' broad disclosure of the materials to at least non-parties Jeff Marlow and Dan Curry, out of respect for the matters pending before the Court, and given the ambiguity as to the relationship of the remaining defendants— Edgar County and the ISP defendants— to the private investigators and the asserted privilege, plaintiff hereby attaches these documents as a "sealed exhibit."

    WHEREFORE Plaintiff respectfully renews his request for leave to file the attached "under seal" materials in Response to Defendants' Motion to Quash Subpoena, to aid the court in its determination whether any asserted privilege as to these documents has been waived and to further assist the Court in its determination as to any assertion of privilege with respect to the remaining subpoenaed documents.

Dated: March 3, 2008                        Respectfully Submitted,

                                              /s/
                                              Jan Susler
                                              Flint Taylor
                                              Ben Elson
                                              People's Law Office

---

defendants to disclose on the record the identity of all third parties who have been given access to documents and information claimed to be work product; to identify all documents so disclosed; and to provide a detailed privilege log of all documents claimed to not have been disclosed to any third party in order that this Court may determine the veracity of any continuing claims of privilege.

1180 N. Milwaukee Avenue
Chicago, Illinois 60622
(773)235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

Attorneys for Plaintiff