UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GORDON RANDY STEIDL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 05-2127 |
| | ) |
| CITY OF PARIS, GENE RAY, | ) |
| JAMES PARRISH, JACK ECKERTY, | ) |
| MICHAEL McFATRIDGE, EDGAR | ) |
| COUNTY, STEVEN M. FERMON, | ) |
| DIANE CARPER, CHARLES E. | ) |
| BRUEGGEMANN, ANDRE PARKER | ) |
| and KENNETH KAUPUS, | ) |
| | ) |
| Defendants. | ) |

ORDER

The plaintiff, Gordon Randy Steidl ("Steidl") has filed an eleven-count complaint alleging federal constitutional violations under 42 U.S.C. § 1983 as well as state law tort claims. Edgar County has filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The motion has been joined by defendants City of Paris, Gene Ray, Jim Parrish, Jack Eckerty and Michael McFatridge. Ray, Parrish and Eckerty have also filed a motion for reconsideration of their motion to dismiss Count III, which has been joined by McFatridge.

I. Motion for partial judgment on the pleadings
A. Section 1983 false imprisonment

A defendant may move for judgment on the pleadings to raise Rule 12(b) defenses regarding procedural defects. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). The court applies the standard applicable to a Rule 12(b) motion. *Alexander*, 994 F.2d at 336 (*citing Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989); 5A Wright & Miller, § 1367 at 516). The court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). "Once a claim for relief has been stated adequately, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (*quoting Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

The movants argue that the holding in *Wallace v. Kato*, 127 S. Ct. 1091 (2007), forecloses Steidl's claims on false imprisonment, Counts I (42 U.S.C. § 1983) and V (state law). As explained in *Wallace*, "The sort of unlawful detention remediable by the tort of false

1

imprisonment is detention *without legal process*[.]" *Wallace*, 127 S. Ct. at 1095 (emphasis in original). *Wallace* held that claims of false arrest and false imprisonment begin to accrue when the victim is bound over by the magistrate or arraigned on charges, and if not filed within two years thereafter, they are time barred. *Wallace*, 127 S. Ct. at 1096. Once the victim is held pursuant to legal process, the circumstances "form part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace*, 127 S. Ct. at 1096 (emphasis in original). Steidl asserts a separate state law claim of malicious prosecution (Count VI), but no federal malicious prosecution claim.

Steidl argues that the holding in *Wallace* is inapplicable to his false imprisonment claims, noting that *Wallace* was "expressly limited to the Fourth Amendment false-arrest claim" at issue in that case. The court is not persuaded by the distinction. "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 127 S. Ct. at 1095. Steidl further contends that his claims are governed by *Heck v. Humphrey*, 512 U.S. 477 (1994), under which the claims would begin to accrue when the criminal proceeding terminated in his favor. *Heck*, 512 U.S. at 489-90. However, the claim in *Heck* was more analogous to malicious prosecution:

> The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, *unlike the related cause of action for false arrest or imprisonment*, it permits damages for confinement imposed pursuant to legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 888 (5th ed. 1984). But a successful malicious prosecution plaintiff may recover, in addition to general damages, "compensation for any arrest or imprisonment, including damages for discomfort or injury to his health, or loss of time and deprivation of the society." *Id.* at 887-888.

*Heck*, 512 U.S. at 484 (emphasis added). Thus, *Wallace* and *Heck* deal with related but distinct claims. Steidl's false imprisonment claim is governed by *Wallace*, not *Heck*.

Steidl appears to argue that there was no "legal process" in his case because the fabrication and/or omission of evidence vitiates a finding of probable cause. However, the Illinois Appellate Court found probable cause similarly lacking in *Wallace*. 127 S. Ct. at 1094. Thus, the factual distinction between the two cases does not warrant a different outcome for Steidl than Wallace.

### B. State law false imprisonment

In *Wallace*, the Court noted, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 127 S. Ct. at 1095 (emphasis in original). Steidl's state false imprisonment claim is not foreclosed by the holding in *Wallace*.

Under Illinois law, a tortious cause of action accrues and the limitation period begins to

run when the plaintiff's interest is invaded. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). If the tort involves a continuing or repeated injury, the limitation period begins on the date of the last injury or the termination of the tortious acts. *Feltmeier*, 798 N.E.2d at 85. However, it is important to distinguish between continuing unlawful acts or conduct versus continued ill effects from an initial violation. *Feltmeier*, 798 N.E.2d at 85.

The defendants argue that Steidl's imprisonment did not result from continuing unlawful acts; if anything, his continued imprisonment amounted to a continued ill effect of an alleged initial violation. Steidl argues that he has alleged numerous wrongful actions and failures to act that extended beyond his initial arrest. Those acts include making public statements to influence prosecutors to keep Steidl in custody for retrial when, in 2003, he was granted relief pursuant to 28 U.S.C. § 2254. One or more of the defendants may have committed some of those acts within the two-year period before Steidl filed this complaint. Such acts may constitute continuing conduct rather than continued ill effects of the initial wrongful conduct and, depending on the dates of those acts, could give rise to a timely false imprisonment claim under Illinois law.

For the foregoing reasons, the motion for judgment on the pleadings is granted as to Steidl's Section 1983 false imprisonment claim (Count I), and denied as to his state law false imprisonment claim (Count V).

## II. Motion for reconsideration

The defendants have moved the court to reconsider the denial of their motion to dismiss Count III. The basis for reconsideration is the Seventh Circuit's opinion in *Steidl v. Fermon*, 494 F.3d 623 (7th Cir. 2007), in which the Court of Appeals determined that Steidl's claim of denial of access to the courts should be dismissed. Motions for reconsideration are appropriate when the law or facts change significantly after the issue is presented to the Court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The Seventh Circuit ruling on Steidl's access-to-courts claim is not limited to the appellant-defendants' role in the alleged wrongdoing; it addresses an infirmity in the complaint. The Court concluded that Steidl could not sustain his claim because the remedy he sought could "still [be] obtain[ed] through another procedure." *Steidl v. Fermon*, 494 F.3d 623, 633 (*quoting Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Steidl's prayer for compensatory and punitive damages, costs and attorney fees is "the same relief . . . that he would receive if he eventually prevails on his claim for false imprisonment (Count I) and his claim against the City of Paris (Count V)."[1] *Steidl*, 494 F.3d at 633.

Steidl contends that if Count I is dismissed pursuant to *Wallace*, he would be denied a remedy and would then have a valid claim for denial of access to the courts. However, Steidl

---

[1] But Count V is Steidl's state false imprisonment claim; Count IV is his claim against the City of Paris. Since both Counts IV and V are pending, the court need not unravel this discrepancy. Steidl seeks the same relief on his other Section 1983 claims.

3

has other Section 1983 and state law claims upon which he may prevail.

Consequently, Steidl's access-to-courts claim (Count III) is dismissed as to all defendants.

### III. Discovery motions

Also pending are a motion to quash subpoena and for entry of a protective order [153], a motion for protective order [155], an emergency motion to compel depositions [157], a motion for an order to show cause and motion to compel production of documents from Michale Callahan [161] and a motion for leave to file a reply brief [162]. After these motions were filed, the court held a status conference and the parties were ordered to submit an agreed discovery memorandum, which they have done. In view of the status conference and the parties' agreement on certain aspects of discovery, the court is uncertain as to whether any of these motions are now moot. The movants are ordered to file, within five days of the date of this order, a motion to withdraw any of the motions that are mooted by the agreed discovery memorandum. Any discovery motions still pending after that time will be set for hearing by personal appearance before the court.[2]

### CONCLUSION

The motion for partial judgment on the pleadings [125] is granted in part and denied in part; Count I is dismissed. On its own motion, the court grants Steidl leave to amend his complaint to restate Count I as a claim for malicious prosecution under § 1983, the amended complaint to be filed within seven days of the date of this order, and the defendants to answer within seven days thereafter. The motion for reconsideration [136] is granted; Count III is dismissed. The parties are ordered to file, within five days of the date of this order, a motion to withdraw any of the motions that may be moot by virtue of the agreed discovery memorandum.

Entered this 14th day of March, 2008.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that other documents may also be intended as motions, although they were not docketed as such. Any motions not listed herein were not docketed by the parties as motions. The court will not rule upon motions that are not properly docketed as motions. To correct the error, the parties may refile the documents by selecting the proper docketing event.