IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Gordon "Randy" Steidl, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05 C 2127 |
| v. | ) Honorable Harold A. Baker |
| | ) Judge Presiding |
| | ) |
| City of Paris, et al., | ) |
| | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the agreement of the parties, the Court hereby finds as follows:

1. The plaintiff is seeking the production of documents that defendants represent contain highly sensitive and confidential personal, disciplinary and investigatory information including Illinois State Police Division of Internal Investigations reports and investigations, case files, business profiles, individual profiles, confidential informant/source information, CABINET information, financial audits and telephone audits and the defendants are seeking medical and psychiatric records from plaintiff (hereafter "Confidential Material"), which require protection from disclosure.

2. The parties do not concede that all of their production requests will require protection as "Confidential Material," but for purposes of proceeding cooperatively to conduct discovery, the parties agree to the provisions of this Order.

3. The designation of information as "Confidential Material" does not create a presumption in favor or against that status. In the event of a dispute as to whether specific material is "Confidential Material," the party asserting confidentiality shall bear

the burden of establishing good cause for a protective order within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

4. There exists good cause pursuant to Rule 26(c) for entry of a protective order governing the disclosure of "Confidential Material." However, this order shall not be construed as a waiver of any right that the parties may have to object to the disclosure of any material based on relevance, privilege, vagueness, overbreadth or any other objection.

5. All parties have agreed to the entry of this protective order.

THEREFORE, IT IS HEREBY ORDERED:

1. The "Confidential Material" shall be produced by the parties and each page on which "Confidential Material" appears shall be separately marked "Confidential." All copies of materials so designated shall be maintained by the parties' counsel in a safe, secure and confidential manner and not disclosed except as provided for in paragraph 3 below. In the event that a party inadvertently fails to mark or otherwise designate a document as "Confidential" at the time of production or disclosure, the party shall have ten (10) business days after learning of the inadvertent failure to designate the document as "Confidential" by serving a letter identifying the documents containing the "Confidential Material" with specificity. Regardless of the designation of documents as "Confidential," the parties may redact certain sensitive personal information, such as home telephone numbers and addresses, social security numbers, driver's license numbers and other personal identification information ("Personal Identification Information"). If all Personal Identification Information is redacted from a document marked or identified as "Confidential" and which does not otherwise contain

"Confidential Material," then the "Confidential" designation of that document will no longer exist.

2. Recipients of "Confidential Material" and the information contained therein produced pursuant to this Order shall use such material solely for the purpose of conducting litigation in this case. No "Confidential Material" and the information contained therein shall be used in any other litigation or in any other manner whatsoever and no such material or information contained therein shall be disclosed to any other person except as provided for in paragraph 3 below.

3. "Confidential Material" may be disclosed only to:

    a. The parties and their attorneys working directly on this litigation, including all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorneys, provided that any and all such persons first be shown a copy of this Order, explained its terms and sign an affidavit as provided by Exhibit "A" stating that they shall: (i) be bound thereby, (ii) not use such "Confidential Material" for any purpose other than in connection with the prosecution or defense of this action and not for any other purpose or any other case; (iii) not disclose any such "Confidential Material" to any person other than a person who has received a copy of this Order and is subject to its provisions; and (iv) upon termination of their involvement with this case, return such "Confidential Material" to counsel;

    b. Any person from whom testimony is taken, and provided that such person may only be shown copies of "Confidential Material" during his or her testimony and may not retain any such material;

    c. Any expert witnesses or consultants retained by the parties or their counsel for this case as is reasonably necessary for discovery or trial preparation, including clerical personnel directly employed by or retained by such expert witness or consultant, provided, however, that any such person shall be advised of and shown a copy of this Order and shall execute an affidavit as described in paragraph 3a above and as attached as Exhibit "A".

    d. The Court, its clerks and clerical employees working under the direct supervision of the Court;

3

  e. Court reporting personnel involved in taking or transcribing any testimony in this litigation who have signed an affidavit described in paragraph 3a above and as attached as Exhibit "A"; and

  f. Any person that the Court designates in the interest of justice including a party or an agent of a party upon terms that the Court deems proper.

4. Counsel may object to any designation of materials as "Confidential" at any time in the litigation by stating any such objection in writing and, if no resolution is reached among the parties, filing a motion with the Court.

5. "Confidential Material" shall not be copied except for use in connection with this case.

6. This Order shall govern disclosure of the "Confidential Material" for discovery and all other purposes but shall not govern the use of "Confidential Material" in any court proceeding or at any evidentiary hearing. Counsel shall provide actual notice to opposing counsel at least ten (10) business days before the use of any material designated as "Confidential" at any court proceeding or at any evidentiary hearing, or the attachment of any such material to any court filing, to afford opposing counsel an opportunity to raise appropriate objections, or to request that such materials be filed under seal. If a party objects to the other party's intention to attach material designated as "Confidential" to a court filing, the objecting party must file such material separately, under seal. Thereafter, the objecting party shall have ten (10) business days to file a motion with the Court seeking to maintain such material under seal. If the objecting party fails to bring such a motion within ten (10) business days, the materials filed under seal shall, by the terms of this Order, be automatically unsealed.

7. Within forty-five (45) days after entry of final judgment in the case, including appeals or petitions for review, the parties' counsel shall destroy all copies of

4

the "Confidential Material" except as contained in counsel's copy of any motion or other paper filed with the Court. The parties' counsel shall execute and serve on each other affidavits attesting to the fact that all "Confidential Material" has been destroyed.

8. If attempts to resolve confidentiality disputes by agreement are unsuccessful, any party may seek Court intervention. Any party or interested member of the public may seek relief from the provisions of this Order for good cause shown.

9. If additional parties join or are joined to this action, that newly-joined party shall not have access to "Confidential Material" until such party has agreed, in writing, to be bound by this Order.

By: s/ Janis Susler
Attorney for Plaintiff

By: s/ Iain D. Johnston
Attorney for Diane Carper, Steven Fermon, Andre Parker, Charles Brueggemann, and Ken Kaupas

By: s/ James Sotos
Attorney for City of Paris, Jack Eckerty, Gene Ray and James Parrish

By: s/ Michael Raub
Attorney for Edgar County

By: s/ Terry Ekl
Attorney for Michael McFatridge

IT IS ORDERED.

Date: April 3, 2008        s/ Harold A. Baker
                           Honorable Harold A. Baker
                           U.S. District Court Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Gordon "Randy" Steidl, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05 C 2127 |
| v. | ) Honorable Harold A. Baker |
| | ) Judge Presiding |
| | ) |
| City of Paris, et al., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT PURSUANT TO AGREED PROTECTIVE ORDER

I, _____, being duly sworn, state the following on personal knowledge.

1. I have read the Agreed Protective Order Judge Baker entered in this case.

2. I am within the categories of individuals identified in paragraph 3 of the Agreed Protective Order.

3. I have read the Agreed Protective Order, understand its terms and agree to be bound by the terms of the order.

4. I will not use "Confidential Material" for any purpose other than in connection with this case.

5. I will not disclose "Confidential Material" to any person other than a person who has received a copy of the Agreed Protective Order and is subject to its provisions.

6. Upon termination of this litigation, I will return all "Confidential Material" to counsel

6

7. If called to testify as a witness, I could competently testify to the foregoing.

_____

Subscribed before me
this _____ day of _____, 200__.

_____
NOTARY PUBLIC

# 5071991_v3