**E-FILED**
Monday, 12 May, 2008 12:02:22 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **GORDON RANDY STEIDL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 05 cv 2127** |
| | ) | **Judge Harold Baker** |
| **CITY OF PARIS,** *et al.* | ) | **Magistrate Judge Bernthal** |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
### DEFENDANTS CITY OF PARIS, RAY, PARRISH, ECKERTY AND McFATRIDGE, FOR FAILING TO COMPLY WITH THIS COURT'S ORDER OF APRIL 16, 2008

Plaintiff, Randy Steidl, by his attorneys, and pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, moves this Court to enter an order for sanctions against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge,[1] for failing to comply with its order of April 16, 2008 [Doc 192]. In support, Plaintiff states:

1. On January 11, 2008, Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge moved to quash the subpoena Plaintiff served on Delorto, Mazzola & Associates, also moving for a protective order, asserting a work product privilege. [Doc. 153].

2. After briefing from the parties and oral argument, this Court entered an order on April 16, 2008, denying defendants' motion to quash and for entry of a protective order. [Doc 192]. Finding that the defendants waived the work product privilege with respect to sixty-six pages already in Plaintiff's possession, the Court ruled that "[t]he sixty-six pages represent just a small

---

[1]It is unclear whether other defendants also retained these same private investigators. If in fact they did, this motion is directed to them as well.

part of the whole (the tip of an iceberg) over which the defendants may not claim work product privilege."

3. On April 18, plaintiff's counsel sent an email to counsel for the City of Paris Defendants and Defendant McFatridge seeking full compliance with the subpoena on or before April 28, 2008, and on April 28 and thereafter, plaintiff's counsel was unsuccessful in communicating with City of Paris counsel Beth Ekl.

4. On May 6, 2008, when Ms. Ekl phoned plaintiff's counsel to discuss the schedule for depositions, Ms. Ekl advised that she instructed Mr. Glowski and other investigators at Delorto, Mazzola & Associates not to comply with the Court's order, offering that they intend to orchestrate a contempt in order to perfect an appeal.

5. This willful violation of the Court's order on the part of Defendants City of Paris, Ray, Eckerty, Parrish and McFatridge, by and through their counsel, prejudices Plaintiff Steidl's ability to proceed with discovery. The Defendants' investigators have interviewed many of the witnesses on the parties' witness lists, including the witnesses who these Defendants noticed for deposition in January, which Defendants have indicated they will seek to depose in May. Not only will Plaintiff be prevented from access to these witnesses' prior statements, but the interview notes and memoranda, once produced, could necessitate Plaintiff having to re-convene depositions of witnesses already deposed.

6. Counsel for the Paris defendants, Beth Ekl, refused even to disclose to Plaintiff's counsel the Delorto/Mazzola interview notes or memoranda with respect to the witnesses previously noticed, asserting the very same work product privilege expressly rejected by this Court.

7. Fed. R. Civ. P. Rule 37(b)(2) provides the Court with a range of sanctions when a party and/or his attorney refuses to comply with an order providing or permitting discovery. The Rule gives the Court broad discretion to determine whether sanctions are warranted and what kind of sanctions to impose. *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, 2007 U.S. Dist. LEXIS 77439 at *20 (N.D. Ill.). The Court has discretion to choose the appropriate sanction considering the record. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). A knowing and willful failure to comply with a court order, such as here, supports a finding of bad faith. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). Although a finding of bad faith is not required in order for the Court to impose a sanction [Id.], sanctions are appropriate when a party "displays wilfulness, bad faith, or fault." *Ropak Corp. v. Plastican, Inc.*, 2006 U.S. Dist. LEXIS 63224 at *10 (citation omitted) (N.D. Ill. 2006).

8. In addition to the Court's broad discretion to impose sanctions under Rule 37, the Court also has the inherent power to manage its own docket and to fashion appropriate sanctions for conduct which abuses the judicial process. *Reddick v. Bloomingdale Police Officers*, 2003 U.S. Dist. LEXIS 5054, No. 96 C 1109, 2003 WL 1733560, at *9 (N.D. Ill. April 1, 2003), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

9. Appropriate sanctions, as set forth in Rule 37, include:

(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part.

Pursuant to Fed. R. Civ. P. Rule 37(b)(2), the Court may:

a) bar these defendants from presenting at trial any evidence contesting Plaintiff's actual innocence [*see, e.g.*, *Ropak Corp. v. Plastican, Inc.*, 2006 U.S. Dist. LEXIS 63224 (N.D. Ill. 2006)];

b) strike the defendants' affirmative defenses regarding probable cause and bar them from presenting evidence at trial on the issue of probable cause [*see, e.g.*, *Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.,* 2004 U.S. Dist. LEXIS 5543, *14-15 (N.D. Ill.)];

c) bar the defendants from deposing and from calling at trial each and every witness for whom interview notes and memoranda are not produced [*see, e.g.*, *Aon Risk Servs. v. Shetzer*, 2002 U.S. Dist. LEXIS 16035 (N.D. Ill.)].

10. Other appropriate sanctions include a fine for each day the defendants do not comply with the Court's order [*see, e.g.*, *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003)]; and an award of costs and attorneys fees for the time and costs expended in obtaining this discovery, and for any depositions that must be re-convened based on information undisclosed by Defendants. *See, e.g.*, *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

WHEREFORE, Plaintiff asks this Court to enter an order for sanctions against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge[2] for failing to comply with its order of April 16, 2008, and for attorneys fees and other such relief as this Court deems appropriate.

Dated: May 12, 2008                              s/Jan Susler_____
                                                 Jan Susler

---

[2]It is unclear whether other defendants also retained these same private investigators. If in fact they did, this motion is directed to them as well.

G. Flint Taylor
Ben Elson
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622
773/235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Building
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

Attorneys for Plaintiff