IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GORDON RANDY STEIDL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05-CV-2127 |
| CITY OF PARIS, Present and Former Paris | ) Honorable Harold A. Baker |
| Police Officials Chief Gene Ray and Detective | ) Judge Presiding |
| James Parrish; former Illinois State Trooper | ) |
| Jack Eckerty; former Edgar County State's | ) |
| Attorney Michael McFatridge; EDGAR COUNTY; | ) |
| and Illinois State Police Officials Steven M. | ) |
| Fermon, Diane Carper, Charles E.Brueggemann, | ) |
| Andre Parker, and Kenneth Kaupus, | ) |
| | ) |
| Defendants. | ) |

**PRIVACY ACT ORDER PURSUANT TO 5 U.S.C. § 552a(b)(11)**

This matter coming before the Court for presentation of the Plaintiff's Motion for Privacy Act Order pursuant to 5 U.S.C. § 552a(b)(11). The Court finds as follows:

1. The materials requested by the Plaintiff via subpoena duces tecum to the Federal Bureau of Investigations-Springfield Division and United States Marshall for the Central District of Illinois are relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure or are reasonably calculated to lead to the discovery of admissible evidence.

2. The United States District Court for the Central District of Illinois has competent jurisdiction over the subpoenaed materials.

3. The general protections of the Privacy Act are superceded by the need of the litigants to have full information. Therefore, the Court authorizes that the Federal Bureau of Investigations and US Marshall provide the information requested by the subpoenas without Privacy Act redactions.

4. The un-redacted information may be disseminated only to a "qualified person", which means:

(a) Counsel to any of the parties herein actually working on this case and that counsel's paralegal, legal assistants, secretaries, consulting experts or testifying experts who are assisting counsel in this litigation.

(b) The named parties, including public officials of the Defendants, CITY OF PARIS and EDGAR COUNTY.

(c) The presiding Court at any pre-trial, or post-trial stage of this case, either **in camera**, or in a sealed envelope, or under such other safeguards as the presiding Court may require in order for un-redacted information to be used or introduced at any pre-trial, trial, or post-trial hearing herein.

5. This Order shall be binding upon the parties and their attorneys, and upon other persons over which they have control, and shall continue to be binding upon conclusion of this action. Counsel will be responsible for explaining to each "qualified person" that the names and personal information in the documents from the FBI and US Marshal must not be disseminated to others who are not "qualified persons." The presiding Court retains jurisdiction over the parties for enforcement of the provisions of this Order following conclusion of this case.

ENTERED: May 13, 2008                s/ Harold A. Baker
                                     Honorable Harold A. Baker
                                     U.S. District Court Judge