IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 05 cv 2127 |
| ) | Judge Harold Baker |
| **CITY OF PARIS**, *et al.* ) | Magistrate Judge Bernthal |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S REPLY TO
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST DEFENDANTS CITY OF PARIS, RAY, PARRISH, ECKERTY
AND McFATRIDGE FOR FAILING TO COMPLY
WITH THIS COURT'S ORDER OF APRIL 16, 2008**

Defendants do not deny that they are in violation of this Court's order. Rather, they inappropriately reargue positions already rejected by this Court, and they assert for the first time a privilege they could have previously asserted but did not. They also misconstrue the breadth of the Court's order.[1] Finally they erroneously argue that sanctions against the party defendants are not called for. They are wrong on all counts, and this Court should grant Plaintiff's motion for sanctions.

**I. Defendants' response is in essence a motion for reconsideration, and as such should be denied.**

Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge have filed what amounts to a motion to reconsider this Court's Order of April 16, 2008, arguing that this Court erred in

---

[1]The only fair reading of this Court's denial of the defendants' motion to quash is that defendants were to produce *all* investigative documents subpoenaed, not just those turned over to Dan Curry.

1

requiring them to produce the remaining investigative documents, rearguing the same Rule 26 arguments previously rejected by the Court. Motions to reconsider are "rarely appropriate." *McKnight v. Dean*, 2000 U.S. Dist. LEXIS 9856 at *2, 2000 WL 968822 *1 (N.D. Ill. 2000). "They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to it, or has made an error not of reasoning but of apprehension." *McKnight*, 2000 U.S. Dist. LEXIS 9856 at *2-3, 2000 WL 968822 at *1, quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Defendants do not allege errors of law or fact, nor do they present newly discovered evidence.

Furthermore, defendants raise for the first time, through their privilege log,[2] an issue they could have raised, but did not raise, initially in their January 11 motion to quash or for protective order: now, in addition to the work product privilege—the only privilege asserted in their motion to quash—they assert the attorney-client privilege. The affidavits submitted as exhibits to the initial motion to quash, from John Mazzola and Ken Glowski, make no allusion to any such privilege. [Doc. 153]. Nor did defendants assert the attorney-client privilege in their reply (filed February 29). Similarly, neither the affidavits submitted as exhibits to their reply, nor the

---

[2]Interestingly, in their February 29 reply, defendants argued that a privilege log would violate the work product privilege. Yet, in an apparent change of heart, they provide such a log. Clearly their current interpretation of the work product privilege is more elastic than they care to admit, and is not the stringent, take no prisoners privilege they originally postured it to be.

affidavit submitted as an exhibit to the response to Plaintiff's motion for sanctions, makes any allusion to any such privilege.[3]

Matters that could have been raised in prior pleadings are not appropriately raised in a motion to reconsider. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d at 1270. See also *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("a motion for reconsideration is an improper vehicle . . . to tender new legal theories"); *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (motion to reconsider is not appropriate vehicle "to tender new legal theories for the first time").

**II. Defendants' production of an additional five pages notwithstanding, they have failed to comply with this Court's Order.**

The Court ordered: "The sixty-six pages represent just a small part of the whole (the tip of an iceberg) over which the defendants may not claim work product privilege."[4] Quite unambiguously, the Court continued: "The motion to quash subpoena and for entry of a protective order is denied." [Doc. 192 at 3].

In a smoke and mirrors act, Defendants seek to distract the Court from the fact that they have not complied with its order, by attempting to divert attention to the disclosure of additional pages they provided to Dan Curry. Defendants elsewhere in their response refer to "hundreds of pages" of investigative memos [Def. Response to Pl. Motion for Sanctions, Doc. 198 at 1], yet they have admittedly produced only 71 pages. To comply with this Court's Order, they must

---

[3] These include affidavits from James Sotos, who signed the defendants' response, as well as Dan Curry, Terry Ekl and Jim Dey.

[4] In a footnote, the Court wrote "Whether there is a privilege to redact attorneys' opinions is an additional question not touched upon here."

produce *all* the documents subpoenaed.  The defendants refuse to produce any interviews memos, stating that "any factual information contained [in the investigators' reports] ... will otherwise be produced during the course of discovery."

**III. Defendants' revelation that they withheld documents is further grounds for sanctions.**

Under the benign heading "All documents that were previously disclosed to any third party are in plaintiff's possession," defendants hope to diminish the effect of their initial non-disclosure to Plaintiff and to the Court of the existence of additional documents not previously provided to Plaintiff.

Both defendants' counsel and Dan Curry knew in January and May of 2006 what had been disclosed to Curry (see: Terry Ekl February 28 affidavit: "In January and May of 2006 I shared portions of the investigative memoranda with Dan Curry, an advisor to a non-adversarial third party." (at ¶2); Dan Curry February 29 affidavit: "In January and May of 2006, I received email communication from Terry Ekl, defense counsel to Michael McFatridge which included portions of investigative memos prepared by Delorto, Mazzola and Associates." (at ¶2)). Defendants filed their reply on February 29, and made absolutely no mention of the fact that the 66 pages in Plaintiff's possession did not comprise the full disclosure defendants made to Dan Curry. This Court determined on April 16 that defendants waived their work product privilege as to the documents they disclosed to Dan Curry. Yet they waited until May 29, when they filed the response to plaintiff's motion for sanctions, to reveal that they had not disclosed the entire production they made to Curry.[5]

---

[5]While the May 29 Curry affidavit includes a paragraph with the number of pages (at ¶3), the February 29 Curry affidavit does not. The only other difference in the 2 Curry affidavits is the paragraph in the May 29 affidavit (at ¶6) "I do not recall if I provided Mr. Dey with all seventy-

4

Defendants' withholding of these five pages raises further questions about the true number of documents revealed to Curry[6] and the credibility of unsworn assertions of privilege as to the additional investigative documents, and is further grounds for sanctions.

**IV. The requested sanctions are appropriate and should be imposed.**

Finally, defendants argue that Rule 45, not Rule 37, should govern, given that this matter started out with a subpoena of defendants' investigators[7] and further suggest, without citing any authority, that any contempt under Rule 45 should go against defendants' counsel and not against those subpoenaed.

However, it was the defendants themselves who invoked Rule 26 when they moved to quash the subpoena and for entry of a protective order, arguing that the subpoena of their investigators sought "classic work product" and was therefore inappropriate. [Doc. 153]. The case on which they rely in their motion, *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.,* 2007 WL 2904073 (S.D. Ind.), invoked Rule 26 and not Rule 45, although it was a subpoena to a party's private investigator which inspired the litigation resulting in that opinion. Hence, Rule 26 is an appropriate vehicle for sanctions here, as is the Court's inherent power.

---

one (71) pages of investigative reports that I received from Mr. Ekl."

[6]For instance, the Curry bates stamped production of 71 pages includes six pages not previously produced, and also includes three duplicate pages.

[7]Plaintiff served a subpoena— the proper vehicle for obtaining documents from a non-party *[see In re Bextra*, 2008 U.S. Dist. LEXIS 21098 (N.D. Ill. 2008)]— on the investigators from Delorto after learning that they were conducting interviews of witnesses associated with the Rhoads murders. Thereafter, defendants filed a motion to quash, formally acknowledging that Delorto is their agent and claiming work product. Defendants' admission that Delorto is their agent makes this a dispute between parties, and therefore, one governed by Fed. R. Civ. P. 37 - not 45. Defendants' attempt to recast this dispute as one governed by Fed. R. Civ. P. 45 is an attempt to delay the proceedings by trying to effectuate an appeal of a contempt order.

It is well established that parties to litigation are bound by the acts of their attorneys. *See Easley v. Kirmsee*, 382 F.3d 693, 699-700 (7th Cir. 2004); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997); *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). *See also United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634-35 (7th Cir. 1994) (attorney's negligence, gross negligence, or even intentional misconduct bound client and was not grounds for relief).

Defendants also argue that the sanctions sought by Plaintiff are too harsh. However, the Court has broad discretion, under Fed. R. Civ. P. Rule 37(b)(2) and based on the inherent power, to manage its own docket and to fashion appropriate sanctions for abuse of the judicial process, to determine whether sanctions are warranted, and what kind of sanctions to impose. The sanctions suggested by Plaintiff are far from the harshest available, and are both appropriate and well tailored to the defendants' violation of this Court's Order.

Plaintiff thus urges this Court to grant his motion for sanctions.

Dated: June 4, 2008                s/Jan Susler_____
                                    Jan Susler
                                    G. Flint Taylor
                                    Ben Elson
                                    People's Law Office
                                    1180 N. Milwaukee Avenue
                                    Chicago, IL 60622
                                    773/235-0070

                                    Michael Bruce Metnick
                                    Metnick, Cherry, Frazier, and Sabin, L.L.P.
                                    Second Floor - Myers Building
                                    P. O. Box 12140
                                    Springfield, IL 62791-2140
                                    217/753-4242

                                    Attorneys for Plaintiff