IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | Honorable Harold A. Baker |
| CITY OF PARIS, et al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

**CURRENT ILLINOIS STATE POLICE OFFICIALS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS V, VI, VII, AND VIII (STATE LAW CLAIMS)**

Defendants, Charles Brueggemann, Diane Carper, Steven Fermon, Andre Parker and Kenneth Kaupus (collectively "Current ISP Officials"), by their counsel, Iain D. Johnston of Johnston Greene LLC, Special Assistant Attorney General, hereby move this Honorable Court to dismiss Counts V, VI, VII, and VIII of the Plaintiff, Gordon Randy Steidl's Complaint, pursuant to Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). In support of this motion, the Current ISP Officials state the following:

   **I.     Introduction**

This Court should dismiss the state law claims (Counts V, VI, VII, and VIII) asserted by plaintiff Gordon Randy Steidl ("Plaintiff" or "Steidl") against defendants Steven Fermon, Diane Carper, Charles Brueggemann, Andre Parker and Kenneth Kaupus, who at all times relevant to this case were Illinois State Police ("ISP") employees (and are collectively referred to herein as "the Current ISP Officials") because this Court lacks subject matter jurisdiction due to the doctrine of sovereign immunity. Steidl's claims are, in effect, claims against the State of Illinois, and as such are within the exclusive jurisdiction of the Illinois Court of Claims. Steidl's

1

supplemental state-law claims all assert torts, which the Current ISP Officials allegedly committed through conduct arising directly from their responsibilities as employees of the State. Steidl never alleges, nor is he able to allege, that any of the Current ISP Officials:

- acted outside the scope of their authority;
- had any relationship with him or owed any special duty to him beyond that which was created by their employment status with the ISP; or,
- took any actions outside of their normal job functions.

Because Steidl has essentially sued the State of Illinois through the Current ISP Officials, the doctrine of sovereign immunity requires that this Court dismiss Counts V, VI, VII, and VIII as to the Current ISP Officials for lack of jurisdiction.[1]

## II.    Allegations Of The Complaint

Although the Current ISP Officials dispute many of the allegations in Steidl's Complaint, for purposes of this motion to dismiss, the Court may accept as true the following material allegations. Steidl's Complaint spans a period of twenty-one years, and stems from the double homicide of Dyke and Karen Rhoads on July 6, 1986 in Paris, Illinois. (Complaint ¶ 13). Steidl was found guilty of murder and arson. (Complaint ¶ 50). In 2003, Steidl prevailed on a petition for writ of *habeas corpus* when the Federal District Court vacated his conviction, and remanded his case back for a new trial. (Complaint ¶ 94). Attorney General Lisa Madigan did not appeal the Court's order granting Steidl's petition for *habeas corpus* and charges against Steidl were *nolle prosequied* in May 2004. (Complaint ¶¶ 95, 97).

Steidl's claims against the Current ISP Officials relate to actions taken from April 2000 onward, when the ISP undertook an investigation of Steidl's conviction. (Complaint ¶ 77).

---

[1] Jurisdictional issues can be raised at any time. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002). Although the Current ISP Officials are filing this motion now, they raised the lack of jurisdiction over these counts in their Answer and Affirmative Defenses. Dkt. #144, p. 70.

Steidl alleges that during the course of this investigation, the Current ISP Officials became aware of evidence that was exculpatory, and failed to disclose such evidence to him or his attorneys. (Complaint ¶¶ 78-84). Steidl further alleges that the Current ISP Officials suppressed the ISP's investigation, thereby limiting the development of further exculpatory evidence, prolonging his incarceration, and interfering with his petition for clemency. (Complaint ¶¶ 78-93).

Steidl asserts four separate supplemental state-law tort claims against the Current ISP Officials: a claim for false imprisonment (Count V), malicious prosecution (Count VI), intentional infliction of emotional distress (Count VII), and conspiracy (Count VIII) (Complaint ¶¶ 118-31).

### III.    Standard of Review

Federal Rule of Civil Procedure 12(b) (1) requires that this Court dismiss any action for which it lacks subject matter jurisdiction. Fed. R. Civ. Pro. 12(b) (1); *see also Murrhee v. Principi,* 364 F.Supp.2d 782, 785 (C.D.Ill. 2005). "Federal courts are not courts of general jurisdiction. They have only those powers authorized by the Constitution and statutes enacted by Congress pursuant to the Constitution." *Small v. Chao*, 377 F.Supp.2d 654, 658 (C.D.Ill. 2003) *citing* 28 U.S.C. §1331 and *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). Any cause of action not authorized by the Constitution or federal statute must be dismissed for lack of subject matter jurisdiction. *Id.*

Steidl asserts that this Court has jurisdiction of the supplemental state-law claims pursuant to Section 1367. 28 U.S.C. §1367. However, if the supplemental claims could only be brought in the Illinois Court of Claims, rather than the Circuit Court, then this Court lacks jurisdiction over these claims. *See Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2002).

For the purpose of ruling on this type of Rule 12(b) (1) motion to dismiss, this Court must accept as true all well-pleaded allegations, and make all reasonable inferences in Steidl's favor. However, where subject matter jurisdiction is at issue, Steidl, who invokes jurisdiction, bears the burden of supporting the allegations of jurisdictional facts with competent proof. *Murrhee,* 364 F. Supp.2d at 785.

  **IV.** **Steidl's State Law Claims Against the Current ISP Officials Must Be Dismissed For Lack of Subject Matter Jurisdiction Pursuant to Rule 12 (b) (1) Because They Are Precluded By Sovereign Immunity and Within the Exclusive Jurisdiction of the Illinois Court of Claims.**

This Court should dismiss Steidl's state law claims against the Current ISP Officials because this Court lacks subject matter jurisdiction over such claims: the Illinois Court of Claims has *exclusive* jurisdiction over all tort claims brought against the State.

Although the Illinois Constitution abolished sovereign immunity, the Illinois legislature reinstated it through the State Lawsuit Immunity Act, which provides that the state may only be a defendant in circumstances set forth in the Court of Claims Act. 745 ILCS 5/1. The Court of Claims Act provides, in part, that the Court of Claims "shall have *exclusive* jurisdiction to hear and determine . . . all claims against the State for damages in cases sounding in tort." 705 ILCS 505/8 (d) (emphasis added). The Court of Claims also has exclusive jurisdiction over tort claims against State officers for conduct that arises as a result of their State employment because such claims are essentially claims against the State itself: they can subject the state to liability, or change and/or control the practices and policies of the state. *Richman v. Sheahan,* 270 F.3d 430, 441 (7th Cir. 2001); *see also Weilburg v. Suggs,* 2006 U.S. Dist. LEXIS 60721, 2007 WL 1498852 at *6 (C.D.Ill. May 21, 2007) *citing Currie v. Lao,* 148 Ill.2d 151, 592 N.E.2d 977 (1992).

"The determination of whether an action is against the state does not depend on the formal designation of the parties, but instead on the issues involved and relief sought." *Ketelsen v. Smith*, 2006 U.S. Dist. LEXIS 60721, 2006 WL 2361898 at *5 (August 14, 2006 C.D.Ill.) *citing Healy v. Vaupel,* 133 Ill.2d 295, 549 N.E.2d 1240, 1247 (1990). Courts consider three factors when assessing whether a lawsuit against a State official is, in fact, a lawsuit against the State:

(1) whether the official acted within the scope of his authority;

(2) whether the duty the official allegedly breached is owed solely by virtue of state employment; and

(3) whether the complained-of action the official allegedly took, involved matters within his normal official functions.

*Id*.; *see also Richman v. Sheahan,* 270 F.3d 430, 441 (7th Cir. 2001); *Currie v. Lao,* 148 Ill.2d 151, 592 N.E.2d 977, 980 (1992); *Jinkins v. Lee,* 209 Ill.2d 320, 807 N.E.2d 411, 418 (2004).

Steidl's state law claims against the Current ISP Officials must be dismissed because he has in effect sued the state for various torts, and such claims may only be brought in the Court of Claims. Steidl makes no allegation that the Current ISP Officials were acting outside the scope of their authority. The duties Steidl invokes in pleading his state law claims were owed solely due to the Current ISP Officials' employment: but for their positions, no duty or opportunity for breach of such duty would have existed. Steidl's Complaint relies entirely upon actions taken by the Current ISP Officials in performing normal job functions: no extraordinary, or extracurricular conduct is alleged. The Current ISP Officials were merely arms of the state, and thus are protected by the doctrine of sovereign immunity. The Court of Claims is the exclusive forum for Steidl's state law claims.

5

### A. The Current ISP Officials' Actions Were Entirely Within Their Scope of Authority.

Steidl's Complaint alleges the Current ISP Officials engaged in various degrees of misconduct that resulted in a conspiracy to falsely imprison, maliciously prosecute, and intentionally inflict emotional distress upon him. (Complaint ¶¶118-31). But Steidl never alleges that the Current ISP Officials' conduct fell outside the bounds of their authority. To the contrary, the conduct Steidl complains caused him harm was simply part and parcel of the Current ISP Officials' job duties. But alleging the Current ISP Officials did their jobs in a tortuous manner is insufficient. "[I]f one could defeat sovereign immunity by simple reference to a tort, there would be no such thing as sovereign immunity to tort actions." *See Branham v. Mengler,* 2005 U.S. Dist. LEXIS 38060, 2005 WL 3534223 at *3 (December 21, 2005 C.D.Ill) *citing Jackson v. Alvarez,* 358 Ill.App.3d 555, 831 N.E.2d 1159, 1164 (Ill. App.Ct. 2005). "Because sovereign immunity presupposes the possibility of a legal wrong by a state employee, and legal wrongs are, *per se*, unauthorized, the relevant question cannot be whether the employee had authority to commit the legal wrong. Instead, the question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong." *Id.* (internal cites omitted).

For example, in *Richman v. Sheahan,* 270 F.3d 430 (7th Cir. 2001), plaintiff's son died while in the process of being restrained by law enforcement officials. *Id.* at 434. Plaintiff brought both §1983 and state law claims against the law enforcement officials. *Id.* The Seventh Circuit held that for the purpose of determining whether the defendants' acts were in the scope of their authority, the fact that the acts were not "specifically authorized [was] not dispositive so long as it [was] of the general kind [they] were authorized to perform and [was] motivated, at least in part, by a motive to serve the principal." *Id.* at 442. The Seventh Circuit concluded that

the law enforcement officials' acts were attributable to the state for the purposes of sovereign immunity, and that the plaintiff's state law claims should be dismissed and brought in the Court of Claims. *Id.*

Similarly, in *Hampton v. City of Chicago,* 349 F.Supp.2d 1075 (N.D.Ill. 2004), the plaintiff alleged he was wrongfully convicted of a murder he did not commit, that exculpatory evidence was withheld during his initial trial and post-conviction proceedings, and that he was wrongfully incarcerated for 11 years. *Id.* at 1077. He brought various claims against individual defendants, including state law claims for malicious prosecution, intentional infliction of emotional distress, and *respondeat superior. Id.* at 1077-78. The court held that "absent allegations that [the defendant] acted for a purpose independent of and unrelated to his employment, the conduct [complained of] is not outside the scope of agency." *Id.* at 1080. *See also Jackson v. Alvarez*, 358 Ill.App.3d 555, 831 N.E.2d 1159, 1164 (Ill. App.4th Dist. 2005) (a state nurse's responsibility to supervise patients, even if carried out in a grossly careless manner such that a patient died, was still within the scope of her authority as an employee, and thus met the first criterion of sovereign immunity).

Here, as in *Richman* and *Hampton*, Steidl accuses the Current ISP Officials of varying degrees of misconduct in pleading the torts of conspiracy, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. However, all of the alleged misconduct was the result of actions taken within the Current ISP Officials' scope of authority: indeed, it is only through exercising their authority that the Current ISP Officials had any opportunity to allegedly commit a tort in the first place. They were not acting "independently" or in a manner "unrelated" to their employment. Steidl makes no allegation that the Current ISP Officials acted outside the scope of their authority. Rather, even taking Steidl's allegations at

7

face value, the Current ISP Officials were charged with investigating the circumstances of his conviction. (Complaint ¶ 77). His state law claims complain of the official actions taken in response to that investigation. Sovereign immunity applies to these actions.

### B. State Employment Was the Sole Source of The Current ISP Officials' Duties to Steidl.

The Current ISP Officials had no relationship with Steidl outside of their State employment: their only duties to him were contingent upon their job status with the State. Had the Current ISP Officials owed a special duty to Steidl, outside their job responsibilities, their actions may not be protected by sovereign immunity. For example, sovereign immunity will not protect a state doctor, because a doctor owes a duty to his patients regardless of his status as an employee of the state. *See Jinkins v. Lee,* 209 Ill.2d 320, 807 N.E.2d 411, 416-17 (2004).

The Illinois Supreme Court expanded upon the "source of the duty" rule in *Currie v. Lao,* 148 Ill.2d 151, 592 N.E.2d 977 (1992). In *Currie,* the court held that sovereign immunity did not shield the defendant police officer who crashed his squad car into another driver, because the defendant's duty stemmed from his status as a driver, and not as a police officer. The court noted that there could be circumstances in which the duty owed as a driver was trumped by the duties being performed as a police officer –i.e. a high speed pursuit—and in those instances, sovereign immunity would apply. *Id.* at 980-81. *See also Magdziak v. Byrd*, 96 F.3d 1045, 1049 (7th Cir. 1996) (holding that an officer driving in a high speed chase was protected by sovereign immunity as his manner of driving was directly related to his state employment).

But when a defendant's duties stem solely from his status as an agent of the State, sovereign immunity applies. For example, in *Turner v. Miller,* 301 F.3d 599 (7th Cir. 2002), a prison inmate brought claims under §1983 and state law against various prison officials for injuries he sustained when he was shocked by exposed electrical wiring in the prison showers.

8

*Id.* at 600. The Seventh Circuit held that because the relationship between the plaintiff and defendants "would not have had a source" outside the defendant's employment status with the state, plaintiff's state law claims were precluded by sovereign immunity and had to be brought in the Court of Claims. *Id.* at 602-603.

The Current ISP Officials are analogous to the prison officials in *Turner*: they owed Steidl no duties outside their employment by the State. None of the Current ISP Officials owed independent duties to Steidl comparable to the doctor in *Jinkins*. Nor were any of the Current ISP Officials engaged in activities, such as driving a car, which would impose an additional duty of care. Rather, the sole source of duty was their positions within the ISP. Steidl does not allege the Current ISP Officials owed him any special duty of care, nor can he. His state law claims rely entirely on the duties owed by the Current ISP Officials as employees of the state—consequently, they must be brought in the Court of Claims.

### C. The Complained-of Actions Were Within the Current ISP Officials' Normal and Official Functions[2]

Steidl makes no allegation that any of the Current ISP Officials' actions were outside their normal and official functions. Instead, Steidl complains about the *results* of the Current ISP Officials' job performance. For example, he alleges that they wrongfully failed to turn over certain evidence to him and his lawyers. (Complaint ¶¶ 78-84). However, the decision to disseminate such information (or not) falls squarely within the Current ISP Officials' normal and official job functions. Just because Steidl alleges the Current ISP Officials' actions had tortuous results does not make the actions outside their normal and official functions.

---

[2] Some courts have noted that the factors established by the Illinois Supreme Court in *Healy* and *Jinkins* overlap to some extent, especially the first ("scope of authority") and third ("matters ordinarily in employee's normal and official functions") factors. *See, e.g. Jackson v. Alverez,* 358 Ill.App.3d 555, 831 N.E.2d 1159, 1164 (Ill. App. 4th Dist. 2005). Regardless, the Current ISP Officials address, and meet the requirements, for each factor.

For example, in *Hampton v. City of Chicago,* 349 F.Supp.2d 1075 (N.D.Ill. 2004), the defendant had interrogated the plaintiff before his arrest, and generally served as part of the investigatory team by interviewing various witnesses to the murder, participating in witness lineups, preparing a felony review card, preparing a written confession for the plaintiff's signature, and approving felony charges. *Id.* at 1081. The court found that these were all job functions performed solely on behalf of the state. *Id.* The court dismissed all the plaintiff's state law claims for lack of subject matter jurisdiction. *Id*. at 1080-81.

The Current ISP Officials' actions are analogous to those of the defendant in *Hampton*. All the injuries Steidl complains of are directly related to the Current ISP Officials' normal and official job functions. Steidl makes no allegation that any of the Current ISP Officials took actions outside those functions. He has not plead facts to overcome the hurdle of sovereign immunity

## V.    Conclusion

Wherefore, the Current ISP Officials respectfully request that this Court dismiss Counts V, VI, VII, and VIII of the Complaint against the Current ISP Officials for lack of subject matter jurisdiction, and direct Steidl to pursue his state law tort allegations in the Court of Claims, the exclusive court of jurisdiction for such actions against the state.

Respectfully submitted,
Current ISP Officials

By: s/ Iain D. Johnston
One of Their Attorneys
Iain D. Johnston
Bar Number: 6204667
Attorney for Defendants
Brueggemann, Fermon,
Carper, Parker and Kaupus
Johnston Greene LLC
542 South Dearborn Street, Suite 1310
Chicago, Illinois 60605
Phone: (312) 341-9720
Facsimile: (312) 341-0700
ijohnston@johnstongreene.com