IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **GORDON RANDY STEIDL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 05 cv 2127 |
| | ) | **Judge Harold Baker** |
| **CITY OF PARIS,** *et al.* | ) | **Magistrate Judge Bernthal** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PRESERVE EVIDENCE**

Plaintiff, Randy Steidl, by his attorneys, and pursuant to Rule 26 (c), Federal Rules of Civil Procedure, moves this Court to enter a protective order instructing the defendants to preserve all documents and evidence concerning all the Rhoads homicide investigations and the investigation, prosecution and subsequent post conviction litigation with respect to Randy Steidl and Herbert Whitlock. In support, Plaintiff states:

1. On June 17, 2008, at the deposition of Illinois State Police [ISP] Zone 5 evidence custodian Sue Voges, Ms. Voges testified that in February of 2001, when ISP evidence inventories documented that the Rhoads homicide case was still open and pending appeal, ISP agents destroyed a videotape. [Exhibit A, Voges deposition 51-52, 54, 77-79]. Ms. Voges testified that she did not know the contents of the destroyed videotape evidence. [Exhibit A at 51-52, 55; Exhibit B, Voges deposition exhibit 1: Case Exhibits History, pp 1-2].

2. Ms. Voges further testified that she could not think of any reason that would justify the destruction of evidence in a pending homicide case. [Exhibit A at 85]. She further testified that there was no shortage of storage space in the statewide evidence vault "because they have tons of

1

space." [Exhibit A at 89-90].

3. On June 17, 2008, upon learning of the destruction of relevant evidence, Plaintiff's counsel asked all defense counsel to agree that no further evidence be destroyed. Present were Iain Johnston, for the current ISP defendants as well as for the ISP witness; Elizabeth Ekl for the Paris defendants and Jack Eckerty; Vince Mancini for defendant McFatridge; and Mike Raub for Edgar County.

4. No agreement was reached at the deposition. Later, the defendants likewise rejected the proposed order attached to this motion.

5. Rule 26 (c), Federal Rules of Civil Procedure, allows the Court to enter a protective order where the movant shows good cause and demonstrates the need for such an order, through particular and specific facts. See, e.g., *Silva v. Fortis Benefits Insurance Co.*, 437 F.Supp.2d 819, 827 (N.D. Ill. 2006).

6. With the aforementioned Voges testimony, and the nature of Plaintiff's claims, including that he is innocent of the Rhoads homicides and that the defendants obtained and continued his malicious prosecution, wrongful conviction and false imprisonment, including by suppressing exculpatory evidence, Plaintiff has certainly met the burden to establish good cause for the entry of a protective order prohibiting any further destruction of evidence.

WHEREFORE, Plaintiff asks this Court to enter a protective order instructing the defendants to preserve all documents and evidence concerning all the Rhoads homicide investigations and the investigation, prosecution and subsequent post conviction litigation with

respect to Randy Steidl and Herbert Whitlock.

Dated: July 31, 2008	s/Jan Susler_____
Jan Susler
G. Flint Taylor
Ben Elson
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622
773/235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Building
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

Attorneys for Plaintiff