**E-FILED**
Thursday, 07 August, 2008  02:22:07 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **GORDON RANDY STEIDL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 05 cv 2127** |
| | ) | **Judge Harold Baker** |
| **CITY OF PARIS,** *et al.* | ) | **Magistrate Judge Bernthal** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF STEIDL'S RESPONSE**
**TO THE CURRENT ILLINOIS STATE POLICE OFFICIALS' MOTION TO DISMISS**
**COUNTS V, VI, VII, AND VIII (STATE LAW CLAIMS)**

The current Illinois State Police Officials' Motion to Dismiss Counts V, VI, VII, and VIII should be denied because their challenge to this court's jurisdiction over the state claims has been waived. In the alternative, the defendants' motion should be denied because the Illinois Court of Claims does not have exclusive jurisdiction over Plaintiff's state law tort claims against these defendants.

**I.      Defendants Waived Any Challenge to this Court's Jurisdiction.**

**A.      Defendants' Failure to Raise the Issue in their Original Motion to Dismiss.**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction. Challenges based on state sovereign immunity are not 12(b)(1) motions but rather, are 12(b)(6) motions for failure to state a claim. *See Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000); *O'Reilly v. Montgomery County*, 2003 U.S. Dist. LEXIS 4585 (7th Cir. 2003). As such, defendants' failure to raise these grounds in their original motion to dismiss precludes

them from raising them now.  Fed. R. Civ. P. 12(g)(2) states:

> **Limitation on Further Motions.**  Except as provided in Rule
> 12(h)(2) or (3), a party that makes a motion under this rule must
> not make another motion under this rule raising a defense or
> objection that was available to the party but omitted from its earlier
> motion.[1]

The court in  *Moore v. Ford Motor Co.*, 1994 U.S. Dist. LEXIS 652 at \*6, considered this issue

and denied the second motion to dismiss, holding:

> The objective of Rule 12(g) is to eliminate unnecessary delay at the pleading
> stage.  Wright and Miller, 5A Federal Practice and Procedure Civil 2d, § 1384 at
> p.726.  Rule 12(g) "contemplates the presentation of an omnibus pre-answer
> motion in which the defendant advances every available Rule 12 defense and
> objection he may have that is assertable by motion."  *Id.  See also United States
> Fidelity & Guaranty Co. v. Jepsen*,  1991 WL 249706 (N.D. Ill. November 14,
> 1991).  Omitted defenses cannot be raised in a second pre-answer motion ....[and]
> would contravene the purpose of Rule 12(g).

Thus, the ISP defendants waived any asserted challenge to this court's jurisdiction over

the state claims by failing to raise it in their original 12(b)(6) motion.

## B.     Defendants Admitted Jurisdiction in their Answer to the Complaint.

As set forth in Plaintiff's Complaint, this court has jurisdiction of this case pursuant to 42

U.S.C. §1983; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); and the Constitution of the

United States.  *See* Complaint ¶¶ 1 and 2 (Docket No. 1).  As further asserted in the Complaint,

this court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§1367(a).  *Id.*

The current defendants assert that the State Lawsuit Immunity Act, 745 ILCS 5/1,

---

[1]Defendants have not moved pursuant to any grounds set forth in 12(h)(2), and as set
forth *supra*, 12(h)(3), which addresses 12(b)(1) grounds for dismissal is inapposite to defendants'
motion because it does not cover motions to dismiss based on the State Lawsuit Immunity Act.

deprives this Court of supplemental jurisdiction under 28 U.S.C. § 1367(a). However, the

Eleventh Amendment doctrine of sovereign immunity "does not function as a true jurisdictional

bar" and jurisdiction may be waived by explicit consent in the lawsuit. *Higgins v. Mississippi*,

217 F.3d 951, 953 (7th Cir. 2000) ("it is plain" that state may waive immunity "by an explicit

waiver in the lawsuit"); *see also Benning v. Board of Regents of Regency Universities*, 928 F.2d

775 (7th Cir. 1991).

The instant ISP defendants waived any assertion that this court does not have jurisdiction

over the state claims by admitting Plaintiff's jurisdictional allegations in their Answer to the

Complaint.[2] Indeed, each of the moving defendants stated in their Answer, "Defendants admit

that jurisdiction and venue are proper." *See* Instant ISP Defendants' Answer to Complaint, ¶¶ 1

and 2 (Docket No. 144). In addition, as set forth *supra*, the instant defendants waived any such

claim by failing to raise it in their original motion to dismiss based on qualified immunity or in

their subsequent appeal to the Seventh Circuit. The current ISP defendants' attempt to raise this

issue now - almost five years after the commencement of this lawsuit - should be rejected

because it has been waived

## II.    28 U.S.C. §1367 Governs, and Jurisdiction of the State Claims Properly Lies with this Court.

Putting aside the dispositive issue of waiver, whether or not this Court has proper

jurisdiction of Plaintiff's state claims must be decided by reference to 28 U.S.C. §1367. That

federal jurisdictional statute provides as follows:

---

[2]It is of no consequence to the question of this court's jurisdiction that the defendants
included sovereign immunity as an affirmative defense in their Answer to the Complaint.
Defendants may request an appropriate jury instruction on the issue of immunity at the federal
trial of this cause.

> (a)    Except as provided in subsections (b) and ( c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have** supplemental jurisdiction over all other claims that are so related to claims in the actions within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*Id.* (emphasis added).  As stated above, the defendants correctly admitted that jurisdiction under §1367 is proper.  Moreover, the instant defendants have not asserted in their motion that the state claims alleged by Plaintiff are not "so related" as to "form part of the same case or controversy" under Article III.[3]

28 U.S.C. §1367 ( c) sets forth the only instances in which this Court **may** decline to exercise supplemental jurisdiction and provides as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
> (1)    the claim raises a novel or complex issue of State law,
> (2)    the claim substantially predominates over the claim or claims over which the court has original jurisdiction,
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*  The defendants have not asserted that any of these exceptions to federal jurisdiction apply.  Indeed, the defendants erroneously assert that this Court should determine the instant jurisdictional issue without reference to §1367 mandatory jurisdictional provisions.  The issue of

---

[3]Any such assertion by the defendants would be nonsense given that the state claims arise out of precisely the same set of facts as the federal claims over which this court has original jurisdiction.

4

the interplay between 28 U.S.C. §1367 and a defendant's claim of sovereign immunity was addressed by this Court in the *Nead v. Board of Trustees of Eastern Illinois University*, 2006 U.S. Dist. LEXIS 36897 (C.D. Ill. 2006).[4]  In that civil rights case with pendant state claims, this Court addressed the issue of whether or not the Court of Claims had exclusive jurisdiction over the Plaintiff's claims, correctly looking to §1367's exceptions and denying the motion to dismiss the state claims:

> The defendants argue that this court should decline to exercise jurisdiction over this claim pursuant to 28 U.S.C. §1367.  The court may exercise supplemental jurisdiction over state law claims forming part of the same case or controversy as the claims over which it has original jurisdiction.  28 U.S.C. §1367.  However, the court may decline to exercise supplemental jurisdiction over state law claims when there are exceptional circumstances and compelling reasons to do so.  28 U.S.C. §1367( c )(4).  The defendants argue in favor of a state forum, citing Illinois statutes that grant exclusive jurisdiction over claims . . . to the Illinois Court of Claims.  *See, e.g.,* 705 ILCS 505/8(d) (vesting jurisdiction in the Court of Claims for actions sounding in tort).  The defendants argue that the statute provides a compelling reason to allow the state court to resolve this claim.  There is no benefit to litigating, in two different court systems, claims arising from one set of facts and circumstances.  The potential inefficiency in doing so strongly counsels against dismissal of the state law claim at this time.  The motion to dismiss [the state law claim] is denied.

Thus, the issue pending before the Court, if not deemed to have been waived, should be decided by reference to §1367, the statute conferring jurisdiction over the state claims on the federal district court.   Applying that statute to the case at hand, it is clear that this Court "shall" have jurisdiction of Plaintiff's state claims, and there are no exceptional circumstances warranting dismissal of the state claims because the claims are all related to the identical set of facts and circumstances, and dismissing the state claims would result in undue and extraordinary

---

[4]It is noteworthy that defendants failed to bring the *Nead* case to the Court's attention despite the fact that it is squarely on point and penned by the Court itself.

waste of judicial resources.

### III.     The State Lawsuit Immunity Act is Not Binding on this Court.

The State Lawsuit Immunity Act, 745 ILCS 5/1, the Illinois statute that the defendants assert confers exclusive jurisdiction upon the Illinois Court of Claims, is a procedural limitation not binding on the federal court. *See Christensen v. County of Boone*, 483 F.3d 454, 465 (7th Cir. 2007) (when federal courts entertain claims under state law pursuant to the supplementary jurisdiction of 28 U.S.C. 1367, and state and federal practice differ, federal rules prevail). Article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity.  Ill. Const. 1970, art. XIII, §4.  The State Lawsuit Immunity Act, enacted in 1972, is purely procedural in nature and does not purport to alter substantive rights.  Indeed, although not raised by the parties in *Benning v. Board of Regents*, the Seventh Circuit *sua sponte* flagged this issue as one of interest:

> Whether the Illinois statute conferring exclusive jurisdiction upon the Illinois Court of Claims possesses substantive attributes or is a purely procedural limitation not binding in federal court is not clear.  We need not address this interesting issue, however, because it was never raised before the district court or on appeal.

*Id.* at 778 n.3.  Thus, as set forth above, 28 U.S.C. §1367 governs this case, and the state immunity statute that purports to confer jurisdiction on the Court of Claims is a waivable, procedural limitation not binding on this Court.

### IV.     The Allegations in Plaintiff's Complaint Establish that the Instant  ISP Defendants Acted Beyond the Scope of their Authority.

#### A.     Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the

6

complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S. Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**B.    Plaintiff's Complaint Alleges Conduct Beyond the Authority Granted to Defendants.**

Plaintiff's Complaint sets forth actions by the ISP defendants that - accepted as true - go beyond the authority granted to them as state police officers. Thus, the actions of the individual ISP defendants are not effectively claims against the state, and the instant ISP defendants' assertion that "the conduct Steidl complains caused him harm was simply part and parcel of the current ISP officials' job duties" and was "committed through conduct arising directly from their responsibility as employees of the State" is erroneous.

While it is true that the defendants' wrongful acts were committed in the context of their

employment as state police, the conduct was certainly beyond the scope of their authority.[5]

Consider the allegations in Plaintiff's complaint:  Plaintiff Steidl alleges that Lieutenant Michale Callahan was assigned to review the Rhoads' murder investigation and wrote a series of reports finding that Plaintiff and Whitlock "had not been proven guilty beyond a reasonable doubt" and that John Doe "was at one time and should still be the focus of the investigation." The complaint further alleges that Callahan detailed to the instant ISP defendants the connection between certain defendants and John Doe, the corruption and payoffs leading to the convictions of Plaintiff and Whitlock, the coercion and manipulation of key prosecution witnesses, and the withholding of significant exculpatory evidence from Plaintiff and Whitlock.  *See* Complaint ¶¶ 77 - 83.   Paragraph No. 84 of the complaint further alleges that faced with the Callahan revelations, ISP defendants Fermon, Carper, Brueggemann, and Parker blocked further investigation of the Rhoads case, limited the scope of the John Doe investigation, and reassigned Callahan, transferring him from his investigative post.  Paragraph 84 further alleges that defendant Kaupus launched an effort to discredit Callahan's work on the Rhoads' case. Paragraph 85 alleges that these defendants' actions in obstructing the investigation and withholding exculpatory evidence prevented the development of further evidence favorable to Plaintiff and Whitlock.  Paragraphs 87 - 92 detail these defendants' actions to muzzle Callahan and to order him not to present the exculpatory evidence or his determination that Plaintiff and Whitlock should be pardoned based on innocence to a representative of the governor, who had called Callahan and informed him that the governor was prepared to pardon Plaintiff and

---

[5]Plaintiff is presuming that defendants are not asserting that covering up evidence and otherwise acting to keep an innocent man in prison are acts authorized by the state of Illinois.

Whitlock if Callahan represented that, based on his investigation, the men were innocent.
Paragraph 93 of the Complaint sets forth that as a direct result of this obstruction and suppression
by the instant ISP defendants, the Governor declined to grant Plaintiff and Whitlock's requests
for innocence pardons, and Plaintiff remained in prison until May 28, 2004, when he was finally
released after seventeen years.

Count V outlines a state law claim for willful and wanton false imprisonment against the
ISP defendants individually and in conspiracy with the other named and unnamed co-
conspirators and defendants. *See* Complaint ¶¶ 118 - 120. Count VI alleges a state law claim for
willful, wanton, and malicious prosecution against these defendants and others for initiating and
continuing the prosecution against Plaintiff and Whitlock. *See* Complaint ¶¶ 121 - 122. Counts
VII and VIII respectively bring state law willful and wanton claims for intentional infliction of
emotional distress and conspiracy against the defendants and others for their outrageous acts.
*See* Complaint ¶¶ 123 - 131.

It should be observed that the allegations of misconduct against these defendants led the
Seventh Circuit to affirm this court's denial of qualified immunity, holding that the defendants'
actions were "so egregious that no reasonable person could have believed that it would not
violate clearly established rights," *Steidl v. Fermon*, 494 F.3d 623, 632 (7th Cir. 2007), and to
further opine that the absence of any case directly analogous to the alleged misconduct was
"essentially good news : we sincerely hope that this type of behavior is rare." *Id.*

Given the allegations in the Complaint against these defendants and the Seventh Circuit's
holding, the defendants' assertion that such conduct was within the scope of the authority granted
to them as state police should be flatly rejected.

V.     **Plaintiff Need Not Allege in His Complaint that the ISP Defendants were Acting Outside the Scope of their Authority.**

The ISP defendants repeatedly assert that they are entitled to sovereign immunity and dismissal of the state claims because Plaintiff failed to assert in their complaint that defendants' conduct was "outside the scope of their authority." Defendants are wrong. Fed. R. Civ. P. 8 does not require plaintiff to plead legal theories or conclusions, and any state law in conflict with this is not binding on the court. *See Christensen v. County of Boone*, 483 F.3d 454, 465-66 (7th Cir. 2007) (and cases cited therein); *Bartholet v. Reishauer*, 953 F.2d 1073, 1078 (7th Cir. 1992) (complaints need not identify legal theories). Even if plaintiff had pleaded a conclusory legal theory, it would not be binding on this Court. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). As set forth above, Plaintiff's complaint alleges facts which put the defendants' actions well beyond the parameters of a grant of sovereign immunity.

VI.     **Similar Cases Within the Seventh Circuit have Denied Sovereign Immunity.**

The Illinois Court of Claims does not have exclusive jurisdiction over plaintiff's state law claims. The Seventh Circuit has stated that "Eleventh Amendment sovereign immunity does not shield [state officers] . . . from federal court jurisdiction over state law tort claims." *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996) (citing *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 778-79 (7th Cir. 1991)). Sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority. *Healy v. Vaupel*, 133 Ill.2d 295, 549 N.E.2d 1240, 1247 (Ill. 1990).

In *Cannon v. Burge*, 2006 U.S. Dist. LEXIS 4040 (N.D. Ill. 2006), the plaintiff sued the Cook County state's attorney for violation of his civil rights under 42 U.S.C. § 1983 and for

10

supplementary state claims similar to those brought by defendant Steidl.  The federal court held

that because the allegations in the plaintiff's complaint were "sufficient to establish that [the

state's attorney] acted in excess of his authority and in violation of the applicable laws such that

the Illinois Court of Claims does not have exclusive jurisdiction over Plaintiff's state law tort

claims."  Similarly, in *Patterson v. Burge*, 328 F. Supp. 2d 878, 887 (N. D. Ill. 2004), the federal

court was again presented with a motion to dismiss by the state's attorneys based on a claim of

lack of jurisdiction.  The court viewed the allegations in the complaint, which, again, were

similar to Plaintiff Steidl's instant claims, and denied the defendants' motion to dismiss, holding

that "the Court of Claims' jurisdiction is not exclusive 'when it is alleged that the State's agent

acted in violation of statutory or constitutional law, or in excess of his authority.'" *Id.* at 887

(citing *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240, 1247, 140 Ill. Dec. 368 (Ill. 1990).

Finally, the instant issue was again addressed in *Orange v. Burge*, 2005 U.S. Dist. LEXIS 7234

7253-54 (N.D. Ill. 2005) where similar constitutional and state claims were asserted.  The court

observed that the complaint alleged actions by the defendants that deprived the plaintiff of his

constitutional rights, and citing *Healy*, denied the motion to dismiss on sovereign immunity

grounds, holding that the "Illinois Court of Claims exclusive jurisdiction does not apply to these

claims."  *See also Edmonds v. Carter*, 2000 U.S. Dist. LEXIS 682 (N.D. Ill. 2000) ("The

Eleventh Amendment does not apply to actions against a state official in his personal capacity,

because the "Eleventh Amendment does not erect a barrier against suits to impose 'individual

and personal liability' state officials under §1983." (quoting *Hafer v. Melo*, 502 U.S. 21, 30-31

(1991)).

   Thus, in cases with similar factual situations to the one at hand, Courts have rejected the

claim of sovereign immunity.

**VII.    The Cases Relied Upon by Defendants Do Not Support Dismissal of Plaintiff's State Claims.**

The two principal cases relied upon by defendants to support their claim of sovereign immunity are *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2002) and *Hampton v. City of Chicago*, 349 F. Supp. 2d 1075 (N.D. Ill. 2004). First, as stated above, defendants have waived their claim of sovereign immunity. Second, the proper analysis must proceed under the provision of 28 U.S.C. §1367. Third, these cases are distinguishable from the instant one.

In *Hampton*, the Plaintiff's Complaint made no allegations that the State's Attorney, in a false conviction case, acted in excess of his authority. The *Hampton* court noted that unlike *Patterson*, *see supra*, there were no allegations that the State's Attorney in fact knew that the police line-ups had been improper; suggested to witnesses that plaintiff was the offender; destroyed exculpatory evidence; or physically abused him. The allegations in Steidl's Complaint differ dramatically from those in *Hampton*. Indeed, the nexus of facts was so patently egregious as to warrant a denial of qualified immunity in the absence of a directly analogous case. The allegations against the ISP defendants were not within their authority or job duties and did not serve the interest of the State of Illinois. *Hampton* does not give safe harbor to the instant defendants but rather, compels a finding of no sovereign immunity.

In *Richman*, the Seventh Circuit concluded that "Illinois would consider the wrongful death and survival claims against the deputies to be against the state . . . . [] because the wrongful death and survival claims are not dependent on the alleged constitutional violation, but instead on a theory of willful and wanton negligence, so the exception to immunity for unconstitutional

conduct does not apply." *Id.* at 442.   Here, Plaintiff makes no claim sounding in negligence

against the ISP defendants.  Rather, the state law claims allege deliberate and wanton torts which

mirror the constitutional claims already upheld by the Seventh Circuit in this case.  Thus, again,

the claims and allegations in Steidl's Complaint are distinguishable from *Richman*, and a proper

reading of that case supports Plaintiff's position that sovereign immunity should be denied.[6]

## VIII.   Conclusion

The ISP defendants' motion should be denied because they have waived any claim to

sovereign immunity; this issue must be analyzed with reference to 28 U.S.C. §1367, which

mandates that the motion be denied; the state immunity statute is procedural and not binding on

this court; similar cases within this Circuit have denied sovereign immunity; and the cases relied

upon by defendants do not support their claim of sovereign immunity.

Dated: August 7, 2008                          Respectfully Submitted,

                                                      /s/ Jan Susler
_____       Flint Taylor
                                               Jan Susler
                                               Ben Elson
                                               Erica L. Thompson
                                               People's Law Office
                                               1180 N. Milwaukee Avenue
                                               Chicago, Illinois 60622
                                               773/235-0070

                                               Michael Bruce Metnick
                                               Metnick, Cherry, Frazier, and Sabin, L.L.P.

_____

[6]In *Turner v. Miller*, the Seventh Circuit likewise distinguished cases sounding in
negligent torts from cases alleging intentional wrongs.  *See Id.*, 301 F.3d 599, 602 (7th Cir. 2002).
Indeed, the general "source of the duty" negligence analysis urged by defendants supports
Plaintiff's position that his state law claims are not subject to a claim of sovereign immunity, to
wit: Counts V - VIII do not emanate from any duty owed (a negligence analysis) but rather,
constitute intentional torts.

Second Floor - Myers Bldg.
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

Attorneys for Plaintiff