IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GORDON RANDY STEIDL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 05 cv 2127 |
| ) | Judge Harold Baker |
| **CITY OF PARIS, et al.** ) | Magistrate Judge Bernthal |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS MOTION FOR SANCTIONS AGAINST DEFENDANTS CITY OF PARIS, RAY, PARRISH, ECKERTY AND McFATRIDGE WITH THE ADDITIONAL ATTACHED EXHIBITS**

Plaintiff, Randy Steidl, by his attorneys, moves to supplement his previously filed motion for sanctions against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge [Dkt. 194], with the additional attached exhibits. In support, Plaintiff states:

1. On December 28, 2007, Plaintiff issued a subpoena to Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge's private investigative firm of Delorto, Mazzola & Associates ("DMA") for any and all materials and documents related to the Rhoads murders, Randy Steidl, Herbert Whitlock, or other witnesses.

2. On January 11, 2008, Defendants filed a motion to quash the subpoena and for entry of a protective order, claiming a work product privilege over all documents created by DMA. Dkt. 153. However, after some of these documents were obtained by Plaintiff's counsel, Defendants subsequently admitted that Terry Ekl, counsel for Defendant McFatridge, disclosed the DMA documents to Dan Curry, who served, at various times from 2005 to 2008, as a retained publicist and personal representative for Robert Morgan - - a potential key witness in Plaintiff's case - -

1

and that Mr. Curry, in turn, gave the documents to Jim Dey, a reporter with the Champaign-Urbana newspaper, *The News-Gazette*, who later shared the documents with Michale Callahan. Dkt. 167. Eventually the documents were disclosed to Plaintiff's counsel.

    3. On April 16, 2008, this Court entered an order denying Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge's motion to quash Plaintiff's subpoena, finding that "disclosure of any evidence to Mr. Curry waived work product protection." Dkt. 192. This Court further found:

> It is also reasonable to believe that Mr. Curry would turn over to a newspaper reporter only a subset of documents favorable to Mr. Morgan. The sixty-six pages represent just a small part of the whole (the tip of an iceberg) over which the defendants may not claim work product privilege.

    4. On May 12, 2008, following several unsuccessful attempts to seek full compliance with this Court's order, Plaintiff filed a motion for sanctions against these Defendants for their willful violation of this Court's order, which has seriously prejudiced Plaintiff's ability to proceed with discovery. Dkt. 194. In this motion, Plaintiff also sought, *inter alia*, certain issue related sanctions.

    5. On May 23, 2008, Plaintiff issued a deposition subpoena duces tecum to Dan Curry, seeking, *inter alia*, any and all documents related to the Rhodes murders, Randy Steidl, Herbert Whitlock, and Robert Morgan.

    6. On June 11, 2008, this Court held a status conference and ordered Defendants to submit all of the DMA documents *in camera* for the Court's inspection within 14 days; and on June 20, 2008, the Defendants submitted *in camera* numerous additional DMA documents, as listed in their 17 page privilege log. *See* Dkt. 198.

7. On July 9, 2008, two months after Plaintiff had filed his sanctions motion, Curry responded to Plaintiff's subpoena and produced two compact discs containing thousands of pages of electronic and paper documents related to his work for Robert Morgan and his communications, *inter alia*, with Defendants' counsel Terry Ekl, James Sotos, Elizabeth Ekl, and Iain Johnston, media representatives, Robert Morgan and his associates, and ISP and State's Attorney's Appellate Prosecutors.

8. On July 21, 2008, Curry was deposed, and many of these documents including all of those attached, were identified as exhibits.

9. Group Exhibit A, attached hereto, are memos from Dan Curry to Robert Morgan and his "Morgan Team" associates, including Edgar County Bank President Eric Volkmann, and Curry's business associate and attorney John Pearman, discussing, *inter alia*, strategies for improving Morgan's image in relation to the Rhodes murders, and one of his services contracts with Morgan and his bank.  The strategies and purposes discussed in these documents included working with defense lawyers Terry Ekl and James Sotos and their DMA investigators to develop and distribute information to the media in a concerted effort to publicly discredit Plaintiff and Mr. Whitlock and their claims of innocence; and some of Plaintiffs' key witnesses and their lawyers, particularly Michale Callahan, Northwestern University journalism Professor David Protess, Plaintiff's investigator Bill Clutter, and attorneys Richard Kling, and Michael Metnick.  These strategies also included attempting to "bait" Michale Callahan into making public statements that would expose him to suit by Morgan, and opposing Steidl's clemency petition.

10. Group Exhibit B, attached hereto, consist of correspondence from 2005 to 2008

between Dan Curry and various Morgan team members, lawyers representing the defendants in this civil matter, and members of the media relating to Curry's work on behalf of Robert Morgan, including:

- Emails which establish that Terry Ekl gave scores of DMA written interviews to Curry on two occasions in January and one in May of 2006;[1] that Curry discussed these interviews with Dey during that time period;[2] that Curry planned a spring 2006 meeting with reporter Dey, Terry Ekl and himself to discuss the DMA interviews;[3] and that Curry also revealed some of the contents of the DMA interviews, at about the same time, to Chicago television reporter Carol Marin and *Chicago Tribune* reporter Hal Dardick;[4]

- Emails from Curry to Terry Ekl, James Sotos and Elizabeth Ekl in which Curry spreads rumors about Michale Callahan's sex life and contemplates provoking Callahan on an Illinois State Police internet blog;[5]

- Emails and a letter from Curry to Robert Morgan and another member of the Morgan "team," Edgar County Bank President Eric Volkmann, in which Curry sets forth his idea for a book/movie project to be produced by "Swift Boat" film maker Rick Reed, where Morgan's situation would be compared to that of Alstory Simon, a man who was represented by Terry Ekl and James Sotos, and who has argued, through his lawyers, that he was "framed" by Professor David Protess;[6]

- Emails from Curry to defense lawyers Terry Ekl, Elizabeth Ekl, James Sotos and Iain Johnston, in which Curry informs them that Michael Callahan was giving a speech at the University of Illinois at Springfield,

---

[1] *See* documents bates stamped EC 008399, 008400, 016602, 018317, 024411, 027307, 027305, 014882.

[2] *See* documents bates stamped EC 006856.

[3] *See* documents bates stamped EC 006981, 014741-42.

[4] *See* documents bates stamped EC 005110, 006381-82, 014889-90.

[5] *See* documents bates stamped EC 006986, 005188.

[6] *See* documents bates stamped EC 007600-02, 007622, 026411-13.

and that he hired someone to surreptitiously tape it;[7]

- Emails which reveal Curry's communications with State's Attorney's Appellate Prosecutors Ed Parkinson and Patrick Delfino, as well as former head of the Illinois State Police investigation, Rodney Miller, including one to CBS *48 Hours* producer Doug Longhini in which Curry relates grand jury information given to him by Parkinson;[8]

- A series of emails from 2005 to 2008, from Curry to defense lawyers Terry Ekl, James Sotos, Elizabeth Ekl, and Iain Johnston, which show numerous communications to these lawyers in which Curry informs them of the progress of their joint publicity campaign against Plaintiffs, their lawyers and their witnesses and reveal a joint effort to influence the content of a December 2006, *48 Hours* television show, to exclude information about Morgan.[9]

11. Exhibit C, attached hereto, is a copy of a slide from a PowerPoint presentation made by Dan Curry to Morgan team members at Morgan's Edgar County Bank, in which Curry attacks one of Herbert Whitlock's lead lawyers, Richard Kling.

WHEREFORE, Plaintiff respectfully requests leave to supplement his Motion for Sanctions Against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge, with the additional relevant documents, attached hereto.


Dated: August 7, 2008               /s/ G. Flint Taylor
                                    G. Flint Taylor
                                    Ben H. Elson

---

[7] *See* documents bates stamped EC 007616, 007618.

[8] See documents bates stamped EC 002264, 002292, 007010, 007612-13, 024369, 026229.

[9] See documents bates stamped EC 000019, 000068, 000074, 000076, 000477, 002014, 002097, 002257-60, 002368, 003348, 003425, 003529, 003530-32, 003534, 005093-98, 005121, 006475, 006855, 007013-15, 007045-48, 007585-86, 007668-70, 007680, 007709, 014734, 018184-87, 024380.

Jan Susler
People's Law Office
1180 N. Milwaukee Avenue
Chicago, IL 60622
773/235-0070

Michael Bruce Metnick
Metnick, Cherry, Frazier, and Sabin, L.L.P.
Second Floor - Myers Building
P. O. Box 12140
Springfield, IL 62791-2140
217/753-4242

Attorneys for Plaintiff