IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PRESERVE EVIDENCE

Defendants, Andre Parker, Kenneth Kaupas, Diane Carper, Steven Fermon and Charles Brueggemann by their attorney, Iain Johnston of Johnston Greene, LLC, City of Paris, Gene Ray, Jim Parrish and Jack Eckerty, by their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos and Associates, Ltd., Edgar County by its attorney, Michael Raub of Heyl, Royster, Voelker & Allen, and Michael McFatridge by his attorney, Terry A. Ekl of Ekl Williams, PLLC, respond to Plaintiff's Motion for Protective Order to Preserve Evidence as follows:

#### Introduction

Plaintiff's motion for protective order to preserve evidence is unnecessary and overly broad in scope. Additionally, the motion is a reckless attempt to insert baseless assertions into the record, the implication of which will cause Defendants to be unfairly prejudiced. There is no support for any claim that Defendants improperly destroyed evidence relative to this litigation. As a result, Plaintiff has failed to show that the duty inherently imposed on parties to preserve

evidence relevant to pending litigation is insufficient and that good cause exists for entry of the proposed protective order.

Further, Plaintiff's motion cites the destruction of an original videotape (VI) prior to this litigation as support for imposition of the relief sought without informing this Court that Plaintiff has been in possession of a copy of the videotape since his initial trial proceedings. Accordingly, he has needlessly sought this Court's intervention in preventing the destruction of evidence relevant to this litigation. His request for a good cause finding is transparent and should be denied and Defendants should be awarded attorneys' fees attendant in responding to the instant motion.

## Argument

I.  **Plaintiff Misleadingly Characterizes the Destruction of a Videotape in 2001 as a Basis for Good Cause Despite Having Earlier Been Provided a Copy of the Videotape During His Trial Proceedings**

Plaintiff claims that ISP agents destroyed a videotape. He uses this as a basis for good cause to enter the proposed protective order. The videotape at issue contains a video recording of an overhear between Plaintiff and a consenting party (Darrell Herrington). (Ex. A, ISP investigative rpt dated 9/24/86.) ISP investigative reports in Plaintiff's possession show that the original videotape was placed into the DCI Headquarters evidence vault as Video Exhibit One by Sergeant D.C. Hill on September 24, 1986. (*Id.*; Ex. B, Affidavit of Dwayne Hill.) On April 20, 1987, Sergeant Hill removed the videotape (V1), duplicated it, forwarded a copy to the Edgar County State's Attorney's Office and returned the original to the vault. (Ex. B; Ex. C, ISP investigative rpt dated 4/20/1987.) The original videotape (V1) was destroyed on January 26,

2001 in accordance with state statute and ISP policy[1]. (*See* 720 ILCS 5/14-3A(b); Ex. B; Ex. E, ISP Evidence Disposal Report.)

Despite the destruction of the original videotape at issue, there is no evidence to support the inference that any of the Defendant ISP officials ordered or authorized its destruction. To the contrary, neither Andre Parker, Kenneth Kaupas, Diane Carper, Steven Fermon, Jeffrey Marlow nor Charles Brueggemann was involved in any manner in the creation or destruction of the videotape (V1). (Group Ex. F, Affidavits of Parker, Kaupas, Carper, Fermon, Marlow and Brueggemann.) Likewise, although Jack Eckerty was the original case agent, he retired from the Illinois State Police in 1993, long before the destruction of the videotape in 2001. (Ex. G, 4/15/05 Testimony of Jack Eckerty.) Accordingly, the videotape's destruction pursuant to ISP policy and state statute provides no support for the inference that Defendants will engage in the destruction of evidence relevant to this litigation absent a court order.

More importantly, the destruction of the original videotape (V1) fails to render any support for Plaintiff's motion for a protective order in light of the fact that a copy of the tape was provided to the State's Attorney and Plaintiff's trial counsel, Mr. John Muller. (Ex. C.) On or about January 30 1992, Plaintiff's post-conviction investigator Bill Clutter obtained a videotape of the overhear between Herrington and Steidl from Mr. Muller's file. (Ex. H, Clutter affidavit dated 4/3/92; Ex. I, Clutter dep at 183.) Clutter reviewed the videotape at that time and then maintained it in the file of Plaintiff's post-conviction counsel, Michael Metnick[2]. (Ex. I at 183.)

---

[1] ISP policy provides for the ten year retention of overhear tapes. (Ex. D, OPS-203, III.B.2.c., Evidence - Inspection, Inventory, Retention, Destruction.) The videotape (V1) was retained for fourteen (14) years before its destruction in 2001.

[2] A clip from a copy of the videotape was incorporated in the 48 Hours program regarding the Rhoads homicide which aired in April of 2004. (*See* Group Ex. F, Affidavit of Kenneth

Mr. Clutter assumes that the videotape has since been transferred to Plaintiff's current counsel, the People's Law Office. (*Id.* at 183-84.)

Further, Plaintiff's counsel was aware prior to the filing of the instant motion that the videotape at issue (V1) recorded the overhear between Plaintiff and Herrington and that Plaintiff's prior counsel was in possession of the tape during Plaintiff's trial and post-conviction proceedings. At the time the issue of the tape destruction first arose in the context of Ms. Voges' deposition, Defendants' counsel attempted to avoid the unnecessary litigation of this issue by providing Plaintiff's counsel with the specific pages in discovery which established that despite the destruction of the original videotape, Plaintiff had been provided with a copy of the tape. A month later, Plaintiff's investigator, Mr. Clutter, also clearly refuted any claim that the evidence was destroyed by the Defendants when he testified that a copy of the videotape had been provided to Plaintiff prior to the destruction of the original. Accordingly, Plaintiff's counsel used the destruction of the original videotape as a basis for a good cause, despite knowing that the evidence itself had been provided to Plaintiff.

## II.   Plaintiff Has Failed to Show Good Cause for Entry of a Protective Order

Rule 26 (c) allows for a protective order where the movant demonstrates good cause and shows a particular need for such protection. Fed.R.Civ.P. 26; Nowaczyk v. Matingas, 146 F.R.D. 169, 176 (N.D. Ill. 1993). Plaintiff has failed to show good cause. A duty to preserve discoverable evidence in the instant litigation exists absent any additional protective order entered by the Court. The initiation of Plaintiff's lawsuit imposed upon all parties a duty to preserve admissible evidence as well as evidence that is discoverable because it is reasonably

---

Kaupas.) It is Defendants' belief that the tape was provided to the producers of 48 Hours by Plaintiff's agents.

calculated to lead to the discovery of admissible evidence. See, *APC Filtration, Inc. v. Becker*, 07-1462, 2007 WL 3046233 at *3-4 (N.D. Ill., Oct. 12, 2007); *Wiginton v. Ellis*, 02-6832, 2003 WL 224439865 at *4 (N.D. Ill., Oct 27, 2003). The duty requires preservation of evidence that is properly discoverable under Federal Rule of Civil Procedure 26. *Wiginton,* 2003 WL 224439865 at *4 citing *Barnhill v. U.S.,* 11 F.3d 1360, 1367 (7th Cir. 1993). Additionally, this Court has the power to sanction the parties for failure to preserve potential evidence that is properly discoverable based on the Court's inherent power to impose sanctions where necessary to prevent abuses of the judicial process and promote the efficient administration of justice. *APC Filtration*, 2007 WL 3046233 at *2. Accordingly, a non-specific preservation order is unnecessary.

Plaintiff's argument that his case was pending appeal at the time of the videotape's destruction, does not further his argument of good cause. At the time of the videotape's destruction, Defendants were under no duty to preserve it. The Supreme Court in *California v. Trombetta,* 467 U.S. 479, (1984), held that "[w]hatever duty the Constitution imposes on the State to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other means available. *Id.* at 488-89. Plaintiff has failed to meet either prong of the materiality test. First, Plaintiff does not even argue that the videotape was exculpatory. Second, he has not shown that the evidence cannot be obtained by comparable means. Rather, a copy of the original videotape was provided to him, there is no evidence to suggest that he attempted to introduce the

tape into evidence at his trial or post-conviction proceedings and his current inability to locate his copy of the videotape belies the significance of the tape.

Finally, Plaintiff has presented no evidence that since the filing of the instant lawsuit, Defendants have destroyed any evidence. There is simply no basis for the concern that Defendants will not abide by the duty imposed on them to preserve all admissible evidence. Defendants are mindful of the consequences with which they could be faced if any such destruction were to occur.

### III.    Plaintiff's Request for a Protective Order is Overly Broad and Vague.

Even if the Court were to impose a protective order regarding the preservation of evidence in this case, the order sought by Plaintiff is overly broad and vague. Plaintiff requests an order requiring Defendants to preserve "all documents and evidence concerning the Rhoads homicide investigation, prosecution and subsequent post conviction litigation with respect to Randy Steidl and Herbert Whitlock." Plaintiff's proposed order imposes a duty on Defendants that is broader than they are otherwise required by law and arguably includes the preservation of non-discoverable documents and evidence, such as work product and attorney-client privileged materials. Plaintiff has provided no legal basis for such a request. The sole case cited by Plaintiff, *Silva v. Fortis Benefits Ins. Co.*, 437 F.Supp. 819, 827 (N.D. Ill. 2006), fails to provide support for the overly broad protective order he seeks.
Accordingly, his request should be denied.

### IV.    Defendants Do Not Agree to the Entry of the Proposed Protective Order

The protective order proposed by Plaintiff states in paragraph 4 that, "all parties have agreed to entry of this protective order." This statement is incorrect. Defendants deny the

improper destruction of any evidence, including the videotape evidence; deny that they suppressed any exculpatory evidence at any time; and deny that good cause exists for entry of the proposed protective order.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's request for entry of a protective order to preserve evidence and further require Plaintiff to pay Defendants' attorneys' fees attendant in having to file this response.

Date:  August 18, 2008	RESPECTFULLY SUBMITTED,

/s Iain D. Johnston
Attorney for Charles Brueggemann, Andre Parker, Kenneth Kaupas, Diane Carper and Steven Fermon
JOHNSTON GREENE LLC
542 South Dearborn Street, Suite 1310
Chicago, IL 60605
Tel:  (312) 341-3900
Fax:  (312) 341-0700
ijohnston@johnstongreene.com

/s Michael E. Raub
Attorney for Edgar County
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street, Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:  (217) 344-0060
Fax:  (217) 344-9295
mraub@hrva.com

/s Elizabeth A. Ekl
Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL  60143-2632
Tel:  (630) 735-3300
Fax:  (630) 773-0980
eekl@jsotoslaw.com

/s Terry A. Ekl
Attorney for Michael McFatridge
EKL & WILLIAMS, PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
Tel:  (630) 654-0045
Fax:  (630) 654-0150
tekl@cewpc.com

**CERTIFICATE OF SERVICE**

      The undersigned having first been duly sworn under oath, states that she electronically filed a complete copy of the foregoing **Defendants' Response to Plaintiff's Motion For Protective Order to Preserve Evidence** with the Clerk of the Court on **August 18, 2008** using the CM/ECF system, which will send notification of such filing to the following counsel of record: See Attached Service List.

      s/ Elizabeth A. Ekl
      James G. Sotos
      JAMES G. SOTOS & ASSOCIATES, LTD.
      550 East Devon Avenue, Suite 150
      Itasca, IL  60143-2632
      Telephone:  (630) 735-3300
      Fax:  (630) 773-0980
      eekl@jsotoslaw.com

*Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty*

**SERVICE LIST**
**GORDON RANDY STEIDL v. CITY OF PARIS, ET AL - 05 C 2127**

**Attorneys for Gordon Randy Steidl:**

Michael Bruce Metnick
METNICK CHERRY & FRAZIER
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
Tel:     (217) 753-4242
Fax:    (217) 753-4642
E-mail:  metnick@springfieldlawfirm.com

G. Flint Taylor; Jan Susler; Ben Elson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
Tel:     (773) 235-0070
Fax:    (773) 235-6699
E-mail:  gftaylorjr@aol.com
         jsusler@aol.com
         elsonben@aol.com

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, and Andre Parker:**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
Tel:     (217) 782-1841
Fax:    (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us

Iain D. Johnston
JOHNSTON GREENE LLC
542 South Dearborn Street, Suite 1310
Chicago, IL 60605
Tel:     (312) 341-3900
Fax:    (312) 341-0700
E-mail:  ijohnston@johnstongreene.com

**Attorneys for Edgar County**:

Michael E. Raub; James C. Kearns;
Brian Michael Smith
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street
Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:     (217) 344-0060
Fax:    (217) 344-9295
E-mail:  mraub@hrva.com
         jkearns@hrva.com
         bsmith@hrva.com

**Attorneys for Michael McFatridge:**

Terry A. Ekl; Patrick L. Provenzale;
Vincent C. Mancini
EKL & WILLIAMS, PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
Tel:     (630) 654-0045
Fax:    (630) 654-0150
E-mail:  tekl@cewpc.com
         vmancini@cewpc.com
         pprovenzale@cewpc.com