*Steidl v. City of Paris, et al.*
Case No. 05-2127

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Gordon Randy Steidl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | Honorable Harold A. Baker |
| City of Paris, et al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

### **DECLARATION OF DWAIN HILL**

Dwain Hill, pursuant to 28 U.S.C §1746, states the following on personal knowledge:

1. I am currently employed as a contract employee, teaching for the Illinois State Police Academy.

2. Between 1976 and 2002 I held various positions within the Illinois State Police.

3. In 1986 and 1987 my position within the Illinois State Police was as a special agent assigned to the Division of Criminal Investigations. I was assigned to the technical investigation section of that division. My position was based in Springfield, Illinois.

4. When investigations anywhere in the state had special technical needs, they would contact the technical investigation section. The section supervisors would distribute assignments.

5. In September 1986, I was assigned to assist in the investigation of the murders of Dyke and Karen Rhoads. My role in the investigation was as a technician, setting up surveillance devices.

1

6. In my work on the Rhoads' homicide investigation, I set up a total of five overhears, four of which were solely audio, and one of which was a video and audio recording.

7. The combined audio/video overhear was recorded on September 24, 1986. The overhear recorded a conversation between Darrell Herrington (the consenting party to the overhear) and Gordon "Randy" Steidl, whom I understood to be a suspect in the Rhoads' investigation.

8. Illinois State Police policy dictated that all video with audio overhear recordings were stored in the central evidence vault in Springfield, Illinois.

9. On April 20, 1987, I removed the above-mentioned videotape from the evidence vault, made a copy of the tape, and sent the copy to the Edgar County State's Attorney's Office. I subsequently returned the videotape to the vault.

10. Between January 26, 2001 and February 20, 2001, my position within the Illinois State Police was as the supervisor of the technical investigation section, based in Springfield, Illinois.

11. In 2001, Illinois State Police policy regarding the retention and destruction of overhear recordings required all such recordings be retained for a minimum of 10 years.

12. It was the practice of the custodian of the evidence vault to periodically send technicians lists of recordings for which they were responsible for review, with the intent of making space in the vault for the constant flow of new recordings.

13. It was my procedure upon receiving such lists to review them by case number to check which recordings had passed the 10 year threshold required by Illinois State

Police policy. After culling out any matters less than 10 years old, I would check with the Zone Commander of the Zone in which the case originated and make sure that destruction was appropriate at that time.

14. In that general time frame, I received a list for my review from the evidence custodian of videotapes, for approval for destruction. One of the videotapes on that list was the overhear tape I made in 1986 during the course of the Rhoads' homicide investigation

15. Because the videotape in question was over ten years old, I contacted the Zone 5 commander to make sure destruction of the tape was appropriate.

16. After being informed by the Zone 5 commander that destruction was appropriate, I signed off on the Evidence Disposal Report.

17. I was unaware at that time that there were any ongoing post-conviction proceedings by Gordon "Randy" Steidl or Herbert Whitlock.

18. I was unaware at that time that there was any ongoing investigation of the Rhoads homicides. I did not become aware of such an investigation until a few years later, after I was retired, when I read about it in the newspapers.

19. I have never violated Illinois State Police policy regarding the retention or destruction of evidence.

20. If called to testify as a witness, I could competently testify to the foregoing. I certify under penalty of perjury that the foregoing is true and correct.

*[signature]*
Dwain Hill

Executed this 18 day of August, 2008.

3