IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GORDON RANDY STEIDL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CV 2127 |
| | ) | |
| CITY OF PARIS, et al. | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS MOTION FOR SANCTIONS AGAINST DEFENDANTS CITY OF PARIS, RAY, PARRISH, ECKERTY AND McFATRIDGE

Defendants, City of Paris, Gene Ray, Jim Parrish and Jack Eckerty, by their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos and Associates, Ltd., and Michael McFatridge, by his attorney Terry A. Ekl of Ekl Williams, PLLC, (collectively, "Defendants") respond to Plaintiff's motion for leave to supplement his motion for sanctions against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge for failing to comply with this Court's order of April 16, 2008 as follows:

### Introduction

On June 4, 2008, Plaintiff filed a Motion for Leave to File Instanter his Reply to Defendants' Response to Plaintiff's Motion for Sanctions Against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge for Failing to Comply with this Court's Order of April 16, 2008. (Dkt. 199.) In accordance with Local Rule 7.1(B)(3), this Court denied Plaintiff's request on June 11, 2008. Plaintiff's motion to supplement attempts to make an end run around this Court's June 11 ruling, fails to provide new evidence which supports his motion for sanctions and improperly attempts to inject irrelevant and prejudicial information into the record[1].

---

[1] Plaintiff's intended effect may have already been achieved. Shortly after Plaintiff filed his motion to supplement, a newspaper article appeared in the *Illinois Times*, which referenced the documents which Plaintiff attached to his motion as Exhibits A, B, and C.

Argument

I. **Dan Curry's Strategy or Intent In Regard to His Advisory Work for Robert Morgan Provides No Support For Plaintiff's Motion for Sanctions Against Defendants**

Plaintiff seeks to supplement his motion for sanctions with Group Exhibit A, which consists of memos from Dan Curry to Robert Morgan and his "Morgan team" which purportedly set forth Curry's strategy in relation to his client, Robert Morgan. (Plf's mot at ¶9.) These documents do not represent the position or strategy of the Defendants and were first provided to Defendants by Plaintiff after Curry responded to Plaintiff's subpoena on or about July 9, 2008. Additionally, Plaintiff has failed to show how Curry's strategy or intent supports a finding of sanctions against Defendants.

II. **The E-Mails From Curry's Computer Have No Relevance to Plaintiff's Motion For Sanctions In Regard To The Remaining DMA Work Product Documents Which Were Not Provided to Curry**

Plaintiff further seeks to supplement his motion for sanctions with Group Exhibit B. (Plf's mot at ¶10.) Group Exhibit B includes a number of e-mails that were obtained and produced by Mr. Curry following forensic analysis of his computer in response to Plaintiff's subpoena. (These documents were previously identified and marked during Mr. Curry deposition as Curry Dep Ex. 1.) None of the e-mails provide support for Plaintiff's motion for sanctions.

Plaintiff claims that the e-mails will show that Terry Ekl gave scores of DMA written interviews to Curry on two occasions in January and one in May of 2006 and that Curry then shared those interviews with reporter Jim Dey. However, there is no dispute that Terry Ekl provided Dan Curry with investigative summaries in January and May of 2006 and that Curry provided those summaries to Jim Dey. Those investigative summaries have all been provided to Plaintiff. As a result, there is no basis for supplementing the record with the proposed e-mails.

Plaintiff further claims that certain emails establish that, "Curry planned a spring 2006 meeting with reporter Dey, Terry Ekl and himself to discuss the DMA interviews." (P's mot. at 4.) However, the March 7, 2006 e-mail (EC 0006981, 014741-42) from Dan Curry to John

Pearman cited in support of this claim, only states, "Dey has finally agreed to meet with me about this case. Going to try to get Ekl and go meet him right after the primary." It does not mention the DMA interviews; does not establish that any such meeting took place or was ever discussed with Ekl; and does not explain how any such meeting would support a motion for sanctions for failing to turn over work product documents that were not produced to Dan Curry or any other third party. Similarly, Plaintiff's allegation that Curry revealed some of the "contents" of the DMA interviews to other reporters is not supported by the e-mails and even if the contents of the DMA reports were provided to other reporters by Curry, this fact fails to justify imposing sanctions against Defendants.

  Plaintiff also seeks to include e-mails from Curry to Defendants' counsel in which Curry provides information regarding witness, Michale Callahan. However, Defendants' counsels' receipt of unsolicited e-mails from Curry regarding Michael Callahan, or any other witness, provides no support for Plaintiff's attempt to sanction them for failure to provide Plaintiff's with the work product documents at issue. Likewise, Plaintiff has failed to show how any e-mails and/or letters from Curry to Bob Morgan, Edgar County Bank President Eric Volkmann, State's Attorney's Appellate Prosecutors Ed Parkinson and Patrick Delfino, ISP investigator Rodney Miller and/or CBS producer Doug Longhini in which Curry purportedly relates grand jury information given to him by Parkinson supports a finding of sanctions against Defendants.

  Finally, Plaintiff claims that in certain e-mails sent to Defendants' counsel by Curry between 2005 and 2008, Curry informs Defendants' counsel of the progress of an alleged "joint publicity campaign." Plaintiff claims that the e-mails "reveal a joint effort to influence the content of a December 2006, *48 Hours* television show." However, none of the e-mails support any such "joint publicity campaign" or "joint effort" to influence the media. The e-mails show that Curry occasionally requested certain non-privileged documents from Defendants' counsel and that Curry provided certain information to Defendants' counsel, including the letter that he previously sent to 48 Hours which prompted the show's removal of references to Bob Morgan.

This e-mail contradicts Plaintiff's assertion of a "joint effort" to influence the media and supports the fact that Curry was merely advising Defendants' counsel of his own activities in relation to Morgan. More importantly, even if Plaintiff could establish any such joint effort, it has no relevancy to whether Defendants should be sanctioned for their counsel's refusal to turn over the work product of their investigators.

### III. Curry's PowerPoint Presentation to Persons at Edgar County Bank Is Wholly Irrelevant to Plaintiff's Motion for Sanctions

Finally, Plaintiff seeks to supplement his motion for sanctions against Defendants with Exhibit C, which is a slide from a PowerPoint presentation made by Dan Curry to Morgan Team members at Edgar County Bank in which Curry makes allegations against one of Whitlock's attorneys, Richard Kling. (Plf's mot at ¶10.) Plaintiff does not assert any connection between the slide and Defendants or their counsel and makes no attempt to show the relevance of this exhibit to his motion for sanctions. As a result, Plaintiff's motion to supplement his motion for sanctions with Plaintiff's exhibit C should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to Supplement His Motion for Sanctions Against Defendants City of Paris, Ray, Parrrish, Eckerty and McFatridge.

Date: August 25, 2008                                    RESPECTFULLY SUBMITTED,

s/ James G. Sotos                                         s/ Terry A. Ekl
James G. Sotos                                            Terry A. Ekl
Attorney for Defendants, City of Paris, Gene              Attorney for Defendant Michael McFatridge
Ray, James Parrish, and Jack Eckerty                      EKL & WILLIAMS, PLLC
JAMES G. SOTOS & ASSOCIATES, LTD.                         Two Arboretum Lakes
550 East Devon Avenue, Suite 150                          901 Warrenville Road, Suite 175
Itasca, IL  60143-2632                                    Lisle, Illinois 60532
Telephone: (630) 735-3300                                 Tel:  (630) 654-0045
Fax: (630) 773-0980                                       Fax:  (630) 654-0150
E-mail: jsotos@jsotoslaw.com                              E-mail: tekl@cewpc.com

**CERTIFICATE OF SERVICE**

    The undersigned having first been duly sworn under oath, states that he electronically filed a complete copy of the foregoing **Defendants' Response to Plaintiff's Motion for Leave to Supplement His Motion for Sanctions Against Defendants City of Paris, Ray, Parrish, Eckerty and McFatridge** with the Clerk of the Court on **August 25, 2008** using the CM/ECF system, which will send notification of such filing to the following counsel of record: See Attached Service List.

    s/ James G. Sotos  
    James G. Sotos  
    Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty  
    JAMES G. SOTOS & ASSOCIATES, LTD.  
    550 East Devon Avenue, Suite 150  
    Itasca, IL  60143-2632  
    Tel:    (630) 735-3300  
    Fax:    (630) 773-0980  
    E-mail: jsotos@jsotoslaw.com

**SERVICE LIST**

**GORDON RANDY STEIDL v. CITY OF PARIS, ET AL - 05 C 2127**

**Attorneys for Gordon Randy Steidl:**

Michael Bruce Metnick
METNICK CHERRY & FRAZIER
Suite 200 Myers Building
One West Old State Capitol Plaza
P.O. Box 12140
Springfield, IL 62791-2140
Tel:    (217) 753-4242
Fax:    (217) 753-4642
E-mail:  metnick@springfieldlawfirm.com

G. Flint Taylor; Jan Susler; Ben Elson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
Tel:    (773) 235-0070
Fax:    (773) 235-6699
E-mail:  gftaylorjr@aol.com
         jsusler@aol.com
         elsonben@aol.com

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, and Andre Parker:**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL 62706
Tel:    (217) 782-1841
Fax:    (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us

Iain D. Johnston
JOHNSTON GREENE LLC
542 South Dearborn Street, Suite 1310
Chicago, IL 60605
Tel:    (312) 341-3900
Fax:    (312) 341-0700
E-mail:  ijohnston@johnstongreene.com

**Attorneys for Edgar County:**

Michael E. Raub; James C. Kearns;
Brian Michael Smith
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street
Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:    (217) 344-0060
Fax:    (217) 344-9295
E-mail:  mraub@hrva.com
         jkearns@hrva.com
         bsmith@hrva.com

**Attorneys for Michael McFatridge:**

Terry A. Ekl; Patrick L. Provenzale;
Vincent C. Mancini
EKL & WILLIAMS, PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
Tel:    (630) 654-0045
Fax:    (630) 654-0150
E-mail:  tekl@cewpc.com
         vmancini@cewpc.com
         pprovenzale@cewpc.com