UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

GORDON RANDY STEIDL,

        PLAINTIFF,

        VS.                      05-2127

CITY OF PARIS, et al.,

        DEFENDANTS.

ORDER AND OPINION ON PLAINTIFF'S MOTION FOR A WRIT OF MANDAMUS

        This case under 42 U.S.C. § 1983 began in 2005 when the plaintiff, Steidl, was released from prison under a writ of habeas corpus issued by this court and the Illinois Attorney General dismissed the indictment pending against him.  Steidl had served over 17 years in prison, partially on death row, for a crime he claimed he did not commit.  Steidl sued McFatridge, the state's attorney for Edgar County, Illinois, who prosecuted him.  He also sued Edgar County and the city of Paris, Illinois, and its police officers, Gene Ray and James Parrish, who worked on his case.   Steidl claimed violations of his right to due process of law under the United States Constitution.  The defendants vigorously defended the case through eight years of intensive discovery and collateral proceedings including a trip to the Seventh Circuit. *See Whitlock et al. v. Brueggemann*, *et al.*, 682 F.3d 567 (7th Cir. 2010) (holding McFatridge had only qualified immunity).  All the parties appeared before the court on March 27, 2013, and announced that they had reached a complete disposition of the controversies among them and presented a consent judgment to the court for adoption.  The court accepted and adopted the stipulated facts as findings and entered judgment as the parties requested. This eight year old, private civil litigation was terminated.

        The plaintiff was going to have a problem, however, in collecting the stipulated and agreed damages from the defendant McFatridge.  McFatridge had some insurance coverage but no substantial assets of his own.  Moreover, the settlement McFatridge made with Steidl provided that the plaintiff would have to collect the unpaid balance of the stipulated damages from the State of Illinois by way of the state's statutory indemnification procedures for state employees with a judgment against them for activities on behalf of the state. *See* 5 ILCS 350/0.01.  McFatridge assigned his "right to indemnification" under that statute to the plaintiff.

        This problem, among others, lies in the simple fact that neither the State of Illinois nor the Illinois Attorney General were parties to the litigation.  They were never named or served with process as required by Fed. R. Civ. P. 4.  They never waived service of process. They had not agreed or stipulated to anything in connection with the consent judgment.  To the contrary,

1

Illinois Attorney General Lisa Madigan had taken the public position that McFatridge would not be indemnified for actions he took outside his role as Edgar County State's Attorney.  He had absolute immunity for his acts *qua* state's attorney.  But it was for his alleged actions outside his role as state prosecutor for which he was sued in this litigation and the Attorney General made it clear she would not permit indemnification for that conduct. Plainly stated, the plaintiff had accused McFatridge of collaborating in the procurement of perjurious testimony that was used to convict Steidl of murder.

At the time of the consent judgment, the question of McFatridge's right to a defense was before the Illinois courts in a collateral proceeding between McFatridge and the Illinois Attorney General. That case was pending before the Supreme Court of Illinois.  At issue was the interpretation of the Illinois Employee's Indemnification Statute, 5 ILCS 350/0.01.  Section 2(b) of the statute applies to representation and defense of State employees.  Attorney General Madigan contended the statute excluded McFatridge from representation for conduct outside his official role as Edgar County State's Attorney.  On May 23, 2013, just two months after the consent judgment, the Illinois Supreme Court, in a unanimous opinion, upheld Attorney General Madigan's position that McFatridge was not entitled to reimbursement of defense costs unless he was acting at the times in contention strictly as a prosecutor and not outside of that role. A trump card, an ace of trump:  an interpretation of a state statute by that state's supreme court. *McFatridge v. Madigan*, 989 N.E.2d 165 (May 23, 2013) *passim*.

Section 2(d) of the statute relates specifically to indemnification.  The first sentence pertains to a finding of the court or the jury, and payment of the judgment. The second sentence of Section 2(d) applies to settlements:

> Unless the Attorney General determines that the conduct or inaction which gave rise to the claim or cause of action was intentional, wilful or wanton misconduct and was not intended to serve or benefit interests of the State, the case *may* be settled, *in the Attorney General's discretion* and with the employee's consent, and the State shall indemnify the employee for any damages, court costs and attorneys' fees agreed to as part of the settlement, or shall pay such settlement.  Where the employee is represented by private counsel, *any settlement must be so approved  by the Attorney General* and the court having jurisdiction, which shall obligate the State to indemnify the employee.  (Emphasis added.)

The Illinois Supreme Court noted that in July 2005 and thereafter, the Attorney General declined McFatridge's repeated requests for representation.  *McFatridge*, 989 N.E.2d at 168.  McFatridge was represented by private counsel, so the Attorney General's approval of the settlement was required before the State was obligated to indemnify him.

 The plaintiff, Steidl, has now moved the court pursuant to Fed. R. Civ. P. 71 to enforce the consent judgment against a non-party, Illinois Attorney General Lisa Madigan, by issuing an order in the nature of "mandamus" compelling her to indemnify McFatridge in accordance with the terms of the consent judgment.  The Attorney General has responded, filing a motion to

2

strike the plaintiff's motion under Fed. R. Civ. P. 12(b)(1) and (2) for lack of subject matter and personal jurisdiction.

As an initial matter, this court has always understood mandamus to be appropriate where an administrative non-discretionary act was involved.   So did the Illinois Supreme Court in *McFatridge v. Madigan, supra.*  Mandamus doesn't fit this situation.  Section 2(b) of the Illinois Employee Indemnification Act allows for the possibility that if "*a court or jury finds* that the [employee's] act or omission . . . was not intentional, wilful or wanton" the employee will be indemnified and his defense costs paid.  That implies that a determination was made in an adversarial proceeding.  There was no such determination here.  The consent judgment with its stipulated and agreed findings was presented to and accepted by the court as an alternative method of dispute resolution among the parties.   No implication of binding a non-party on a contested matter can be implied.  McFatridge assigned his right to indemnification, whatever that right may be, to the plaintiff. The parties could not create or embellish a right beyond what it actually was.  Certainly they could not unilaterally create a liability for a non-party by agreeing among themselves that it existed.

In addition, if that isn't enough, there is the Eleventh Amendment to the United States Constitution.  The plaintiff argues in response to the Attorney General's motion to strike that the Eleventh Amendment does not bar the plaintiff's request because of *Ex Parte Young,* 209 U.S. 123 (1908) and its progeny.  In a fairly recent case, *Virginia Office for Protection and Advocacy v. Stewart*, ___ U. S. ___, 131 S. Ct. 1632, 1638 (2011)*,* Justice Scalia, writing for the court on the interpretation of *Ex Parte Young,* wrote this:

> This doctrine has existed alongside our sovereign-immunity jurisprudence for more than a century, accepted as necessary to "permit the federal courts to vindicate federal rights."  *Penhurst,* 465 U.S. at 105.  It rests on the premise — delicately called a "fiction," *id*. at 114, n.25, 104 S. Ct. 900 — that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.  The doctrine is limited to that precise situation, and does not apply "when 'the state is the real, substantial party in interest,'" *id*. at 101, 104 S. Ct. 900 (quoting *Ford Motor Co. v. Department of Treasury of Ind*., 323 U.S. 459, 464, 65 S. Ct. 347 (1945)), as when the "'judgment sought would expend itself on the public treasury or domain, or interfere with public administration.'" 465 U. S. at 101, n.11, 104 S. Ct. 900 (quoting *Dugan v. Rank,* 372 U. S. 609, 620, 83 S. Ct. 999 (1963)).

The doctrine does not apply where the State is the real party in interest.  That is obviously so here.  What the plaintiff seeks is to compel the expenditure of over $1,650,000.00 of state funds when the state official has discretion to pay or not to pay under the state statute invoked by the plaintiff.  In addition, the state indemnification statute has a limitation of $150,000.00 on any approved expenditure.  *See* 20 ILCS 405/405-105(12). What the plaintiff seeks patently "would expend itself on the public treasury," a clear violation of the Eleventh Amendment based on the parties' unilateral agreement that the State had that liability.

Rule 71 doesn't help the plaintiff.  The consent judgment relied on does not grant relief that "may be enforced against a nonparty." For the reasons set out in this memorandum and order, the plaintiff's motion to enforce the consent judgment [595] against the Illinois Attorney General is denied.  The motion to strike [596] is rendered moot.

It is so ordered.

Enter this 25th day of July 2013.


**/s/Harold A. Baker**
_____
Harold A. Baker
United States District Judge